1  CARREA CHRISTOPHER JR.
   398 SOUTH MEADOWBROOK DRIVE #C
2  SAN DIEGO, CALIFORNIA
           92114
3



FILED

AUG - 1 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

7  PRO PER

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  CARREA CHRISTOPHER JR.,        )   CASE NO.:  '08 CV 1415 H AJB
                                   )
12            PLAINTIFF,           )   COMPLAINT FOR DAMAGES
                                   )
13  VS.                            )   VIOLATION OF CIVIL AND
    SAN DIEGO COUNTY, SAN DIEGO    )   CONSTITUTIONAL RIGHTS
14  COUNTY CHIEF ADMINISTRATIVE    )   42 USC 1981, 42 USC 1983,
    OFFICER WALT EKARD, SAN DIEGO) )   42 USC 1985, 42 USC 1986,
15  COUNTY SHERIFF DEPARTMENT,     )   BREACH OF DUTY AND NEGLIGENCE
    SAN DIEGO COUNTY SHERIFF,      )
16  WILLIAM KOLENDER,  SAN DIEGO   )
    COUNTY LAW REVIEW BOARD,       )
17  SAN DIEGO PRIVATE CONFLICT     )
    COUNSEL,  PATRICIA ROBINSON,   )
18  MICHAEL ANSELM,                )
                                   )
19            DEFENDANTS.          )
    _____)
20

21                      I

22                 JURISDICTION

23       THIS COURT HAS ORIGIANAL JURISDICTION PURSUANT TO

24  42 USCA 1983 AND THIS CASE HAS FEDERAL QUESTION.  ALSO JURISDICION

25  IS INVOKED PURUANT TO 28 USCA 1343(A)(3).  THE PLAINTIFF,

26  CARREA CHRISTOPHER JR.,  HAS EXHAUSTED ALL ADMINISTRATIVE REMEDIES

27  BY FILLING GRIEVANCES WITH THE SAN DIEGO COUNTY ADMINISTRATION

28  TO THE HIGHEST LEVELS.  THE PLAINTIFF,  CARREA CHRISTOPHER JR.,

1   FILED GRIEVANCES WITH SAN DIEGO COUNTY,  CHIEF ADMINSTRATIVE

2   OFFICER,  WALT EKARD,  ALL SAN DIEGO COUNTY SUPERVISORS.  THE

3   PLAINTIFF,  CARREA CHRISTOPHER JR.,  FILED GRIEVANCES WITH THE

4   SAN DIEGO COUNTY SHERIFF DEPARTMENT,  TO THE HIGHEST LEVELS.

5   (SAN DIEGO COUNTY SHERIFF, WILLIAM KOLENDER)  THE PLAINTIFF,

6   CARREA CHRISTOPHER JR., FILED GRIEVANCES WITH THE SAN DIEGO

7   COUNTY REVIEW BOARD TO THE HIGHEST LEVELS.(ALL MEMBERS)THE

8   PLAINTIFF, CARREA CHRISTOPHER JR.,  FILED GRIEVANCES WITH THE

9   HIGHEST LEVEL OF PRIVATE CONFLICT COUNSEL.(DIRECTOR, PATRICIA

10  ROBINSION)THE PLAINTIFF,  FILED A GOVERNMENT CODE 910 CLAIM AS

11  WELL.  THE PLAINTIFF,  CARREA CHRISTOPHER JR., FILED MOTION'S

12  FOR PRO PER PRIVLIGES,  WHICH THE DEFENDANTS FOUGHT.

13

14                      II

15              FIRST CAUSE OF ACTION THE

16              VIOLATION OF 42 USCA 1981

17      THE PLAINTIFF,  CARREA CHRISTOPHER JR., WAS DISCRIMINATED

18  AGAINST AND DENIED REASONABLE ACCESS TO ADEQUATE LAW LIBARY AND

19  LEGAL ASSISTANCE,  PURSUANT TO 42 USCA 1981,  WHICH STATES AS

20  FOLLOW:

21              ALL PERSON WITHIN THE JURISDICTION

22              OF THE UNITED STATES SHALL HAVE THE

23              SAME RIGHT IN EVERY STATE AN

24              TERRITORY TO MAKE AND ENFORCE CONTRACTS

25              , TO SUE,  BE PARTIES,  GIVE EVIDENCE,

26              AND TO THE FULL AND EQUAL BENIFITS OF

27              ALL LAWS AND PROCEEDINGS FOR THE

28              SECURITY OF PERSONS AND PROPERTY AS IS

                            PAGE TWO
CIVIL RIGHTS COMPLAINT    CHRISTOPHER VS. SAN DIEGO COUNTY ET AL.

1   ENJOYED BY WHITE CITIZENS,  AND

2   SHALL BE SUBJECT TO LIKE PUNISHMENT,

3   PAINS,  PENALTIES,  TAXES,  LICENCES,

4   AND EXACTIONS OF EVERY KIND,  AND TO

5   NO OTHER.

6

7   THE RIGHTS PROTECTED BY THIS SECTION

8   ARE PROTECTED AGAINST IMPAIRMENT BY

9   NON GOVERNMENTAL DISCRIMINNATION AND

10  IPAIRMENT UNDER COLOR OF LAW

11

12              III

13  THE DEFENDANTS,  SAN DIEGO COUNTY

14  VIOLATED THE FIRST CAUSE OF ACTION

15  42 USCA 1981

16

17      THE PLAINTIFF,  CARREA CHRISTOPHER JR., A BLACK MAN, WAS

18  DENIED THE RIGHT TO ACCESS TO THE COURTS,  DENIED THE FULL AND

19  EQUAL BENIFITS OF ALL LAWS AND PROCEEDING FOR THE SECURITY OF

20  HIMSELF WITHIN THE JURISDICTION OF THE UNITED STATES AS IS

21  ENJOYED BY WHITE CITIZENS.  THE PLAINTIFF,  CARREA CHRISTOPHER

22  JR.,  WAS DENIED,  EVEN THE ABILITY TO BE A PARTY IN A CRIMINAL

23  PROCEEDING WITH THE FULL AND EQUAL BENIFITS OF ALL LAWS AND

24  PROCEEDING.

25      THE COUNTY OF SAN DIEGO ADMINISTRATION,  IS RESPONSIBLE

26  FOR THE PROVISION OF PRO PER INDIVIDUALS AS THE PLAINTIFF,

27  ESPECIALLY THOSE IN THERE CUSTODY PURSUANT TO 42 USCA 1981, TO

28  LEGAL TOOLS,  LEGAL ASSISTANCE AND TO THE CONSTITUTIONAL RIGHTS

PAGE THREE
CIVIL RIGHTS COMPLAINT     CHRISTOPHER V. SAN DIEGO COUNTY ET AL.

1   TO THE COURT IN PRO PER IF ONE CHOSES.  THE COUNTY OF SAN DIEGO

2   POLICY AND ADOPTED CUSTOM, IS TO LEAVE THE PROVISION OF PROVIDING

3   THESE TOOLS,  LEGAL ASSISTANCE AND CONSTITUTIONAL ACCESS TO THE

4   COURTS IN THE HANDS OF THE OPPOSING PARTIES OF PRO PER'S AND THE

5   LEFT HAND OF PROSECUTING AGENCIES.(LAW ENFORCMENT)THE SAN DIEGO

6   COUNTY SUPERIOR COURT WAS ASKED BY THE PLAINTIFF,  CARREA

7   CHRISTOPHER JR., TO CORRECT THE DEFIENCENCY.  THE COURT(SAN DIEGO

8   COUNTY SUPERIOR COURT)FOUR TIMES INFORMED THE PLAINTIFF,  CARREA

9   CHRISTOPHER JR.,  THAT IT WAS SAN DIEGO COUNTY DUTY,  THE AGENCIES,

10  THE AGENCIES PROVIDED BY THE COUNTY OF SAN DIEGO.  THOSE AGENCIES

11  FUNDED AND ADMINSTERED BY THE COUNTY OF SAN DIEGO,  THE COUNTY OF

12  SAN DIEGO SHERIFF DEPARTMENT AND PRIVATE CONFLICT COUNSEL,  TO

13  PROVIDE LEGAL SERVICES,  SPENDS MOST OF THERE TIME DIMINISHING

14  THOSE SERVICES AND TRYING THE BEST THEY CAN TO THE COURTS,  THAT

15  PRO PER SHOULD NOT HAVE THOSE SERVICES.  THE SAN DIEGO COUNTY

16  SHERIFF DEPARTMENT HAS A HISTORY OF BEATING BLACK, PRO PER IN

17  THE LAW LIBARY.  THE PLAINTIFF,  CARREA CHRISTOPHER JR., WAS

18  BEATEN BY THE PRO PER DEPUTY FOR ONLY ASKING TO SPEAK TO THE

19  DEPUTY SUPERIORS.(DEPUTY GRIMM WAS THE DEPUTY WHO BEAT THE

20  PLAINTIFF) HIS JUSTIFICATION FOR IT, WAS THAT HE FELT INTIMIDATED

21  BY THE REQUEST TO SPEAK TO HIS SUPERIORS.  NO WHITE MAN WAS

22  SUBJECT TO SUCH PAINS,  PUNISHMENTS AND PENALTIES FROM THE

23  DEFENDANTS FOR ONLY ASKING TO SPEAK TO A DEPUTY SHERIFF

24  SUPERVISOR.  THE COUNTY OF SAN DIEGO DOES NOT EVEN HAVE A

25  MONITOR AND/OR SUPERVISOR AND/OR PRO PER COORDINATOR,  TO BE

26  SURE THAT AGENCIES THAT IS TO PROVIDE PRO PER SERVICES,  DO

27  PROVIDE PRO PER SERVICES.  THE FACT SAN DIEGO COUNTY DOES NOT

28  HAVE ONE,  THE PLAINTIFF,  CARREA CHRISTOPHER JR., 42 USCA 1981

PAGE FOUR

CIVIL RIGHTS COMPLAINT      CHRISTOPHER V. SAN DIEGO COUNTY ET AL.

1  RIGHTS, WAS VIOLATED BY THE FACT, THE COUNTY OF SAN DIEGO KNOWS

2  AND/OR SHOULD HAVE KNOWN, THE PLAINTIFF, CARREA CHRISTOPHER JR.

3  WAS SUBJECTED TO PUNISHMENTS, PAINS, AND PENALTIES NO WHITE MAN

4  WAS SUBJECTED TO AND ALLOWED IT TO HAPPEN AND HAS DONE NOTHING TO

5  STOP IT FROM HAPPENNING AGAIN. THE COUNTY OF SAN DIEGO SUBJECTED

6  THE PLAINTIFF TO VIOLATION OF 42 USCA 1981.

7         THE FACT THE COUNTY OF SAN DIEGO HAS A CUSTOM AND ADOPTED

8  POLICY, WITH THE DELIBRATE INDIFFRENCE, THAT HAS NOT ALLOWED

9  THE PLAINTIFF, CARREA CHRISTOPHER JR., TO THE FULL BENIFITS OF

10  ALL LAWS AND PROCEEDINGS AS IS ENJOYED BY WHITE CITIZENS, IS A

11  VIOLATION OF THE PLAINTIFF, CARREA CHRISTOPHER JR., 42 USCA 1981,

12  RIGHTS.

13         THE FUNDAMENTAL CONSTITUTIONAL RIGHTS OF ACCESS TO COURTS

14  REQUIRES PENOLAGICAL AGENCIES TO ASSIST INMATES IN THE PREPREATION

15  AND FILING OF LEGAL PAPERS BY THOSE IN THERE CARE, WITH ADEQUATE

16  LAW LIBARIES FROM PERSONS TRAINED IN THE LAW.

17         THE SPECIFIC FACTS OF EVIDENCE OF THE VIOLATION OF 42

18  USCA 1981 IS AS FOLLOW. THE COUNTY OF SAN DIEGO ALLOWS AGENCIES

19  WITH ARBITRARY AND DISCRIMINATORY POLICIES OF THE PLAINTIFF,

20  CARREA CHRISTOPHER JR., AND OTHER PRO PER LITIGANTS, TO DO

21  WHAT THEY DON'T WANT TO, WHICH IS PROVIDE PRO PER WITH LEGAL

22  SERVICES. IT IS A CONFLICT OF INTREST FOR THE SAN DIEGO COUNTY

23  BAR ASSOCIATION THROUGH PRIVATE CONFLICT COUNSEL TO PROVIDE OR

24  SHOULD ONE SAY IS TO PROVIDE PRO PER SERVICES IN VIEW OF THE

25  FACT ALL PROSECUTORS OF PRO PER LITIGANTS ARE MEMBERS OF THE

26  SAN DIEGO COUNTY BAR ASSOCIATION. THE WHOLE NOTION THAT AN

27  ASSOCIATION WITH PROSECUTOR MEMBER IS SYMPATHATIC TO PRO PER

28  NEEDS IS INSANITY AND LUDICROUS.

PAGE FIVE

CIVIL RIGHTS COMPLAINT    CHRISTOPHER V. SAN DIEGO COUNTY ET AL.

1    THE COUNTY OF SAN DIEGO DOES NOT PROVIDE AND DID NOT

2    PROVIDE THE PLAINTIFF, A TRAINED PERSON IN THE LAW TO ASSIST THE

3    PLAINTIFF, CARREA CHRISTOPHER JR., IN THE LAW LIBRARY. THE

4    PERSON IN THE LAW LIBRARY DID'NT PROVIDE ASSISTANCE WITH THE

5    STATE OF CALIFORNIA SUPREME COURT. THE PERSON IN THE LAW LIBRARY

6    WAS SO INCOMPETENT, HE THOUGHT THE STATE SUPREME COURT ONLY

7    HANDLED CIVIL CASES.(COUNSLER LEE)

8    THE COUNTY OF SAN DIEGO ONLY ALLOWED THE PLAINTIFF, FOUR

9    HOURS OR LESS IN MOST CASES IN THE LAW LIBRARY, YET ALLOWED THE

10   OPPOSING PARTY 150 HOURS OR MORE, DENYING THE PLAINTIFF, EQUAL

11   PROTECTION OF THE LAW AND PROCEEDINGS. THE COUNTY OF SAN DIEGO

12   PROVIDED THE PLAINTIFF, AN INCOMPETENT INVESTIGATOR, THAT ONLY

13   COMPLAINED AND CHEATED THE PLAINTIFF AND THE COUNTY OF SAN DIEGO,

14   AT THERE APROVAL. THE INVESTIGATOR WAS TO BE AN ADVOCATE OF THE

15   PLAINTIFF, BUT WAS AN ADVOCATE OF THE OPPOSING PARTY.

16   THE INVESTIGATOR FOR THE PLAINTIFF, WAS TO SPEND FIVE

17   HOURS EACH TIME WITH THE PLAINTIFF, CARREA CHRISTOPHER JR., BUT

18   ONLY SPENT FIVE MINUTES AND HID THE FACT FROM THE PLAINTIFF HE

19   WAS TO SPEND FIVE HOURS INSTEAD OF FIVE MINUTES. WHEN THE

20   PLAINTIFF, COMPLAINED ABOUT IT, TO THE COUNTY OF SAN DIEGO, THE

21   COUNTY OF SAN DIEGO SHRUGED THERE SHOULDER AND SAID SO WHAT. THE

22   ATTITUDE OF THE COUNTY OF SAN DIEGO IS THE ADOPTED POLICY OF THE

23   COUNTY OF SAN DIEGO, ESPECIALLY IN VIEW OF THE FACT IT WAS DONE

24   FOR SO LONG. THIS HAS NOT HAPPENED TO A WHITE MAN IN SIMILIAR

25   CONDITIONS. THE COUNTY OF SAN DIEGO REFUSES TO PROVIDE FOR AN

26   INDIGENT INMATE SUCH AS THE PLAINTIFF, CARREA CHRISTOPHER JR..

27   PAGE SIX

28   CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1    THE AMOUNT OF THE TIME THE INVESTIGATOR IS TO BE APROVED

2    OF SHOULD BE STIPULATED BY THE COUNTY OF SAN DIEGO FOR THE APPROAL

3    OF THE PLAINTIFF, CARREA CHRISTOPHER JR.,  INSTEAD OF JUST HAVING

4    ONE SIGN A DOCUMENT STATING THEY HAVE SEEN THE INVESTIGATOR,  AS

5    IN THIS CASE.  THE COUNTY OF SAN DIEGO ONLY ALLOWED AND PROVIDED

6    FOR THE PLAINTIFF,  CARREA CHRISTOPHER JR., TO ONLY HAVE FOUR

7    HOURS A WEEK,  BUT ALLOWS THE OPPOSING PARTY 150 HOURS A WEEK.

8    THE COUNTY OF SAN DIEGO REFUSES,  THE PLAINTIFF,  CARREA

9    CHRISTOPHER JR., ACCESS TO THE LAW LIBRARY.  THE PLAINTIFF,

10   CARREA CHRISTOPHER JR., ACCESS TO THE LAW LIBRARY WAS SO LIMITED

11   IT WAS UNREASONABLE.  THE PLAINTIFF,  CARREA CHRISTOPHER JR.,

12   HAD TO DO A BALANCING ACT ON AN UNFAIR PENDULUM. THE PLAINTIFF,

13   CARREA CHRISTOPHER JR. HAD ONLY TWO HOURS A WEEK TO MAKE MOTIONS

14   AND TWO HOUR FOR THE ACTUAL TRIAL,  WHICH CAUSED THE ACTUAL

15   INJURY OF DEFICIENT MOTIONS AND A VERDICT AGAINST THE PLAINTIFF,

16   CARREA CHRISTOPHER JR.,  DUE TO THE DENIAL OF A CONSTITUTIONAL

17   RIGHT AND THE VIOLATION OF EQUAL PROTECTION OF THE LAW,

18   NEGLIGENCE AND BREACH OF DUTY.

19   THE FACT THE COUNTY OF SAN DIEGO KNOWS AND/OR SHOULD HAVE

20   KNOWN THE PLAINTIFF,  CARREA CHRISTOPHER JR., WAS SUBJECTED TO

21   PUNISHMENTS,  PAINS AND PENALTIES NO WHITE MAN WAS SUBJECTED TO,

22   AND ALLOWED IT,  AND HAS DONE NOTHING TO STOP IT FROM HAPPENING

23   AGAIN TO THE PLAINTIFF,  CARREA CHRISTOPHER JR..

24   THE FACT THE COUNTY OF SAN DIEGO HAS A CUSTOM AND ADOPTED

25   POLICY THAT HAS NOT ALLOWED THE PLAINTIFF,  CARREA CHRISTOPHER JR.,

26   TO THE FULL AND EQUAL BENIFITS OF ALL LAWS AND PROCEEDINGS AS IS

27   ENJOYED BY WHITE CITIZENS,  IS A VIOLATION OF THE PLAINTIFF,

28   CARREA CHRISTOPHER JR., 42 USCA 1981, RIGHTS.

PAGE SEVEN

CIVIL RIGHTS COMPLAINT  CHRISTOPHER V. SAN DIEGO ET AL.

1    THE VIOLATION OF THE PLAINTIFF, 42 USCA 1981 RIGHTS ARE

2  DUE TO THE DEFENDANTS, SAN DIEGO COUNTY, WHO DID EVERY THING

3  POSSIBLE FOR THE OPPOSING PARTY AND THE LEAST POSSIBLE FOR THE

4  PLAINTIFF, CARREA CHRISTOPHER JR., WHICH WAS A VIOLATION OF

5  THE MOST FUNDAMENTAL CONSTITUTIONAL RIGHTS TO THE COURTS.

6    THE PLAINTIFF, CARREA CHRISTOPHER JR., IS ATTORNEY OF

7  RECORD IN HIS CASE AT THE TRIAL LEVEL. THE COUNTY OF SAN DIEGO,

8  REFUSED HIM ACCESS TO A TELEPHONE. THE PLAINTIFF, COULD NOT

9  EVEN CALL SAN DIEGO COUNTY. THE PLAITIFF, CARREA CHRISTOPHER

10  JR., COULD NOT CALL THE SHERIFF DEPARTMENT. THE PLAINTIFF,

11  CARREA CHRISTOPHER JR., COULD NOT CALL PRIVATE CONFLICT COUNSEL.

12  THE PLAINTIFF, CARRE CHRISTOPHER JR., COULD NOT CALL THE PRIVATE

13  INVESTIGATOR ASSIGNED TO HIS CASE. THE PLAITIFF, CARREA

14  CHRISTOPHER JR., COULD NOT CALL ANY WITNESSES IN HIS BEHALF, A

15  VIOLATION OF THE SIXTH AMENDMENT OF THE UITED STATES OF AMERICA

16  CONSTITUTION. THE COUNTY OF SAN DIEGO DID NOT ALLOW THE PLAINTIFF,

17  ANY CALLS AS ATTORNEY OF RECORD. THE PLAINTIFF, CARREA CHRISTOPHER

18  JR., WAS ONLY ALLOWED TO MAKE PHONE CALLS ONE WEEK PRIOR TO THE

19  TRIAL, FAR TO LATE AND FOR ONL ONE WEEK DUE TO A COURT ORDER,

20  IN WHICH THE COURT STATED THE AGENCIES THE COUNT APPOINTED

21  SHOULD PROVIDE MEANS FOR THE PLAINTIFF, CARREA CHRISTOPHER JR.,

22  TO CONTACT WHO HE HAS TO CONTACT.

23    THE PLAINTIFF, CARREA CHRISTOPHER JR. BY AND THROUGH

24  SAN DIEGO COUNTY AND SAN DIEGO COUNTY AGENCIES WAS DENIED THE

25  RIGHT TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS

26  FAVOR. THE COUNTY OF SAN DIEGO STATED THROUGH THE SAN DIEGO

27  COUNTY SHERIFF DEPARTMENT, THAT IF YOU ARE AN INDIGENT LITIGATOR

28  AND YOU ARE DENIED THE RIGHT TO HAVE COMPULSORY PROCESS, SO WHAT.

PAGE EIGHT

CIVIL RIGHTS COMPLAINT  CHRISTOPHER V. SAN DIEGO ET AL.

1  THE PLAINTIFF, CARREA CHRISTOPHER JR., WAS DENIED ACCESS TO A

2  TELEPHONE FOR THE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN

3  HIS FAVOR. THE PLAINTIFF, SHOULD HAVE BEEN PROVIDED AN ATTORNEY

4  TO ASSIST HIS SELF REPRESENTATION IF THE DEFENDANTS DID NOT WANT

5  HIM TO MAKE PHONE CALLS. THE ACCEPTANCE OF ONE AREA OF THE

6  CONSTITUTION, SUCH AS SELF REPRESENTATION, DOES NOT ELIMINATE

7  ANY OTHER AREA OF THE CONSTITUTION, SUCH AS THE SIXTH AMENDMENT

8  OF THE UNITED STATES CONSTITUTIONAL RIGHT OF ASSISTANCE OF

9  COUNSEL FOR HIS DEFENCE.

10      THE SAN DIEGO COUNTY STAND TO DENY ALL INDIGENT PRO PER

11  TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR,

12  DENIED THE PLAINTIFF, CARREA CHRISTOPHER JR., OF MEANINGFUL

13  ACCESS TO THE COURTS, DUE TO THE PLAINTIFF, CARREA CHRISTOPHER

14  JR., NOT BEING ABLE TO CALL WITNESSES IN HIS BEHALF BECAUSE THE

15  PLAINTIFF, CARREA CHRISTOPHER JR COULD NOT AFFORD TO BUY A PHONE

16  CARD. THE VIOLATION OF WHICH, CANNOT BE JUSTIFIED. THE

17  DEFENDANTS, SAN DIEGO COUNTY, DENIED THE PLAINTIFF, CARREA

18  CHRISTOPHER JR., THE ABILITY TO CONTACT AND MAKE SURE HIS

19  WITNESSES WOULD BE THERE. THE COURT HAD AT THE TRIAL STAGE

20  MISLEAD WITNESSES IN THE PLAINTIFF, CARREA CHRISTOPHER JR.,

21  BEHALF THAT WERE THERE, NOT TO APPEAR. THE COST FOR THE

22  PLAINTIFF, CARREA CHRISTOPHER JR., TO CONTACT WITNEESSES DURING

23  THE TRIAL STAGE WAS $10.00 THE DEFENDANTS, SAN DIEGO COUNTY,

24  REFUSED THE PLAINTIFF, CARREA CHRISTOPHER JR., A $10.00 PHONE

25  CARD TO CONTACT WITNESSES, A DENIAL OF THE MOST BASIC AND

26  FUNDAMENTAL RIGHT OF THE COURT PROCESS.

27      THE COURT PROCESS AND ACCESS TO THE COURT WERE DENIED

28  THE PLAINTIFF, CARREA CHRISTOPHER JR. THROUGH THE COUNTY OF SAN

CIVIL RIGHTS COMPLAINT    CHRISTOPHER V. SAN DIEGO COUNTY ET AL.

1   DIEGO IN DELIBRATE INDIFRENCE. THE COUNTY OF SAN DIEGO DEPRIVE

2   THE PLAINTIFF AND OTHER PRO  PER LITIGANTS THE FULL AND EQUAL

3   BENIFIT OF THE UNITED STATES CONSTITUTION. THED COUNTY OF SAN

4   DIEGO PROVIDED A DEFIENCIENT LAW LIBRARY THAT DID NOT EVEN HAVE

5   AN EVIDENCE CODE BOOK, A CRIMINAL PROCEDURE BOOK, WEST ANNOTATED

6   PENAL CODE BOOK AND PROVIDED AN INVESTIGATOR SO DEFICIENT HE

7   REFUSED TO SHOW UP FOR THE FIRST DAY OF TRIAL, WHICH WAS A MUST

8   FOR HIM TO APPEAR AND REFUSED TO SHOW UP AT THE PRELIMINARY

9   HEARING. THE INVESTIGATOR LIED ABOUT THE HOURS HE BILLED THE

10  GENERAL PUBLIC AND WHEN THE COUNTY WAS INFORMED OF IT, THEY DID

11  NOTHING.

12          THE COUNTY OF SAN DIEGO ONLY PROVIDED A COMPUTER, WHICH

13  USED FOR ONLY PULLING UP CASES AFTER ONE LOCATES A CASE. THE

14  THE COMPUTER ONLY CAME UP WITH CASES THAT BENIFITED THE DISTRICT

15  ATTORNEY, DUE TO THE SOFTWARE SUPPLIED TO PRO PER LITIGANTS. THE

16  DEFENDANTS, SAN DIEGO COUNTY SUBJECTED THE PLAINTIFF, CHRISTOPHER

17  CARREA JR., TO DEPRIVATION OF RIGHT THEY HAVE NOT, SUBJECTED THE

18  WHITE CITIZENS TO.

19                        IV

20                  THE FIRST CAUSE OF ACTION, THE

21                  VIOLATION OF 42 USCA 1981, DUE

22                  TO THE INTENTIONAL DISCRIMINATION

23                  OF THE PLAINTIFF, BASED ON AND DUE

24                  TO THE RACE OF THE PLAINTIFF, DUE

25                  TO DEFENDANT, SAN DIEGO COUNTY

26

27                        PAGE TEN

28  CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.
                               CHRISTOPHER

1          CHIEF ADMINISTRATIVE OFFICER

2          WALT EKARD

3

4          THE DEFENDANT, SAN DIEGO COUNTY CHIEF ADMINISTRATIVE OFFICER,

5     WALT EKARD,(HEREINAFTER KNOWN AS SW) HAS DISCRIMINATED AGAINST

6     THE PLAINTIFF, CARREA CHRISTOPHER JR., BECAUSE THE PLAINTIFF IS

7     GENETICALL PART OF AN ETHINICALLY AND PHYSIOGNOMICALLY DISTINCTIVE

8     SUB-GROUPING OF AN INDIVIDUAL. THE PLAINTIFF, CARREA CHRISTOPHER

9     JR., IS AFRO AMERICAN.

10          THE DEFENDANT, SW, WAS PERSONALLY INVOLVED IN THE

11    CONSTITUTIONAL DEPRIVATION OF THE PLAINTIFF, DUE TO HIS RESPONSE

12    OF RACIAL ANIMUS WAS TO ALLOW IT TO HAPPEN TO THE PLAINTIFFY AND

13    TO ALLOW THOSE IN HIS CONTROL AND SUPERVISION, AS WELL AS HIMSELF

14    TO CONTINUE TO COMMIT CONSTITUTIONAL TORTS WEEK END AND WEEK OUT.

15    THE DEFENDANT, SW, HAS MORE THEN A CASUAL CONNECTION TO THE

16    RACISIM OF THIS CASE, HE IS THE CONTROL AND SUPERVISOR OF THOSE

17    WHO CONTINUE TO COMMIT AND IMPLEMENT RACIAL ANIMUS WITH THE

18    DELIBRATE INDIFRENCE OF THE PLAINTIFF, CARREA CHRISTOPHER JR..

19    (SEE REDMAN V. COUNTY OF SAN DIEGO, 942 F.2D 1435, 1446-1447(9TH

20    CIR. 1991);JOHNSON V. DUFFY, 588 F.2D 740, 743(9TH CIR. 1978);

21    CUNNINGHAM V. GATES, 229 F.3D 1271, 1292(9TH CIR. 2000)

22

23

24          PAGE ELEVEN

25

26

27

28    CIVIL RIGHTS COMPLAINT        CARREA V. SAN DIEGO COUNTY ET AL.
                                    CHRISTOPHER

1    THE DEFENDANT, SW, RACIAL ANIMUS AND DELIBRATE

2    INDIFFRENCE IMPAIRED THE PLAINTIFF, CHRISTOPHER CARREA JR.,

3    MEANINGFUL ACCESS TO THE COURTS, THE EQUAL PROTECTION OF THE LAW,

4    THE COMPULSORY  PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR, TO

5    BE INFORMED OF THE NATURE AND CAUSE OF ACCUSSATION, AND THE RIGHT

6    TO PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCES AND THE

7    RIGHT TO LIBERTY. THE DEFENDANT, SW, SUBJECTED THE PLAINTIFF TO

8    PAINS AND PENALTIES AND PUNISHMENTS IN A MANNER NO WHITE MAN WAS

9    SUBJECTED TO.

10    THE DEFENDANT, SW, IS RESPONSIBLE FOR THE PROVISION OF PRO

11    PER INDIVIDUALS AS THE PLAINTIFF, CHRISTOPHER CARREA JR., AND

12    ESPECIALLY THOSE IN THE CUSTODY OF THE COUNTY OF SAN DIEGO,

13    PURSUANT TO 42 USCA 1981 TO LEGAL TOOLS, LEGAL ASSISTANCE AND TO

14    THE FULL AND EQUAL BENIFIT OF THE UNITED STATES CONSTITUTION

15    RIGHTS TO THE COURTS IN PRO PER, IF ONE CHOSES TO BE PRO PER.

16    THE DEFENDANT, SW, POLICY AND ADOPTED CUSTOMS IS, TO LEAVE THE

17    PROVISION OF PROVIDING THESE TOOLS, LEGAL ASSITANCE AND

18    CONSTITUTIONAL ACCESS TO THE COURTS IN THE HANDS OF THOSE OPPOSING

19    PRO PER'S.(LAW ENFORCMENT)

20    THE SAN DIEGO COUNTY SUPERIOR COURT WAS ASKED BY THE

21    PLAINTIFF, CHRISTOPHER CARREA JR., TO CORRECT THE DEFIENCIENCY.

22    THE COURT,(SAN DIEGO COUNTY SUPERIOR COURT)FOUR TIMES INFORMED

23    THE PLAINTIFF,CARREA CHRISTOPHER JR., THAT IT WAS THE DEFENDANT,

24    SW AND THOSE AGENCIES UNDER THE CONTROL AND SUPERVISION OF THE

25    DEFENDANT, SW, THAT IS TO PROVIDE THOSE SERVICES, SUCH AS SAN

26    DIEGO COUNTY SHERIFF AND PRIVATE CONFLICT COUNSEL. THE SAN DIEGO

27    PAGE TWELVE

28    CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1  COUNTY PRIVATE CONFLICT COUNSEL AND THE SAN DIEGO COUNTY SHERIFF

2  SPENDS MOST OF THERE TIME ON THOSE SERVICES TRYING THE BEST THEY

3  CAN NOT TO PROVIDE THOSE SERVICES.

4      THE SAN DIEGO COUNTY SHERIFF DEPARTMENT, UNDER THE CONTROL

5  AND SUPERVISION OF DEFENDANT, SW, HAS A HISTORY OF BEATING BLACK

6  PRO PER IN THE LAW LIBARY. THE PLAINTIFF, CARREA CHRISTOPHER JR.,

7  WAS BEATEN BY THE SHERIFF DEPARTMENT(DEPUTY GRIMM)FOR ONLY ASKING

8  TO SPEACH TO, ONE OF HIS SUPERIORS. THE DEPUTY, JUSTIFICATION FOR

9  IT, WAS THAT, HE FELT INTIMINDATED BY THE REQUEST TO SPEAK TO ONE

10 OF HIS SUPERIORS.

11     NO WHITE MAN WAS SUBJECTED TO SUCH PAINS, PUNISHMENTS AND

12 PENALTIES FROM THE DEFENDANT, SW, AND THOSE UNDER THE CONTROL AND

13 SUPERVISION OF DEFENDANT, SW. THE DEFENDANT, SW, HAS NOT PLACED

14 A MONITOR AND/OR SUPERVISOR AND/OR COORDINATOR, TO BE SURE THAT

15 THE AGENCIES APPOINTED TO PROVIDE PRO PER SERVICES, DO PROVIDE

16 PRO PER SERVICES. THE FACT THE DEFENDANT, SW, HAS NOT PROVIDED

17 ONE, THE PLAINTIFF WAS INJURED AND WAS DEPRIVED THE FULL AND EQUAL

18 BENIFIT OF THE UNITED STATES CONSTITUTION. THE PLAINTIFF, CARREA

19 CHRISTOPHER JR., EIGHTH AMENDMENT RIGHTS WERE DEPRIVED AS WELL AS

20 OTHER CONSTITUTIONAL RIGHTS.

21     THE DEFENDANT,SW, KNOWS THE PLAINTIFF, CARREA CHRISTOPHER

22 JR.,WAS SUBJECTED TO AND ALLOWED THE DEPRIVATION OF THE PLAINTIFF,

23 CONSTITUTIONAL RIGHTS, NO WHITE MAN WAS SUBJECTED TO AND ALLOWED

24 IT TO HAPPEN AND HAS DONE NOTHING ABOUT IT, NOR HAS HE PLACED

25 SAFEGUARDS TO PREVENT IT FROM HAPPENING AGAIN. THE DEFENDANT, SW,

26 HAS INSTEAD ENCOURAGED IT TO CONTINUE TO HAPPEN. THE DEFENDANT, S

27 W, SUBJECTED THE PLAINTIFF, CARREA CHRISTOPHER JR TO THE DEPRIVATION

PAGE THIRTEEN

28 CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1  OF 42 USCA 1981.

2       THE FUNDAMENTAL CONSTITUTIONAL RIGHTS TO ACCESS OF THE

3  COURTS REQUIRES THE DEFENDANT, SW, TO HAVE PENALOGICAL AGENCIES

4  TO ASSIST PRO PER INMATES IN THE PREPARATION AND FILING OF LEGAL

5  DOCUMENTS BY THOSE IN THERE CARE, WITH ADEQUATE LAW LIBARIES WITH

6  INDIVDUALS TRAINED IN THE LAW. THE DEFENDANT, SW, ALLOWED AGENCIES

7  WITH RACIAL ANIMUS, ARBITRARY AND DISCRIMINATORY POLICIES OF THE

8  WORST AGAINST THE PLAINTIFF, CARREA CHRISTOPHER JR., AND OTHER

9  PRO PER LITIGANTS, TO DO WHAT THEY DON'T WANT TO DO, WHICH IS TO

10 PROVIDE PRO PER LITIGANTS WITH LEGAL SERVICES.

11      THE SPECIFIC FACTS OF EVIDENCE OF THE VIOLATION OF 42

12 USCA 1981 ALSO INCLUDE THE FOLLOWING:

13      THE DEFENDANT, SW, WITH DELIBRATE INDIFRENCE AND THE

14 INTENTIONAL DISCRIMINATION OF THE PLAINTIFFF, CARREA CHRISTOPHER

15 JR., APPOINTED AND ALLOWED AGENCIES WITH ARBITRARY AND DISCRIMINATORY

16 POLICIES OF THE PLAINTIFF AND PRO PER ASSUME THE DUTY OF ASSITING

17 THE PLAINTIFF AND PRO PER. IN FACT THE DEFENDANT, KNOWS THE

18 AGENCIES SUCH AS THE SHERIFF DEPARTMENT AND PRIVATE CONFLICT

19 COUNSEL DOES NOT AND HAS NOT PROVIDED MEANINGFUL ASSITANCE OF

20 THE PLAINTIFF, AND PRO PER. THE DEFENDANT, SW, APPOINTED AGENCIES

21 THAT HAVE WITH THE FULL KNOWLEDGE OF DEFENDANT, SW, INTENTIONALLY

22 ELIMINATED THE ASSITANCE OF PRO PER ONE STEP AT A TIME. THE

23 DEFENDANT, SW, INCREASES THE ALLOCATION TO AGENCIES THAT DECREASE

24 THE ASSISTANCE TO PRO PER AND THE PLAINTIFF. IT IS A CONFLICT OF

25 INTREST FOR THE SAN DIEGO BAR ASSOCIATION THROUGH PRIVATE CONFLICT

26 COUNSEL, APPOINTED BY THE DEFENDANT, SW, TO PROVIDE AND ASSIST

27              PAGE FOURTEEN

28 CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1   PRO PER LITIGANTS, IN VIEW OF THE FACT ALL THE OPPONENTS OF PRO

2   PER LITIGANTS, THE SAN DIEGO COUNTY DISTRICT ATTORNEY OFFICE SIT

3   ON THE BOARD OF THE SAN DIEGO COUNTY BAR ASSOCIATION AND/OR THEY

4   ARE MEMBERS OF THE SAN DIEGO COUNTY BAR ASSOCIATION. THE SAME

5   ASSOCIATION THE DEFENDANT, SW, HAS APPOINTED TO ASSIST PRO PER

6   LITIGANTS. THE WHOLE IDEA THAT AN ASSOCIATION WITH PROSECUTION

7   MEMBERS IS SYPATHATIC TO PRO PER LITIGANTS IS INSANITY AND LUDICROUS.

8        THE DEFENDANT, SW, DOES NOT AND DID NOT PROVIDE TO THE

9   PLAINTIFF, CARREA CHRISTOPHER JR., A TRAINED PERSON IN THE LAW

10  TO ASSIST THE PLAINTIFF, CARREA CHRISTOPHER JR., IN THE LAW

11  LIBARY. THE PERSON IN THE LAW LIBRARY WAS SO INCOMPETENT, HE

12  THOUGHT THE STATE SUPREME COURT ONLY HANDLED CIVIL CASES.(COUNSLER

13  LEE)

14       THE DEFENDANT, SW, ONLY ALLOWED THE PLAINTIFF, CARREA

15  CHRISTOPHER JR., FOUR HOURS OR LESS MOST OF THE TIME IN THE LAW

16  LIBRARY, YET ALLOWED THE OPPOSING PARTY 150 HOURS ARE MORE

17  DENYING THE PLAINTIFF, EQUAL PROTECTION OF THE LAW AND MEANINGFUL

18  ACCESS OF THE COURT.

19       THE DEFENDANT, SW, PROVIDED AN INCOMPETENT INVESTIGATOR

20  TO THE PLAINTIFF, THAT ONLY COMPLAINED AND CHEATED BOTH THE

21  PLAINTIFF, CARREA CHRISTOPHER JR., AND THE CITIZENS OF THE COUNTY

22  OF SAN DIEGO, WITH THE APPROVAL OF DEFENDANT, SW. THE INVESTIGATOR

23  SHOULD BE AN ADVOCATE OF THE PLAINTIFF, CARREA CHRISTOPHER JR.,

24  BUT WAS AN ADVOCATE OF THE OPPOSING PARTY. THE INVESTIGATOR FOR

25  THE PLAINTIFF, CARREA CHRISTOPHER JR., WAS TO SPEND FIVE HOURS

26                    PAGE FIFTEEN

27

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1   ON EACH VISIT WITH THE PLAINTIFF, CARREA CHRISTOPHER JR., BUT

2   ONLY SPENT FIVE MINUTES EACH TIME WITH THE PLAINTIFF AND HID THE

3   FACT FROM THE PLAINTIFF, HE WAS TO SPEND FIVE HOURS INSTEAD OF

4   FIVE MINUTES. WHEN THE PLAINTIFF COMPLAINED ABOUT IT TO THE

5   DEFENDANT, SW, THE DEFENDANT, SW ATTITUDE WAS SO WHAT IF SOMEONE

6   UNDER HIS CONTROL OR SUPERVISION HAS INTENTIONAL RACIAL ANIMUS.

7   THE ATTITUDE OF THE DEFENDANT,SW, IS THE ADOPTED POLICY AND

8   CUSTOM OF THE DEFENDANT, SW, ESPECIALLY IN VIEW OF THE FACT IT

9   IS THE HISTORICAL POSITION OF DEFENDANT, SW. THIS HAS NOT HAPPENED

10  TO A WHITE MAN IN A SIMILIAR CONDITION.

11          THE DEFENDANT, SW, REFUSES TO PROVIDE FOR AN INDIGENT

12  PRO PER INMATE SUCH AS THE PLAINTIFF, CARREA CHRISTOPHER JR.. THE

13  AMOUNT OF TIME THE INVESTIGATOR WAS TO SPEND WITH THE PLAINTIFF,

14  SHOULD . BE DOCUMENTED TO THE PLAINTIFF AND SHOULD BE STIPULATED

15  BY DEFENDANT, SW AND OR THOSE IN HIS CONTROL AND SUPERVISION,

16  INSTEAD OF JUST HAVING SOME FRAUDULANT INVESTIGATOR HAVING A

17  PRO PER AS IN THIS CASE OF THE PLAINTIF SIGN A DOCUMENT STATING

18  HE SEEN THE INVESTIGATOR.

19          THE DEFENDANT, SW, DENIED THE PLAINTIFF MEANINGFUL ..

20  ACCES TO THE LAW LIBRARY. THE PLAINTIFF, CARREA CHRISTOPHER JR.,

21  ACCESS TO THE LAW LIBRARY WAS SO LIMITED IT WAS UNREASONABLE,

22  WHICH CAUSED THE ACTUAL INJURY OF CONVICTION AND DEFICENT MOTIONS.

23  THE INJURY WAS CAUSED DUE TO THE DENIAL OF A CONSTITUTIONAL RIGHT

24  TO BE PRO PER AND THE VIOLATION OF THE EQUAL PROTECTION OF THE

25  LAW, NEGLIGENCE AND BREACH OF DUTY.

26

                         PAGE SIXTEEN
27

28  CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1    THE FACT THE DEFENDANT, SW, KNEW AND/OR SHOULD HAVE

2    KNOWN THE PLAINTIFF, CARREA CHRISTOPHER JR., WAS SUBJECTED TO THE

3    DEPRIVATION OF CONSTITUTIONAL RIGHTS AND FEDERAL RIGHTS, WHICH

4    NO WHITE MAN WAS SUBJECTED TO AND ALLOWED IT IS THE MOST

5    FUNDAMENTAL VIOLATION OF 42 USCA 1981. THE FACT THE DEFENDANT, SW,

6    HAS A CUSTOM AND ADOPTED POLICY THAT HAS NOT ALLOWED THE PLAINTIFF

7    CARREA CHRISTOPHER JR., THE FULL AND EQUAL BENIFITS OF ALL LAWS

8    AS WHITE CITIZENS ENJOY IS A VIOLATION OF 42 USCA 1981.

9    THE VIOLATION OF THE PLAINTIFF, CARREA CHRISTOPHER

10    JR., 42 USCA 1981, RIGHTS ARE DUE TO THE DEFENDANT, SW, WHO DID

11    EVERYTHING POSSIBLE FOR THE OPPOSING PARTY OF PRO PER LITIGANTS

12    AND THE LEAST POSSIBLE FOR THE PLAINTIFF, CARREA CHRISTOPHER JR.,

13    AND PRO PER, A VIOLATION OF THE MOST FUNDAMENTAL TRIAL COURT RIGHTS.

14    THE PLAINTIFF, CARREA CHRISTOPHER JR., IS ATTORNEY

15    OF RECORD IN HIS CASE AND WAS ATTORNEY OF RECORD OF HIS CASE AT

16    THE TRIAL COURT LEVEL. THE DEFENDANT, SW, REFUSED THE PLAINTIFF,

17    ATTORNEY OF RECORD IN HIS CASE ACCESS TO A TELEPHONE. THE PLAINTIFF

18    COULD NOT CALL ANYONE DURING TRIAL. THE PLAINTIFF, COULD NOT CALL

19    THE SHERIFF DEPARTMENT OR THE LAW LIBRARY DURING TRIAL OR FOR

20    THAT MATTER AT ALL. THE PLAINTIFF, COULD NOT CALL PRIVATE CONFLICT

21    COUNSEL. THE PLAINTIFF COULD NOT CALL THE PRIVITE INVESTIGATOR

22    ASSIGHNED TO THE CASE FOR THE PLAINTIFF. THE PLAINTIFF, COULD NOT

23    CALL ANY WITNESSES IN HIS BEHALF, A VIOLATION OF THE SIXTH

24    AMENDMENT OF THE UNITED STATES CONSTITUTION. THE DEFENDANT, SW,

25    DID NOT ALLOW THE PLAINTIFF, ANY CALLS AS ATTORNEY OF RECORD. THE

26    PAGE SEVENTEEN

27

28    CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1  PLAINTIFF, CARREA CHRISTOPHER JR., WAS ONLY ALLOWED TO MAKE PHONE

2  CALLS ONE WEEK PRIOR TO THE TRIAL, FAR TO LATE AND FOR ONLY ONE

3  WEEK, DUE TO A COURT ORDER, BECAUSE DEFENDANT, SW, REFUSED TO

4  ALLOW THE PLAINTIFF, MEANS FOR A PHONE CALL. THE TRIAL COURT

5  STATED THE AGENCIES THE DEFENDANT, SW APPOINTED SHOULD PROVIDE

6  MEANS FOR THE PLAINTIFF, CARREA CHRISTOPHER JR., TO CONTACT WHO

7  HE HAS TO CONTACT.

8      THE PLAINTIFF, CARREA CHRISTOPHER JR., BY AND THROUGH THE

9  DEFENDANT,SW, AND THE AGENIES UNDER HIS CONTROL AND SUPERVISION

10 WAS DENIED THE RIGHT TO HAVE THE COMPULSORY PROCESS FOR OBTAINING

11 WITNESSES IN HIS FAVOR. THE DEFENDANT, SW, AND THE AGENCY IN HIS

12 CONTROL AND SUPERVISION HAS ADOPTED THE POLICY AND CUSTOM, THAT IF

13 YOU ARE AN INDIGENT LITIAGANT AND YOU ARE DENIED THE RIGHT TO HAVE

14 THE COMPULSORY PROCESS BECAUSE YOU DON'T HAVE THE MONEY TO BUY A

15 PHONE CARD, SO WHAT.

16     THE PLAINTIFF, CARREA CHRISTOPHER JR., WAS DEPRIVED OF

17 THE UNITED STATES SIXTH AMENDMENT OF THE UNITED STATES OF AMERICA

18 CONSTITUTIONAL RIGHT WAS DENIED , DUE TO THE DENIAL OF ACCESS TO

19 A TELEPHONE FOR THE, COMPULSORY PROCESS FOR OBTAINING WITNESSES IN

20 THE PLAINTIFF FAVOR. THE PLAINTIFF, CARREA CHRISTOPHER JR., SHOULD

21 HAVE HAD AN ATTORNEY TO ASSIST HIS SELF REPRESENTATION, IF THE

22 DEFENDANTS DID NOT WANT HIM TO MAKE PHONE CALLS. THE ACCEPTANCE

23 OF ONE AREA OF THE CONSTITUTION, SUCH AS SLEF REPRESENTATION,

24 DOES NOT ELIMINATE ANY OTHER AREA OF THE CONSTITUTION, SUCH AS THE

25 SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION RIGHT OF THE

26

27              PAGE EIGHTEEN

28 CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1   ASSISTANCE OF COUNSEL FOR HIS DEFENCE. IT HAS TO BE NOTED THE

2   DEFENDANTS IN RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION PROVIDED

3   WHITE PRO PER THE ASSITANCE OF COUNSEL.

4           THE DEFENDANT, SW, HAS MORE THEN A CASUAL CONNECTION TO

5   THE RACISIM OF THE PLAINTIFF, CARREA CHRISTOPHER JR., THE

6   DEFENDANT, SW, IS THE SUPERVISION OF THOSE WHO CONTINUE TO

7   IMPLEMENT RACIAL ANIMUS WITH DELIBRATE INDIFRENCE OF THE PLAINTIFF.

8   (SEE REDMAN V. COUNTY OF SAN DIEGO, 942 F2D 1435(9TH CIR.1991);

9   JOHNSON V. DUFFY, 588 F2.D 740 (9TH CIR. 1978) CUNNINGHAM V. GATES,

10  229 F3D 1271(9TH CIR. 2000) THE DEFENDANT, SW, KNEW THE DEPRIVATION

11  OF THE PLAINTIFF, CARREA CHRISTOPHER JR., WAS COMMITTED BY THOSE

12  UNDER HIS CONTROL AND SUPERVISION AND THE DEFENDANT,SW, COULD HAVE

13  PREVENTED THE DEPRIVATION OF THE PLAINTIFF RIGHTS.

14          THE DEFENDANT,SW, ADOPTED CUSTOM AND POLICY IS TO DENY

15  INDIGENT PRO PER OF THE CONSTITUTIONAL RIGHT TO MEANINGEUL ACCESS

16  TO THE COURTS, DUE TO THE RACIAL ANIMUS OF THE DEFENDANTS AND THE

17  INTENTIONAL DISCRIMINATION OF THE DEFENDANTS. THE DEFENDANTS, STATE

18  THE PLAINTIFF, CARREA CHRISTOPHER JR., COULD NOT AFFORD TO CALL

19  WITNESSES BECAUSE HE COULD NOT AFFORD TO BUY A PHONE CARD. THE

20  DEPRIVATION OF A CONSTITUTIONAL RIGHT, CANNOT BE JUSTIFIED BECAUSE

21  THE PLAINTIFF COULD NOT AFORD  A CALL CARD. THE DEFENDANT, SW,

22  DEPRIVATION OF THE PLAINTIFF, CARREA CHRISTOPHER JR, CONSTITUTIONAL

23  RIGHT TO CONTACT AND MAKE SURE HIS WITNESSES WOULD BE THGERE, WAS

24  A VIOLATION OF 42 USCA 1981. THE TRIAL COURT HAD MISLEAD THE

25  PLAINTIFF WITNESSES, THE FIRST DAY OF TRIAL THEY DID NOT HAVE TO

26  BE THERE. THE PLAINTIFF WITNESSES WERE IN TOWN AND LEFT TO GO BACK

27                      PAGE NINETEEN

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1   TO LOS ANGELES AND DID NOT RETURN. THE COST FOR THE PLAINTIFF, TO

2   HAVE CONTACTACTED THE WITNESSES PRIOR TO THEM LEAVING WAS $10.00,

3   TO LET THE WITNESSES KNOW THEY WERE STILL NEEDED. THE DEFENDANT,

4   SW, REFUSED TO PROVIDE A $10.00 PHONE CARD TO THE PLAINTIFF,

5   CARREA CHRISTOPHER JR., DURING TRIAL STAGE TO CONTACT WITNESSES.

6   THE DEPRIVATION WAS THE DEPRIVATION OF THE MOST BASIC AND

7   FUNDAMENTAL RIGHT TO THE MEANINGFUL ACCESS TO THE COURTS. THE

8   ABILITY TO CONTACT WITNESSES IS A FUNDAMENTAL RIGHT OF THE COURT

9   PROCESS..

10          THE COURT PROCESS AND ACCESS TO THE COURT WERE DEPRIVATION

11  OF THE PLAINTIFF UNITED STATES CONSTITUTIONAL RIGHTS, BY THE

12  DEFENDANT, SW, IN DELIBRATE INDIFRENCE OF THE PLAINTIFF. THE

13  DEFENDANT, SW, PROVIDED A DEFICENT LAW LIBRARY, THAT DID NOT EVEN

14  HAVE A EVIDENCE CODE BOOK, A CRIMINAL PROCEDURE BOOK, WEST ANNOTATED

15  PENAL CODE BOOK AND PROVIDED AN INVESTIGATOR SO DEFICIENT HE REFUSED

16  TO SHOW UP FOR THE FIRST DAY OF TRIAL TO SUBPENA WITNESSES THAT

17  SHOWED UP, WHICH WAS A MUST FOR HIM TO APPEAR AND REFUSED TO SHOW

18  UP AT THE PRLIMINARY HEARING. THE INVESTIGATOR LIED ABOUT THE

19  HOURS HE BILLED THE GENERAL PUBLIC AND WHEN THE DEFENDANT, SW, WAS

20  INFORMED OF IT, HE DID NOTHING.

21          THE DEFENDANT, SW ONLY PROVIDED A COMPUTER IN THE LAW

22  LIBRARY USED ONLY TO PULL UP CASES AFTER ONE LOCATES A CASE. THE

23  COMPUTER ONLY CAME UP WITH CASES THAT BENIFITED THE DISTRICT ATTORNEY

24  DUE TO THE SOFTWARE SUPPLIED TO PRO PER LITIGANTS. THE DEFENDANT,

25  SW SUBJECTED THE PLAINTIFF, CARREA CHRISTOPHER JR.,  TO THE

26  DEPRIVATION OF RIGHTS, NO WHITE MAN WAS SUBJECTED TO.

27                          PAGE TWENTY

28  CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

V

THE FIRST CAUSE OF ACTION, THE

VIOLATION OF 42 USCA 1981, DUE

TO THE INTENTIONAL DISCRIMINATION

OF THE PLAINTIFF, BASED ON AND DUE

TO THE RACE OF THE PLAINTIFF, DUE

TO DEFENDANT, SAN DIEGO COUNTY

SHERIFF DEPARTMENT

THE SAN DIEGO COUNTY SHERIFF DEPARTMENT,(HEREINAFTER KNOWN AS SD)

HAS DISCRIMINATED AGAINST THE PLAINTIFF, CARREA
CHRISTOPHER JR., BECAUSE THE PLAINTIFF IS GENETICALLY PART OF AN
ETHINICALLY AND PHYSIOGNAMICALLY DISTINCTIVE SUB-GROUPING OF AN
INDIVIDUAL. THE PLAINTIFF IS AFRO AMERICAN. THE DEFENDANT,SD,
IN VIOLATION OF 42 USCA 1981 DEPRIVED THE PLAINTIFF OF HIS
CONSTITUTIONAL RIGHTS.

THE DEFENDANT, SD   ,WAS PERSONALLY INVOLVED IN THE
CONSTITUTIONAL DEPRIVATION OF THE PLAINTIFF, RIGHT DUE TO THE
RESPONSE OF THE DEFENDANT,SD   ,TO ALLOW THE RACIAL ANIMUS TO
HAPPEN AND THE DEFENDANT,SD , WAS A FULL PARTICIPANT IN THE
INFLICTION AND DEPRIVATION OF THE PLAINTIFF CONSTITUTIONAL RIGHTS.
THE DEFENDANT, SD ,ALLOWED THOSE IN THE CONTROL AND SUPERVISION TO
COMMITT CONSTITUTIONAL TORTS WEEKLY. THE DEFENDANT,SD   , HAS MORE
THEN A CASUAL CONNECTION TO THE DEPRIVATION OF CONSTITUTIONAL
RIGHTS AND RACIAL ANIMUS OF THIS CASE, THE DEFENDANTS ARE

PAGE TWENTY ONE

CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1  CONTROL AND SUPERVISION OF THOSE WHO CONTINUE TO COMMIT AND

2  IMPLEMENT RACIAL ANIMUS WITH DELIBRATE INDIFRENCE OF THE PLAINTIFF,

3  CARREA CHRISTOPHER JR. THE DEFENDANT, SD  , AND THOSE DEFENDANT,

4  SD   ,CONTROL AND SUPERVISE CONTINUE TO COMMIT AND IMPLEMENT

5  RACIAL ANIMUS WITH DELIBRATE INDIFRENCE OF THE PLAINTIFF, CARREA

6  CHRISTOPHER JR..(SEE REDMAN V. COUNTY OF SAN DIEGO, 942 F.2D 1435,

7  1446-1447(9TH CIR. 1991); JOHNSON V. DUFFY, 588 F2.D 740-743(9TH CIR.

8  1978);CUNNINGHAM V. GATES, 229 F3D 1271-1292(9TH CIR. 2000)

9       THE FUNDAMENTAL CONSTITUTIONAL RIGHTS REQUIRES THE DEFENDANTS

10  TO ASSIST PRO PER INMATES IN THE PREPARATION AND FILING OF LEGAL

11  DOCUMENTS, WITH ADEQUATE LAW LIBARY WITH INDIVIDUALS TRAINED IN

12  THE LAW. THE DEFENDANT, SD  , SET IN MAOTION A SERIES OF ACTS,

13  ADOPTED POLICIES AND CUSTOM, WHICH THE DEFENDANT, SD ,KNOWS OR

14  REASONABLY SHOULD KNOW WOULD CAUSE THE PLAINTIFF, CARREA

15  CHRISTOPHER JR., AND OTHER CONSTITUTIONAL INJURY. THE PERSONAL

16  PARTICIPATION IS NOT THE ONLY PREDICATE FOR LIABILITY PURSUANT TO

17  42 USCA 1981, THE CIVIL RIGHTS ACT. PURSUANT TO 42 USCA 1981,

18  ANYONE WHO CAUSES ANY CITIZEN TO BE SUBJECTED TO A CONSTITUTIONAL

19  DEPRIVATION IS AS LIABLE AS ONE THAT PERSONALLY PARTICIPATED. THE

20  DEFENDANT, SD  , NOT ONLY PERSONALLY PARTICIPATED, BUT ALSO CAUSED

21  THE CONSTITUTIONAL TORTS. THE INACTION OF THE DEFENDANTS ALSO WAS

22  CONSTITUTIONAL TORTS DUE TO THE DEFENDANT, SD  , OBLIGATION IN

23  THIS CASE BY CONTRACT, BY STATUTE AND REGULATIONS AS WELL AS THE

24  STATE OF CALIFORNIA AND UNITED STATES CONSTITUTION SUBJECTED

25  THEMSELVES TO LIABILITY.

26                          PAGE TWENTY TWO

27

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

THE SPECIFIC FACTS OF EVIDENCE OF VIOLATION OF 42 USCA 1981 ALSO INCLUDE THE FOLLOWING:

THE DEFENDANT, SD   ,REFUSED THE PLAINTIFF, CARREA CHRISTOPHER JR., THE ABILITY TO GO TO THE STATE OF CALIFORNIA SUPREME COURT. THE DEFENDANT, SD , STATED THE STATE OF CALIFORNIA SUPREME COURT ONLY DELT WITH CIVIL CASES DESPITE THE PLAINTIFF INFORMING THEM THE STATE OF CALIFORNIA SUPREME COURT DEALS WITH BOTH CIVIL AND CRIMINAL CASES AND. FOR THEM TO CALL THE STATE OF CALIFORNIA SUYPREME COURT AND FIND OUT THEM SELVES. THE DEFENDANT, , PLACED AN INDIVIDUAL IN THE LAW LIBRARY THAT KNEW NOTHING ABOUT THE LAW, YET THE DEFENDANT,SD , RELIED ON HIS UPON AS TO HOW THE LAW SHOULD BE APPLIED TO PRO PER LITIGANTS AND THE PLAINTIFF, CARREA CHRISTOPHER JR.

THE DEFENDANT, SD   ,ACCEPTED THE RESPONSIBILITY OF PROVIDING PRO PER SERVICES AND REFUSED TO ALLOW ANY OUTSIDE THE RESPONSIBILITY TO PROVIDE PRO PER PRIVILEGES. THE DEFENDANT,SD , HAVING ACCEPTED THE RESPONSIBILITY TO PROVIDE PRO PER PRIVILEGES SUCH AS PRO PER CONTACTING WITNESSES FOR MEANINGFUL ACCESS TO THE COURTS REFUSED TO PROVIDE MEANS FOR INDIGENT PRO PER SUCH AS THE PLAINTIFF TO THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR BY REFUSING THE PLAINTIFF A PHONE HE COULD USE, DESPITE THE FACT THEY WERE PAID TO DO SO. THE DEFENDANT, SD , BELIEVES A PRO PER LITIGANT AND THE PLAINTIFF, CARREA CHRISTOPHER JR. SHOULD NOT HAVE THE RIGHT TO REDRESS THE GOVERNMENT FOR ITS WRONGS AND STATED ON THE

PAGE TWENTY THREE

CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1    COURT RECORD THEY REFUSE TO ASSIST INDIGENT PRO PER WITH THE SIXTH

2    AMENDMENT OF THE CONSTITUTION COMPULSORY PROCESS TO OBTAIN WITNESSES

3    IN THERE FAVOR. THE ADOPTED POLICY AND CUSTOM OF THE DEFENDNAT,

4    SD    ,IS THAT IF YOU HAVE NO MONEY FOR JUSTICE TO BAD, ON COURT

5    TRANSCRIPT. THE DEFENDNAT, SD    , HAS ACCEPTED THE RESPONSIBILITY

6    TO PROVIDE PRO PER SERVICES BUT HAS AN ADOPTTED POLICY AND CUSTOM

7    TO GET RID OF PRO PER PROGRAMS AND BELIEVE NO ONE SHOULD BE AFORDED

8    THE RIGHT TO BE PRO PER. THE DEFENDANT, SD  , HAS STATED ON COURT

9    RECORD THEY DON'T LIKE PRO PER.

10           THE DEFENDANT, SD   , HAS REFUSED THE PLAINTIFF ADEQUATE

11   TIME IN THE LAW LIBRARY. THE DEFENDANT PROVIDED THE PLAINTIFF,

12   CARREA CHRISTOPHER JR., LESS THEN FOUR HOURS A WEEK IN THE LAW

13   LIBRARY.  THE DEFENDANT, SD   , REFUSED TO HIRE A COMPETENT LAW

14   LIBRARIAN. THE LAW LIBRARIAN(COUNSLER LEE)WAS SO INCOMPETENT HE

15   DID NOT KNOW WHAT AN EVIDENCE CODE OR CRIMINAL PROCEDURE BOOK WAS.

16   THE DEFENDANT, SD  ,REFUSED TO MEET THE STANDARD OF THE RULES OF

17   THE COURT IN THERE SERVICES OF PROVIDING PRO PER SERVICES.

18           THE DEFENDANT, SD   HAS STATED FOR THE RECORD THAT DESPITE

19   HAVING THE RESPONSIBILITY TO PROVIDE PRO PER SERVICES, HAS A POLICY

20   AND ADOPTED CUSTOM OF NOT PROVIDE PRO PER SERVICES AND BELIEVES

21   THE BURDEN OF THE PLAINTIFF, CARREA CHRISTOPHER JR. SHOULD BE

22   IGNORED BY THEM AND THE COURT. THE DEFENDANT, SD  , HAS ADOPTED

23   POLICY AND CUSTOM, THE PLAINTIFF SHOULD ACCEPT THERE VIOLATION

24   OF 42 USCA 1981 ALSO STATED FOR THE RECORD. THE DEFENDANT,SD  ,

25   HAS AN ADOPTED POLICY AND CUSTOM STATED ON THE RECORD THAT THEY

26   DON'T WANT A LAW LIBRARY FOR THE PLAINTIFF AND PRO PER.

27                    PAGE TWENTY FOUR

28   CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1  THE DEFENDANT, SD  , DID EVERY THING POSSIBLE TO DENY THE PLAINTIFF,

2  CARREA CHRISTOPHER JR., THE LAW LIBRARY. THE DEFENDANT,SD   ,

3  HAS AN ADOPTED POLICY AND CUSTOM A PRO PER AND THE PLAINTIFF,

4  SHOULD NOT COMPLAIN UNTIL A CONVICTION WHICH IS TO LATE.

5        THE DEFENDNAT, SD    ,HAS ALLOWED THOSE IN DEFENDANT,

6  SD    , CONTROL AND SUPERVISION TO BEAT BLACK PRO PER, DUE TO

7  THE RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION OF DEFENDANT,

8  SD   . THE DEFENDANT ALLOWED THE PLAINTIFF, CARREA CHRISTOPHER

9  JR TO BE BEATEN BY ONE OF THEIR DEPUTIES( DEPUTY GRIMM)SIMPLY

10 BECAUSE THE PLAINTIFF, REQUESTED TO SPEACK TO THE DEPUTY SUPERIOR.

11 THE DEPUTY ONLY BEAT BLACK PRO PER DUE TO HIS RACIAL ANIMUS AND

12 INTENTIONAL DISCRIMINATION, UNDER THE SUPERVISION AND CONTROL

13 OF DEFENDANT, SD  ,DUE TO THE RACIAL ANIMUS AND INTENTIONAL

14 DISCRIMINATION OF DEFENDANT, SD   .

15        THE APPOINTED LAW LIBRARIAN, DUE TO HIS HATRED OF BLACKS,

16 RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION REFUSED TO MAKE

17 COPIES FOR BLACKS, REFUSED TO ANSWER GRIEVANCES AND HID GRIEVANCES

18 AND WHEN DEFENDANT, SD , WAS INFORMED OF THE BREACH OF THE GRIEVANCE

19 PROCESS DEFENDANT, SD , ASSISTED IN THE BREACH OF GRIEVANCE

20 PROCESS AND REFUSED TO ANSWER GRIEVANCES AS WELL. THE APPOINTED

21 LAW LIBRARIAN KNEW NOTHING ABOUT THE LAW. THE APPOINTED LAW

22 LIBRARIAN WAS PLACED IN THE LAW LIBARY ONLY TO MAKE THE PRO PER

23 TASK DIFICULT AND TO HARRASS THE PLAINTIFF AS WELL AS PRO PER.

24 THE APPOINTED LAW LIBRARIAN TOOK DOCUMENTS FROM THE PLAINTIFF

25 AND REFUSED TO RETURN THEM UNDER THE CONTROL AND SUPERVISION OF

26 THE DEFENDANT, SD   . THE INCOMPETENT LAW LIBRAIRIAN MADE SURE

27                    PAGE TWENTY FIVE

28 CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

THE BARE ESSENTIAL LAW LIBARY BOOKS WERE NOT IN THE LAW LIBRARY

SUCH AS THE CALIFORNIA EVIDENCE CODE BOOK, WEST ANNOTATED PENAL

CODE, EVIDENCE CODE AND HEALTH AND SAFTEY CODE BOOKS WERE NOT

AVAILABLE. THERE WAS NO FEDERAL CODE BOOKS OR ANY USCA BOOKS IN

THE LAW LIBRARY AND DEFENDANT, SD , REFUSED TO SUPPLY THOSE BOOK

IN THE LAW LIBRARY AND INFORMED BOTH THE COURT AND THE COUNTY

OF SAN DIEGO EVERY THING WAS FINE. THE COUNTY OF SAN DIEGO SHOULD

HAVE HAD MONITORS FOR THE ALLOCATION OF FUNDS FOR PRO PER

LITIGANTS BUT FAILED TO, DUE TO THERE RACIAL ANIMUS. THE LAW

LIBRARIAN SEXUALLY HARRASED BLACK PRO PER AND ADMITTED IT TO

DEFENDANT, SD   .

PURSUANT TO RULE (8) OF THE  FEDERAL COURT

WHICH STATES AS FOLLOW:

RULE (8)(A)A PLEADING WHICH SETS FORTH A CLAIM

FOR RELIEF, WHETHER AN ORIGINAL CLAIM, COUNTER

CLAIM, CROSS-CLAIM OR THIRD PARTY CLAIM, SHALL

CONTAIN(1)A SHORT AND PLAIN STATMENT......

THE COST OF BEING A PRO PER CANNOT JUSTIFY THE DENIAL OF THAT

CONSTITUTIONAL RIGHT BY DEFENDANT, SD .THE FUNDAMENTAL CONSTITUTIONAL

RIGHT OF ACCESS TO THE COURT, REQUIRES ADEQUATE LAW LIBRARIES AND

PERSON TRIANED IN THE LAW, BOTH OF WHICH THE DEFENDANT,SD , DENIED

THE PLAINTIFF,. CARREA CHRISTOPHER JR..(SEE BOUNDS V. SMITH,  97

S.CT. 817; LEWIS V. CASEY(1995)116 S.CT. 2174)

PAGE TWENTY SIX

CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1    THERE MUST NOT BE OFFICIAL INTERFERENCE BY THE

2   DEFENDANT, SD ,WITH THE ABILITY OF THE PLAINTIFF AND PRO PER

3   WITH THEIR PRESENTATION OF THEIR CASES TO THE COURT. THE DEFENDANT,

4    SD ,MUST ESTABLISH PUBLICLY THEY REFUSE TO ASSIST THE PLAINTIFF,

5   AND PRO PER. THE DEFENDANT, SD, IN THIS CASE HINDERED THE

6   PLAINTIFF, IN HIS PRESENTATION TO THE COURT AND REFUSED TO HELP

7   THE PLAINTIFF WITH PRO PER SERVICES, DESPITE THE FACT INFORMING

8   THEY WOULD.

9    THE DEFENDANT, SD , HAS A POLICY OF A LITANY OF

10  RAMBLING AND EXCUSES NOT TO PROVIDE THE SERVICES THE DEFENDANT,

11   SD , IS PAID TO PROVIDE. THE DEFENDANT, SD    ,HAVE A POLICY

12  AND ADOPTED CUSTOM NOT TO PROVIDE AN ADEQUATE LAW LIBRARY FOR

13  THE PLAINTIFF AND PRO PER, ESPECIALLLY INDIGENT PRO PER AS THE

14  PLAINTIFF WHO ARE ALL PEOPLE OF COLOR, DUE TO RACIAL ANIMUS AND

15  INTENTIONAL DISCRIMINATION.THE DEFENDANT, SD , HAS A POLICY

16  AND ADOPTED CUSTOM TO HINDER AND CONVINCE THE COURT TO NOT PROVIDE

17  PRO PER SERVICES AND HAS A HISTORY OF THE POLICY AND ADOPTED

18  CUSTOM OF TAKING PRO PER RIGHTS ONE STEP AT A TIME. THE DEFENDANT,

19   SD ,HAS A POLICY OF GOING TO COURT TO REMOVE PRO PER RIGHTS

20  WITHOUT SERVING THE PLAINTIFF AND OTHER PRO PER WITH NOTICE AND

21  PROPER SERVICE OF THERE INTENTION UNTIL ITS DONE. THE DEFENDANT,

22   SD ,HAS A POLICY AND CUSTOM OF REFUSING INDIGENT MINORITY

23  PRO PER THE USE OF TELEPHONE AND HAS THE CUSTOM AND ADOPTED

24  POLICY OF SO WHAT IF AN INDIGENT PRO PER CAN'T MAKE NECESSARY

25  PHONE CALLS, DUE TO RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION.

26    PAGE TWENTY SEVEN

27

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1
2                              VI

3              THE FIRST CAUSE OF ACTION, THE

4              VIOLATION OF 42 USCA 1981, DUE

5               TO THE INTENTIONAL DISCRIMINATION

6               OF THE PLAINTIFF, BASED ON AND DUE

7               TO THE RACE OF THE PLAINTIFF, DUE

8               TO DEFENDANT, SAN DIEGO COUNTY

9              **SHERIFF WILLIAM KOLENDER**

**THE COUNTY SHERIFF, WILLIAM KOLENDER**        (HEREINAFTER KNWON AS BW)

10

11       HAS DISCRIMINATED AGAINST THE PLAINTIFF, CARREA

12  CHRISTOPHER JR., BECAUSE THE PLAINTIFF IS GENETICALLY PART OF AN

13  ETHINICALLY AND PHYSIOGNAMICALLY DISTINCTIVE SUB-GROUPING OF AN

14  INDIVIDUAL. THE PLAINTIFF IS AFRO AMERICAN. THE DEFENDANT, BW

15  IN VIOLATION OF 42 USCA 1981 DEPRIVED THE PLAINTIFF OF HIS

16  CONSTITUTIONAL RIGHTS.

17       THE DEFENDANT, BW  ,WAS PERSONALLY INVOLVED IN THE

18  CONSTITUTIONAL DEPRIVATION OF THE PLAINTIFF, RIGHT DUE TO THE

19  RESPONSE OF THE DEFENDANT, BW  ,TO ALLOW THE RACIAL ANIMUS TO

20  HAPPEN AND THE DEFENDANT, **BW** , WAS A FULL PARTICIPANT IN THE

21  INFLICTION AND DEPRIVATION OF THE PLAINTIFF CONSTITUTIONAL RIGHTS.

22  THE DEFENDANT, BW ,ALLOWED THOSE IN THE CONTROL AND SUPERVISION TO

23  COMMITT CONSTITUTIONAL TORTS WEEKLY. THE DEFENDANT, BW , HAS MORE

24  THEN A CASUAL CONNECTION TO THE DEPRIVATION OF CONSTITUTIONAL

25  RIGHTS AND RACIAL ANIMUS OF THIS CASE, THE DEFENDANTS ARE

26

27                     PAGE TWENTY EIGHT

28   CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1   CONTROL AND SUPERVISION OF THOSE WHO CONTINUE TO COMMIT AND

2   IMPLEMENT RACIAL ANIMUS WITH DELIBRATE INDIFRENCE OF THE PLAINTIFF,

3   CARREA CHRISTOPHER JR. THE DEFENDANT; BW  , AND THOSE DEFENDANT,

4    BW   ,CONTROL AND SUPERVISE CONTINUE TO COMMIT AND IMPLEMENT

5   RACIAL ANIMUS WITH DELIBRATE INDIFRENCE OF THE PLAINTIFF, CARREA

6   CHRISTOPHER JR..(SEE REDMAN V. COUNTY OF SAN DIEGO, 942 F.2D 1435,

7   1446-1447(9TH CIR. 1991); JOHNSON V. DUFFY, 588 F2.D 740-743(9TH CIR.

8   1978);CUNNINGHAM V. GATES, 229 F3D 1271-1292(9TH CIR. 2000)

9       THE FUNDAMENTAL CONSTITUTIONAL RIGHTS REQUIRES THE DEFENDANTS

10  TO ASSIST PRO PER INMATES IN THE PREPARATION AND FILING OF LEGAL

11  DOCUMENTS, WITH ADEQUATE LAW LIBARY WITH INDIVIDUALS TRAINED IN

12  THE LAW. THE DEFENDANT, BW  , SET IN MAOTION A SERIES OF ACTS,

13  ADOPTED POLICIES AND CUSTOM, WHICH THE DEFENDANT, BW ,KNOWS OR

14  REASONABLY SHOULD KNOW WOULD CAUSE THE PLAINTIFF, CARREA

15  CHRISTOPHER JR., AND OTHER CONSTITUTIONAL INJURY. THE PERSONAL

16  PARTICIPATION IS NOT THE ONLY PREDICATE FOR LIABILITY PURSUANT TO

17  42 USCA 1981, THE CIVIL RIGHTS ACT. PURSUANT TO 42 USCA 1981,

18  ANYONE WHO CAUSES ANY CITIZEN TO BE SUBJECTED TO A CONSTITUTIONAL

19  DEPRIVATION IS AS LIABLE AS ONE THAT PERSONALLY PARTICIPATED. THE

20  DEFENDANT, BW  , NOT ONLY PERSONALLY PARTICIPATED, BUT ALSO CAUSED

21  THE CONSTITUTIONAL TORTS. THE INACTION OF THE DEFENDANTS ALSO WAS

22  CONSTITUTIONAL TORTS DUE TO THE DEFENDANT, BW  , OBLIGATION IN

23  THIS CASE BY CONTRACT, BY STATUTE AND REGULATIONS AS WELL AS THE

24  STATE OF CALIFORNIA AND UNITED STATES CONSTITUTION SUBJECTED

25  THEMSELVES TO LIABILITY.

26                          PAGE TWENTY NINE

27

28   CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

THE SPECIFIC FACTS OF EVIDENCE OF VIOLATION OF 42 USCA

1981 ALSO INCLUDE THE FOLLOWING:

THE DEFENDANT, BW    ,REFUSED THE PLAINTIFF, CARREA

CHRISTOPHER JR., THE ABILITY TO GO TO THE STATE OF CALIFORNIA

SUPREME COURT. THE DEFENDANT, BW , STATED THE STATE OF CALIFORNIA

SUPREME COURT ONLY DELT WITH CIVIL CASES DESPITE THE PLAINTIFF

INFORMING THEM THE STATE OF CALIFORNIA SUPREME COURT DEALS WITH

BOTH CIVIL AND CRIMINAL CASES AND FOR THEM TO CALL THE STATE OF

CALIFORNIA SUYPREME COURT AND FIND OUT THEM SELVES. THE DEFENDANT,

BW    , PLACED AN INDIVIDUAL IN THE LAW LIBRARY THAT KNEW NOTHING

ABOUT THE LAW, YET THE DEFENDANT, BW , RELIED ON HIS UPON AS TO

HOW THE LAW SHOULD BE APPLIED TO PRO PER LITIGANTS AND THE PLAINTIFF,

CARREA CHRISTOPHER JR.

THE DEFENDANT, BW    ,ACCEPTED THE RESPONSIBILITY OF

PROVIDING PRO PER SERVICES AND REFUSED TO ALLOW ANY OUTSIDE THE

RESPONSIBILITY TO PROVIDE PRO PER PRIVILEGES. THE DEFENDANT, BW ,

HAVING ACCEPTED THE RESPONSIBILITY TO PROVIDE PRO PER PRIVILEGES

SUCH AS PRO PER CONTACTING WITNESSES FOR MEANINGFUL ACCESS TO THE

COURTS REFUSED TO PROVIDE MEANS FOR INDIGENT PRO PER SUCH AS THE

PLAINTIFF TO THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION

COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR BY REFUSING

THE PLAINTIFF A PHONE HE COULD USE, DESPITE THE FACT THEY WERE

PAID TO DO SO. THE DEFENDANT, BW , BELIEVES A PRO PER LITIGANT

AND THE PLAINTIFF, CARREA CHRISTOPHER JR. SHOULD NOT HAVE THE

RIGHT TO REDRESS THE GOVERNMENT FOR ITS WRONGS AND STATED ON THE

PAGE THIRTY

CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1    COURT RECORD THEY REFUSE TO ASSIST INDIGENT PRO PER WITH THE SIXTH
2    AMENDMENT OF THE CONSTITUTION COMPULSORY PROCESS TO OBTAIN WITNESSES
3    IN THERE FAVOR. THE ADOPTED POLICY AND CUSTOM OF THE DEFENDNAT,
4    BW   ,IS THAT IF YOU HAVE NO MONEY FOR JUSTICE TO BAD, ON COURT
5    TRANSCRIPT. THE DEFENDNAT, BW   , HAS ACCEPTED THE RESPONSIBILITY
6    TO PROVIDE PRO PER SERVICES BUT HAS AN ADOPTTED POLICY AND CUSTOM
7    TO GET RID OF PRO PER PROGRAMS AND BELIEVE NO ONE SHOULD BE AFORDED
8    THE RIGHT TO BE PRO PER. THE DEFENDANT, BW   , HAS STATED ON COURT
9    RECORD THEY DON'T LIKE PRO PER.
10        THE DEFENDANT, BW   , HAS REFUSED THE PLAINTIFF ADEQUATE
11   TIME IN THE LAW LIBRARY. THE DEFENDANT PROVIDED THE PLAINTIFF,
12   CARREA CHRISTOPHER JR., LESS THEN FOUR HOURS A WEEK IN THE LAW
13   LIBRARY.  THE DEFENDANT, BW  , REFUSED TO HIRE A COMPETENT LAW
14   LIBRARIAN. THE LAW LIBRARIAN(COUNSLER LEE)WAS SO INCOMPETENT HE
15   DID NOT KNOW WHAT AN EVIDENCE CODE OR CRIMINAL PROCEDURE BOOK WAS.
16   THE DEFENDANT, BW  ;REFUSED TO MEET THE STANDARD OF THE RULES OF
17   THE COURT IN THERE SERVICES OF PROVIDING PRO PER SERVICES.
18        THE DEFENDANT, BW   HAS STATED FOR THE RECORD THAT DESPITE
19   HAVING THE RESPONSIBILITY TO PROVIDE PRO PER SERVICES, HAS A POLICY
20   AND ADOPTED CUSTOM OF NOT PROVIDE PRO PER SERVICES AND BELIEVES
21   THE BURDEN OF THE PLAINTIFF, CARREA CHRISTOPHER JR. SHOULD BE
22   IGNORED BY THEM AND THE COURT. THE DEFENDANT, BW  , HAS ADOPTED
23   POLICY AND CUSTOM, THE PLAINTIFF SHOULD ACCEPT THERE VIOLATION
24   OF 42 USCA 1981 ALSO STATED FOR THE RECORD. THE DEFENDANT, BW   ,
25   HAS AN ADOPTED POLICY AND CUSTOM STATED ON THE RECORD THAT THEY
26   DON'T WANT A LAW LIBRARY FOR THE PLAINTIFF AND PRO PER.
27                    PAGE THIRTY ONE
28   CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1   THE DEFENDANT, BW    , DID EVERY THING POSSIBLE TO DENY THE PLAINTIFF,

2   CARREA CHRISTOPHER JR., THE LAW LIBRARY. THE DEFENDANT, BW    ,

3   HAS AN ADOPTED POLICY AND CUSTOM A PRO PER AND THE PLAINTIFF,

4   SHOULD NOT COMPLAIN UNTIL A CONVICTION WHICH IS TO LATE.

5           THE DEFENDNAT, BW    , HAS ALLOWED THOSE IN DEFENDANT,

6   BW      , CONTROL AND SUPERVISION TO BEAT BLACK PRO PER, DUE TO

7   THE RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION OF DEFENDANT,

8   BW    . THE DEFENDANT ALLOWED THE PLAINTIFF, CARREA CHRISTOPHER

9   JR TO BE BEATEN BY ONE OF THEIR DEPUTIES( DEPUTY GRIMM)SIMPLY

10  BECAUSE THE PLAINTIFF, REQUESTED TO SPEACK TO THE DEPUTY SUPERIOR.

11  THE DEPUTY ONLY BEAT BLACK PRO PER DUE TO HIS RACIAL ANIMUS AND

12  INTENTIONAL DISCRIMINATION, UNDER THE SUPERVISION AND CONTROL

13  OF DEFENDANT, BW   , DUE TO THE RACIAL ANIMUS AND INTENTIONAL

14  DISCRIMINATION OF DEFENDANT, BW    .

15          THE APPOINTED LAW LIBRARIAN, DUE TO HIS HATRED OF BLACKS,

16  RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION REFUSED TO MAKE

17  COPIES FOR BLACKS, REFUSED TO ANSWER GRIEVANCES AND HID GRIEVANCES

18  AND WHEN DEFENDANT, BW , WAS INFORMED OF THE BREACH OF THE GRIEVANCE

19  PROCESS DEFENDANT, BW , ASSISTED IN THE BREACH OF GRIEVANCE

20  PROCESS AND REFUSED TO ANSWER GRIEVANCES AS WELL. THE APPOINTED

21  LAW LIBRARIAN KNEW NOTHING ABOUT THE LAW. THE APPOINTED LAW

22  LIBRARIAN WAS PLACED IN THE LAW LIBARY ONLY TO MAKE THE PRO PER

23  TASK DIFICULT AND TO HARRASS THE PLAINTIFF AS WELL AS PRO PER.

24  THE APPOINTED LAW LIBRARIAN TOOK DOCUMENTS FROM THE PLAINTIFF

25  AND REFUSED TO RETURN THEM UNDER THE CONTROL AND SUPERVISION OF

26  THE DEFENDANT, BW    . THE INCOMPETENT LAW LIBRAIRIAN MADE SURE

27                      PAGE THIRTY TWO

28  CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1  THE BARE ESSENTIAL LAW LIBARY BOOKS WERE NOT IN THE LAW LIBRARY

2  SUCH AS THE CALIFORNIA EVIDENCE CODE BOOK, WEST ANNOTATED PENAL

3  CODE, EVIDENCE CODE AND HEALTH AND SAFTEY CODE BOOKS WERE NOT

4  AVAILABLE. THERE WAS NO FEDERAL CODE BOOKS OR ANY USCA BOOKS IN

5  THE LAW LIBRARY AND DEFENDANT, BW , REFUSED TO SUPPLY THOSE BOOK

6  IN THE LAW LIBRARY AND INFORMED BOTH THE COURT AND THE COUNTY

7  OF SAN DIEGO EVERY THING WAS FINE. THE COUNTY OF SAN DIEGO SHOULD

8  HAVE HAD MONITORS FOR THE ALLOCATION OF FUNDS FOR PRO PER

9  LITIGANTS BUT FAILED TO, DUE TO THERE RACIAL ANIMUS. THE LAW

10  LIBRARIAN SEXUALLY HARRASED BLACK PRO PER AND ADMITTED IT TO

11  DEFENDANT, BW    .

12

13

14              PURSUANT TO RULE (8) OF THE  FEDERAL COURT

15  WHICH STATES AS FOLLOW:

16          RULE (8)(A)A PLEADING WHICH SETS FORTH A CLAIM

17          FOR RELIEF, WHETHER AN ORIGINAL CLAIM, COUNTER

18          CLAIM, CROSS-CLAIM OR THIRD PARTY CLAIM, SHALL

19          CONTAIN(1)A SHORT AND PLAIN STATMENT......

20

21    THE COST OF BEING A PRO PER CANNOT JUSTIFY THE DENIAL OF THAT

22  CONSTITUTIONAL RIGHT BY DEFENDANT, BW .THE FUNDAMENTAL CONSTITUTIONAL

23  RIGHT OF ACCESS TO THE COURT, REQUIRES ADEQUATE LAW LIBRARIES AND

24  PERSON TRIANED IN THE LAW, BOTH OF WHICH THE DEFENDANT, BW, DENIED

25  THE PLAINTIFF, CARREA CHRISTOPHER JR..(SEE BOUNDS V. SMITH,  97

26  S.CT. 817; LEWIS V. CASEY(1995)116 S.CT. 2174)

27                  PAGE THIRTY THREE

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1    THERE MUST NOT BE OFFICIAL INTERFERENCE BY THE

2  DEFENDANT, BW  ,WITH THE ABILITY OF THE PLAINTIFF AND PRO PER

3  WITH THEIR PRESENTATION OF THEIR CASES TO THE COURT. THE DEFENDANT,

4   BW  ,MUST ESTABLISH PUBLICLY THEY REFUSE TO ASSIST THE PLAINTIFF,

5  AND PRO PER. THE DEFENDANT,  BW, IN THIS CASE HINDERED THE

6  PLAINTIFF, IN HIS PRESENTATION TO THE COURT AND REFUSED TO HELP

7  THE PLAINTIFF WITH PRO PER SERVICES, DESPITE THE FACT INFORMING

8  THEY WOULD.

9    THE DEFENDANT, BW , HAS A POLICY OF A LITANY OF

10  RAMBLING AND EXCUSES NOT TO PROVIDE THE SERVICES THE DEFENDANT,

11   BW  , IS PAID TO PROVIDE. THE DEFENDANT, BW    ,HAVE A POLICY

12  AND ADOPTED CUSTOM NOT TO PROVIDE AN ADEQUATE LAW LIBRARY FOR

13  THE PLAINTIFF AND PRO PER, ESPECIALLLY INDIGENT PRO PER AS THE

14  PLAINTIFF WHO ARE ALL PEOPLE OF COLOR, DUE TO RACIAL ANIMUS AND

15  INTENTIONAL DISCRIMINATION.THE DEFENDANT,BW   , HAS A POLICY

16  AND ADOPTED CUSTOM TO HINDER AND CONVINCE THE COURT TO NOT PROVIDE

17  PRO PER SERVICES AND HAS A HISTORY OF THE POLICY AND ADOPTED

18  CUSTOM OF TAKING PRO PER RIGHTS ONE STEP AT A TIME. THE DEFENDANT,

19   BW  ,HAS A POLICY OF GOING TO COURT TO REMOVE PRO PER RIGHTS

20  WITHOUT SERVING THE PLAINTIFF AND OTHER PRO PER WITH NOTICE AND

21  PROPER SERVICE OF THERE INTENTION UNTIL ITS DONE. THE DEFENDANT,

22   BW    ,HAS A POLICY AND CUSTOM OF REFUSING INDIGENT MINORITY

23  PRO PER THE USE OF TELEPHONE AND HAS THE CUSTOM AND ADOPTED

24  POLICY OF SO WHAT IF AN INDIGENT PRO PER CAN'T MAKE NECESSARY

25  PHONE CALLS, DUE TO RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION.

26

27    PAGE THIRTY FOUR

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

VII

THE FIRST CAUSE OF ACTION, THE

VIOLATION OF 42 USCA 1981, DUE

TO THE INTENTIONAL DISCRIMINATION

OF THE PLAINTIFF, BASED ON AND DUE

TO THE RACE OF THE PLAINTIFF, DUE

TO THE DEFENDANT OF THIS CASE

PATRICIA ROBINSON

THE DEFENDANT, PATRICIA ROBINSON,(HEREINAFTER KNOWN AS PR)

HAS DISCRIMINATED AGAINST THE PLAINTIFF, CHRISTOPHER CARREA JR.,

BECAUSE THE PLAINTIFF IS GENTICALL PART OF AN ETHNICALLY AND

PHYSIOGNOMICALLY DISTINCTIVE SUB-GROUPING OF AN INDIVIDUAL. THE

PLAINTIFF, CHRISTOPHER CARREA JR., IS AFRO AMERICAN.

THE DEFENDANT, PR , WAS PERSONALLY INVOLVED IN THE

CONSTITUTIONAL DEPRIVATION OF THE PLAINTIFF, DUE TO THE DEFENDANT,

PR , RESPONSE OF RACIAL ANIMUS WAS TO ALLOW IT TO HAPPEN TO THE

PLAINTIFF, AND TO ALLOW THOSE IN DEFENDANT, PR , CONTROL AND THE

SUPERVISION  AS WELL AS DEFENDANT, PR , TO COMMIT CONSTITUTIONAL

TORTS WEEK END AND WEEK OUT. THE DEFENDANT, PR , HAS MORE THEN A

CASUAL CONNECTION TO THE RACISM, THE DEFENDANT, PR , IS THE

CONTROL AND SUPERVISION OF THOSE WHO CONTINUE TO COMMIT AND IMPLEMENT

RACIAL ANIMUS WITH DELIBRATE INDIFRENCE.(SEE REDMAN V. COUNTY OF

SAN DIEGO, 942 F.2D 1435, 1446-1447(9TH CIR. 1991);  JOHNSON V.

DUFFY, 588 F.2D 740, 743(9TH CIR. 1978)  CUNNINGHAM V. GATES, 229

PAGE THIRTY FIVE

CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1  F.3D 1271, 1292 (9TH CIR. 2000)

2      THE DEFENDANT,PR ,RACIAL ANIMUS AND DELIBRATE INDIFRENCE

3  IMPAIRED THE PLAINTIFF, CHRISTOPHER CARREA JR., FROM MEANINGFUL

4  ACCESS TO THE COURTS, THE EQUAL PROTECTION OF THE LAW, THE

5  COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR, TO BE

6  INFORMED OF THE NATURE AND CAUSE OF ACCUSATION, AND THE RIGHT TO

7  PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCES AND THE RIGHT

8  TO LIBERTY. THE DEFENDANT,PR , SUBJECTED THE PLAINTIFF TO THE

9  DEPRIVATION OF RIGHTS NO WHITE MAN WAS SUBJECTED TO.

10

11

12      THE COUNTY OF SAN DIEGO ADMINISTRATION, THROUGH THE

13  DEFENDANT,PR ,PROVIDES ANCILLARY SERVICES TO THE PLAINTIFF,

14  CHRISTOPHER CARREA JR., BY ORDER OF THE COURT. THE DEFENDANT, PR ,

15  AGREED AND NOTIFIED THE PLAINTIFF AND THE COURT THE PLAINTIFF

16  WOULD BE TREATED JUST AS ANY OTHER ATTORNEY WOULD BE TREATED AS

17  TO ANCILLARY SERVICES TO THE COURT FROM THE COUNTY OF SAN DIEGO.

18  THE DEFENDANT, PR ,INSTEAD OF PROVIDING LEGAL TOOLS, LEGAL

19  ASSITANCE AND MEANINGFUL ACCESS TO THE COURTS, SPENDS MOST OF

20  THEIR TIME DENYING LEGAL TOOLS, LEGAL ASSISTANCE AND MEANINGFUL

21  ASSISTANCE TO THE COURTS AND THE ACCESS TO THE COURTS.

22      THE DEFENDANT, PR ,DENIES TTHESE TOOLS LEGAL TOOLS AND

23  THOSE UNDER THE CONTROL AND SUPERVISION OF DEFENDANT, PR ,ALSO IS

24  REQUIRED TO DENY MEANINGFUL ACCESS TO THE COURTS, WHICH IS A

25  REQUIRED POLICY OF DEFENDANT, PR, RATHER THEN A FORBIDDEN POLICY

26              PAGE THIRT SIX

27

28  CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1  OF THE DEFENDANT, PR , WHICH CAUSED A VIOLATION OF THE UNITED

2  STATES CONSTITUTION.(SEE BALISTERI V. PACIFICA POLICE DEPARTMENT,

3  901 F.2D 696, 699(9TH CIR. 1990) THE FIFTH AMEDMENT DOES FORBID

4  DISCRIMINATION THAT IS SO UNJUSTIFIABLE AS TO BE VIOLATIVE OF THE

5  DUE PROCESS AS THE DEFENDANT, PR , HAS DONE IN THIS CASE.

6          THE VIOLATION OF THE FIFTH AMENDMENT AND SIXTH

7  AMENDMET OF THE UNITED STATES CONSTITUTION, MEANINGFUL ACCESS TO

8  THE COURTS AS IN THIS CASE IS A VIOLATION OF THE FOURTEENTH

9  AMENDMENT OF THE UNITED STATES CONSTITUTION AND 42 USCA 1981,

10  INTENTIONAL DISCRIMINATION AND RACIAL ANIMUS, THE EQUAL PROTECTION

11  CLAUSE OF THE UNITED STATES CONSTITUTION.

12          THE DEFENDANT, PR , HAS MORE THEN A CASUAL CONNECTION TO

13  THE DEPRIVATION OF THE PLAINTIFF, CARREA CHRISTOPHER JR.,

14  CONSTITUTIONAL RIGHTS AND THE INFLICTION OF RACIAL ANIMUS TO THE

15  PLAINTIFF OF THIS CASE. THE DEFENDANT, PR , SET IN MOTION A SERIES

16  OF ACTS, AADOPTED POLICIES AND CUSTOMS WWHICH THE DEFENDANT, PR ,

17  KNEW OR SHOULD HAVE KNOWN WOULD HAVE CAUSED THE PLAINTIFF THE

18  CONSTITUTIONAL INJRIES HE SUFFERED. THE PERSONAL PARTICIPATION OF

19  A DEFENDANT IS NOT THE ONLY PREDICATE FOR THE LIABILITY OF THE

20  HARM TO PLAINTIFF, PURSUANT TO 42 USCA 1981, THE CIVIL RIGHTS ACT.

21          PURSUANT TO 42 USCA 1981, ANYONE WHO CAUSES ANY CITIZEN TO

22  BE SUBJECTED TO A CONSTITUTIONAL DEPRIVATION IS AS LIABLE AS ONE

23  THAT PERSONALLY PERTICIPATED. THE DEFENDANT, PR , NOT ONLY

24  PERSONALLY PARTICIPATED, BUT ALSO SET IN MOTION A SERIES OF ACTS

25  THAT CAUSED THE CONSTITUTIONAL TORTS. THE INACTION OF THE DEFENDANTS,

26                      THIRTY SEVEN

27

28  CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1    ALSO WAS CONSTITUTIONAL TORTS, COMMITTED BY THE DEFENDANTS, PR ,

2    DUE TO BOTH THE UNITED STATES CONSTITUTION AND THE STATE OF

3    CALIFORNIA CONSTITUTION, BY STATUTE, REGULATIONS AND IN THIS CASE

4    THE DEFENDANT, PR , WERE OBLIGATED BY CONTRACT TO PROVIDE ACTION.

5    THE FUNDAMENTAL CONSTITUTIONAL RIGHTS REQUIRED THE DEFENDANT,

6    TO ASSIST THE PLAINTIFF, CARREA CHRISTOPHER JR., AND PRO PER IN

7    THE PREPARATION AND FILING OF LEGAL DOCUMENTS, AND WITH ADEQUATE

8    LAW LIBRARY WITH INDIVIDUALS TRAINED IN THE LAW.

9           THE SERIES OF ACTION SET IN MOTION TO DEPRIVE THE

10   PLAINTIFF, CARREA CHRISTOPHER JR., OF HIS CONSTITUTIONAL RIGHTS

11   AND THE SPECIFIC FACTS OF EVIDENCE OF VIOLATION OF 42 USCA 1981

12   ALSO INCLUDE THE FOLLOWING:

13          THE DEFENDANT, PR  , IN VIOLATION OF THE FIFTH, SIXTH

14   AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND

15   THE STATE OF CALIFORNIA CONSTITUTIONAL ARTICLE ONE, SECTION

16   TWENTY FOUR WHICH STATES AS FOLLOW: IN ALL CRIMINAL CASES THE

17   DEFENDANT MUST HAVE EQUAL PROTECTION OF THE LAW AND DUE PROCESS OF

18   THE LAW COMMITTED THE FOLLOWING ACTS:

19          THE DEFENDANT, PR  ,REFUSED TO SEND THE PLAINTIFF

20   DOCUMENTS TO TRIAL COURT, APPELLATE COURT AND THE STATE OF CALIF.

21   SUPREME COURT CORRECTLY. THE PLAINTIFF IN MOST INSTANCES HAD TO

22   INFORM THE DEFENDANT, PR, OVER AND OVER AGAIN HOW AND WHEN TO

23   SUBMITT THE DOCUMENTS. THE DEFENDANT, PR , IN SOME INSTANCES REFUSED

24   TO ASSIST THE PLAINTIFF, CARREA CHRISTOPHER JR., AT ALL.

25

26   ----------------------------- PAGE THRITY EIGHT -----------------------------

27

28   CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY. ET AL.

1        THE DEFENDANT, PR    , WAS NOT ONLY INFORMED THROUGH THE

2   COURT IN WRITING THEY WERE TO PROVIDE THE PLAINTIFF, A LEGAL

3   RUNNER, BUT THE TRIAL COURT CALLED THEM TO INFORM THEM THE

4   PLAINTIFF WAS TO BE PROVIDED A LEGAL RUNNER VERBALLY ALSO. THE

5   DEFENDANT, PR , NEVER HAD A LEGAL RUNNER COME TO SEE THE PLAINTIFF

6   AS THE DEFENDANT,  PR ,PROVIDED WHITE INDIVIDUALS IN THE SAME AND

7   SIMILIAR SITUATIONS.

8        THE DEFENDANT, PR  ,ACCEPTED THE RESPONSIBILITY OF PROVIDING

9   SERVICES TO THE PLAINTIFF AS WELL AS THE ABILITY TO PROVIDE THE

10  PLAINTIFF WITH MEANS TO CALL DEFENDANT, PR  ,AND A PRIVATE

11  INVESTIGATOR COLLECT. THE DEFENDANT, PR  ,REFUSED TO PROVIDE THE

12  PLAINTIFF WITH THE MEANS TO CALL COLLECT BUT CONTINUED TO INFORM

13  THE PLAINTIFF AND THE COURT THE PLAINTIFF HAD THE ABILITY TO CALL

14  COLLECT OR ANY WAY DENYING THE PLAINTIFF MEANINGFUL ACCESS TO THE

15  COURTS FOR MONTHS AND LIED ABOUT IT.

16       THE DEFENDANT,  PR ,ACCEPTED THE RESPONSIBILITY TO PROVIDE

17  THE PLAINTIFF WITH AN INCOMPETENT PRIVATE INVESTIGATOR AND AN

18  INVESTIGATOR THAT IS AN ADVOCATE OF THE PLAINTIFF. THE PRIVATE

19  INVESTIGATOR WERE INCOMPETENT AND REFUSED TO BE AN ADVOCATE OF THE

20  PLAINTIFF. THE INVESTIGATOR SPENT HIS TIME INFORMING THE PROSECUTOR

21  AND THE COURT HE WAS NOT AN ADVOCATE FOR THE PLAINTIFF AND IN FACT

22  INFORMED THE WITNESSES THEY DID NOT HAVE TO SHOW UP FOR TRIAL OR

23  PRELIMINARY HEARING IN BEHALF OF THE PLAINTIFF. WITNESSES SUCH AS

24  BARBRA BROWN. THE PRIVATE INVESTIGATOR WOULD LIE ABOUT THE TIME

25  SPENT WITH THE PLAINTIFF. THE INVESTIGATOR WOULD STATE HE WAS

26                          THIRTY NINE

27

28  CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1   WITH THE PLAINTIFF FOR FIVE HOURS, BUT IN FACT ONLY SPENT FIVE

2   MINUTES WITH THE PLAINTIFF. WHEN THE DEFENDANTS, WAS INFORMED OF

3   THIS, THEY ALL RESPONDED SO WHAT.TO THE MISAPROPRATION OF TAX

4   PAYER MONEY. THE PLAINTIFF INFORMED THE DEFENDANT, PR , OF THE

5   MULTIPLE PROBLEMS WITH THE INVESTIGATOR, BUT THE DEFENDANT, PR ,

6   REFUSED TO REMOVE THE INVESTIGATOR.

7       . THE DEFENDANT, PR ,STATED THEY COULD NOT PROVIDE THE

8   PLAINTIFF, CARREA CHRISTOPHER JR.,WITH MEANINGFUL ACCESS TO COURTS

9   OR HIS CONSTITUTIONAL RIGHTS DUE TO THE COST. THE DEFENDANT, PR ,

10  REFUSED THE PLAINTIFF MEANS TO CONTACT WITNESSES IN HIS BEHALF

11  AND THE COMPULSORY PROCESS TO OBTAIN WITNESSES. THE COST CANNOT

12  JUSTIFY THE DENIAL OF THE PLAINTIFF PROTECTED CONSTITUTIONAL RIGHTS

13  AS THEY DID IN THIS CASE.(SEE BOUNDS V. SMITH, 97 S. CT. 817;

14  LEWIS V. CASEY,(1995)116 S.CT. 2174)THE FUNDAMENTAL CONSTITUTIONAL

15  RIGHTS OF ACCESS TO THE COURTS REQUIRES ADEQUATE LAW LIBRARIES AND

16  PERSON THAT ARE TRAINED IN THE LAW. THE DEFENDANT, PR ,PROVIDED

17  INDIVIDUAL THAT ARE NOT TRAINED IN THE LAW AND EVEN LIER LIKE

18  YOLANDA NAVARRO. THERE WAS NO PENALOGICAL INTREST TO THESE INJURIES

19  TO THE PLAINTIFF.  THERE MUST BE NO OFFICIAL INTERFERENCE WITH

20  THE PRESENTATION TO THE COURTS AS THE DEFENDANTS IN DELIBRATE

21  INDIFRENCE OF THE PLAINTIFF COMMITTED.

22       THE DEFENDANT, PR ,HAS A POLICY AND ADOPTED COSTUM OF

23  A LITANY OF RAMBLING AND EXCUSES NOT TO PROVIDE THE SERVICES THE

24  DEFENDANT,PR , IS PAID TO PROVIDE TO AND FOR THE PLAINTIFF, AND

25  A POLICY AND ADOPTED CUSTOM OF NOT PROVIDING SERVICES TO THE

26                          PAGE FORTY

27

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1    THE PLAINTIFF.

2          THE FEDERAL CONSTITUTION QUARANTEES A CRIMINAL DEFENDANT

3    WITH A MEANINGFUL ACCESS AND OPPORTUNITY TO PRESENT A COMPLETE

4    DEFENSE, WHETHER THIS RIGHT IS ROOTED DIRECTLY IN THE DUE PROCESS

5    CLAUSE OF THE FORTEENTH AMENDMENT OR IN THE COMPULSORY PROCESS

6    OR CONFRONTATION CLAUSES OF THE SIXTH AMENDMENT; THE OPPORTUNITY

7    TO BE HEARD IS AN ESSENTIAL COMPONENT OF PROCEDURAL FAIRNESS

8    DESPITE THE FACT THE DEFENDANT, PR , DENIED IT.

9          THE DEFENDANT, PR , HAS A POLICY OF AND ADOPTED CUSTOM

10   OF TAKING PRO PER RIGHTS INSTEAD OF PROVIDING THEM ONE BY ONE. IT

11   IS A TRAVESTY OF JUSTICE FOR PRO PER TO BE PROVIDED SERVICES

12   FROM AND ENTITY THAT THE SAN DIEGO COUNTY DISTRICT ATTORNEY'S

13   ARE ON THE BOARD. THE DEFENDANT,PR , HAS A POLICY OF GOING TO

14   COURT TO REMOVE PRO PER RIGHTS WITHOUT SERVING THE PLAINTIFF AND

15   OTHER PRO PER WITH NOTICE AND PROPER SERVICE OF THERE INTENTION

16   UNTIL ITS DONE. THE DEFENDANT, PR ,HAS A POLICY AND CUSTOM OF THE

17   REFUSAL OF INDIGENT MINORITIES THE USE OF TELEPHONE, ESPECIALLY

18   DURING TRIAL. THE DEFENDANT, PR , HAS THE CUSTOM AND POLICY OF

19   SO WHAT IF AN INDIGENT PRO PER CAN'T MAKE NECESSARY PHONE CALLS,

20   DUE TO THE RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION OF THE

21   DEFENDANTS, PR .

22          THE COST OF BEING A PRO PER, A FUNDAMENTAL CONSTITUTIONAL

23   RIGHTS, THE DENIAL OF WHICH CANNOT BE JUSTIFIED.

24

25                          PAGE FORTY ONE

26

27

28   CIVIL RIGHTS COMPLAINT       CARREA V. SAN DIEGO COUNTY ET AL.

VIII

THE FIRST CAUSE OF ACTION, THE

VIOLATION OF 42 USCA 1981, DUE

TO THE INTENTIONAL DISCRIMINATION

OF THE PLAINTIFF, BASED ON AND DUE

TO THE RACE OF THE PLAINTIFF, DUE

TO THE DEFENDANT OF THIS CASE

PRIVATE CONFLICT COUNSEL

THE DEFENDANT, PRIVATE CONFLICT COUNSEL,(HEREINAFTER KNOWN AS CP)

HAS DISCRIMINATED AGAINST THE PLAINTIFF, CHRISTOPHER CARREA JR.,

BECAUSE THE PLAINTIFF IS GENTICALL PART OF AN ETHINICALLY AND

PHYSIOGNOMICALLY DISTINCTIVE SUB-GROUPING OF AN INDIVIDUAL. THE

PLAINTIFF, CHRISTOPHER CARREA JR., IS AFRO AMERICAN.

THE DEFENDANT, CP , WAS PERSONALLY INVOLVED IN THE

CONSTITUTIONAL DEPRIVATION OF THE PLAINTIFF, DUE TO THE DEFENDANT,

CP , RESPONSE OF RACIAL ANIMUS WAS TO ALLOW IT TO HAPPEN TO THE

PLAINTIFF, AND TO ALLOW THOSE IN DEFENDANT,CP , CONTROL AND THE

SUPERVISION  AS WELL AS DEFENDANT,CP , TO COMMIT CONSTITUTIONAL

TORTS WEEK END AND WEEK OUT. THE DEFENDANT,CP , HAS MORE THEN A

CASUAL CONNECTION TO THE RACISM, THE DEFENDANT,CP  , IS THE

CONTROL AND SUPERVISION OF THOSE WHO CONTINUE TO COMMIT AND IMPLEMENT

RACIAL ANIMUS WITH DELIBRATE INDIFRENCE.(SEE REDMAN V. COUNTY OF

SAN DIEGO, 942 F.2D 1435, 1446-1447(9TH CIR. 1991);  JOHNSON V.

DUFFY, 588 F.2D 740, 743(9TH CIR. 1978)  CUNNINGHAM V. GATES, 229

PAGE FORTY TWO

CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1  F.3D 1271, 1292 (9TH CIR. 2000)

2         THE DEFENDANT, CP  ,RACIAL ANIMUS AND DELIBRATE INDIFRENCE

3  IMPAIRED THE PLAINTIFF, CHRISTOPHER CARREA JR., FROM MEANINGFUL

4  ACCESS TO THE COURTS, THE EQUAL PROTECTION OF THE LAW, THE

5  COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR, TO BE

6  INFORMED OF THE NATURE AND CAUSE OF ACCUSATION, AND THE RIGHT TO

7  PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCES AND THE RIGHT

8  TO LIBERTY. THE DEFENDANT, CP , SUBJECTED THE PLAINTIFF TO THE

9  DEPRIVATION OF RIGHTS NO WHITE MAN WAS SUBJECTED TO.

10

11

12         THE COUNTY OF SAN DIEGO ADMINISTRATION, THROUGH THE

13  DEFENDANT, CP ,PROVIDES ANCILLARY SERVICES TO THE PLAINTIFF,

14  CHRISTOPHER CARREA JR., BY ORDER OF THE COURT. THE DEFENDANT, CP  ,

15  AGREED AND NOTIFIED THE PLAINTIFF AND THE COURT THE PLAINTIFF

16  WOULD BE TREATED JUST AS ANY OTHER ATTORNEY WOULD BE TREATED AS

17  TO ANCILLARY SERVICES TO THE COURT FROM THE COUNTY OF SAN DIEGO.

18  THE DEFENDANT, CP ,INSTEAD OF PROVIDING LEGAL TOOLS, LEGAL

19  ASSITANCE AND MEANINGFUL ACCESS TO THE COURTS, SPENDS MOST OF

20  THEIR TIME DENYING LEGAL TOOLS, LEGAL ASSISTANCE AND MEANINGFUL

21  ASSISTANCE TO THE COURTS AND THE ACCESS TO THE COURTS.

22         THE DEFENDANT, CP ,DENIES TTHESE TOOLS LEGAL TOOLS AND

23  THOSE UNDER THE CONTROL AND SUPERVISION OF DEFENDANT, CP ,ALSO IS

24  REQUIRED TO DENY MEANINGFUL ACCESS TO THE COURTS, WHICH IS A

25  REQUIRED POLICY OF DEFENDANT, CP , RATHER THEN A FORBIDDEN POLICY

26                      PAGE FORTY THREE

27

28  CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1   OF THE DEFENDANT,CP  ,WHICH CAUSED A VIOLATION OF THE UNITED

2   STATES CONSTITUTION.(SEE BALISTERI V. PACIFICA POLICE DEPARTMENT,

3   901 F.2D 696, 699(9TH CIR. 1990) THE FIFTH AMEDMENT DOES FORBID

4   DISCRIMINATION THAT IS SO UNJUSTIFIABLE AS TO BE VIOLATIVE OF THE

5   DUE PROCESS AS THE DEFENDANT,CP  ,HAS DONE IN THIS CASE.

6            THE VIOLATION OF THE FIFTH AMENDMENT AND SIXTH

7   AMENDMET OF THE UNITED STATES CONSTITUTION, MEANINGFUL ACCESS TO

8   THE COURTS AS IN THIS CASE IS A VIOLATION OF THE FOURTEENTH

9   AMENDMENT OF THE UNITED STATES CONSTITUTION AND 42 USCA 1981,

10  INTENTIONAL DISCRIMINATION AND RACIAL ANIMUS, THE EQUAL PROTECTION

11  CLAUSE OF THE UNITED STATES CONSTITUTION.

12           THE DEFENDANT, CP  , HAS MORE THEN A CASUAL CONNECTION TO

13  THE DEPRIVATION OF THE PLAINTIFF, CARREA CHRISTOPHER JR.,

14  CONSTITUTIONAL RIGHTS AND THE INFLICTION OF RACIAL ANIMUS TO THE

15  PLAINTIFF OF THIS CASE. THE DEFENDANT,CP  , SET IN MOTION A SERIES

16  OF ACTS, AADOPTED POLICIES AND CUSTOMS WWHICH THE DEFENDANT, CP ,

17  KNEW OR SHOULD HAVE KNOWN WOULD HAVE CAUSED THE PLAINTIFF THE

18  CONSTITUTIONAL INJRIES HE SUFFERED. THE PERSONAL PARTICIPATION OF

19  A DEFENDANT IS NOT THE ONLY PREDICATE FOR THE LIABILITY OF THE

20  HARM TO PLAINTIFF, PURSUANT TO 42 USCA 1981, THE CIVIL RIGHTS ACT.

21           PURSUANT TO 42 USCA 1981, ANYONE WHO CAUSES ANY CITIZEN TO

22  BE SUBJECTED TO A CONSTITUTIONAL DEPRIVATION IS AS LIABLE AS ONE

23  THAT PERSONALLY PERTICIPATED. THE DEFENDANT,CP , NOT ONLY

24  PERSONALLY PARTICIPATED, BUT ALSO SET IN MOTION A SERIES OF ACTS

25  THAT CAUSED THE CONSTITUTIONAL TORTS. THE INACTION OF THE DEFENDANTS,

26

27                      PAGE FORTY FOUR

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1   ALSO WAS CONSTITUTIONAL TORTS, COMMITTED BY THE DEFENDANTS, CP ,

2   DUE TO BOTH THE UNITED STATES CONSTITUTION AND THE STATE OF

3   CALIFORNIA CONSTITUTION, BY STATUTE, REGULATIONS AND IN THIS CASE

4   THE DEFENDANT, CP , WERE OBLIGATED BY CONTRACT TO PROVIDE ACTION.

5   THE FUNDAMENTAL CONSTITUTIONAL RIGHTS REQUIRED THE DEFENDANT, CP

6   TO ASSIST THE PLAINTIFF, CARREA CHRISTOPHER JR., AND PRO PER IN

7   THE PREPARATION AND FILING OF LEGAL DOCUMENTS, AND WITH ADEQUATE

8   LAW LIBRARY WITH INDIVIDUALS TRAINED IN THE LAW.

9          THE SERIES OF ACTION SET IN MOTION TO DEPRIVE THE

10  PLAINTIFF, CARREA CHRISTOPHER JR., OF HIS CONSTITUTIONAL RIGHTS

11  AND THE SPECIFIC FACTS OF EVIDENCE OF VIOLATION OF 42 USCA 1981

12  ALSO INCLUDE THE FOLLOWING:

13          THE DEFENDANT, CP  , IN VIOLATION OF THE FIFTH, SIXTH

14  AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND

15  THE STATE OF CALIFORNIA CONSTITUTIONAL ARTICLE ONE, SECTION

16  TWENTY FOUR WHICH STATES AS FOLLOW: IN ALL CRIMINAL CASES THE

17  DEFENDANT MUST HAVE EQUAL PROTECTION OF THE LAW AND DUE PROCESS OF

18  THE LAW COMMITTED THE FOLLOWING ACTS:

19          THE DEFENDANT, CP  , REFUSED TO SEND THE PLAINTIFF

20  DOCUMENTS TO TRIAL COURT, APPELLATE COURT AND THE STATE OF CALIF.

21  SUPREME COURT CORRECTLY. THE PLAINTIFF IN MOST INSTANCES HAD TO

22  INFORM THE DEFENDANT, CP , OVER AND OVER AGAIN HOW AND WHEN TO

23  SUBMITT THE DOCUMENTS. THE DEFENDANT, CP , IN SOME INSTANCES REFUSED

24  TO ASSIST THE PLAINTIFF, CARREA CHRISTOPHER JR., AT ALL.

25

26                        PAGE FORTY FIVE

27

28  CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1   THE DEFENDANT, CP  ,  WAS NOT ONLY INFORMED THROUGH THE

2   COURT IN WRITING THEY WERE TO PROVIDE THE PLAINTIFF, A LEGAL

3   RUNNER, BUT THE TRIAL COURT CALLED THEM TO INFORM THEM THE

4   PLAINTIFF WAS TO BE PROVIDED A LEGAL RUNNER VERBALLY ALSO. THE

5   DEFENDANT, CP , NEVER HAD A LEGAL RUNNER COME TO SEE THE PLAINTIFF

6   AS THE DEFENDANT, CP  ,PROVIDED WHITE INDIVIDUALS IN THE SAME AND

7   SIMILIAR SITUATIONS.

8   THE DEFENDANT, CP ,ACCEPTED THE RESPONSIBILITY OF PROVIDING

9   SERVICES TO THE PLAINTIFF AS WELL AS THE ABILITY TO PROVIDE THE

10  PLAINTIFF WITH MEANS TO CALL DEFENDANT, CP ,AND A PRIVATE

11  INVESTIGATOR COLLECT. THE DEFENDANT, CP ,REFUSED TO PROVIDE THE

12  PLAINTIFF WITH THE MEANS TO CALL COLLECT BUT CONTINUED TO INFORM

13  THE PLAINTIFF AND THE COURT THE PLAINTIFF HAD THE ABILITY TO CALL

14  COLLECT OR ANY WAY DENYING THE PLAINTIFF MEANINGFUL ACCESS TO THE

15  COURTS FOR MONTHS AND LIED ABOUT IT.

16  THE DEFENDANT, CP ,ACCEPTED THE RESPONSIBILITY TO PROVIDE

17  THE PLAINTIFF WITH AN INCOMPETENT PRIVATE INVESTIGATOR AND AN

18  INVESTIGATOR THAT IS AN ADVOCATE OF THE PLAINTIFF. THE PRIVATE

19  INVESTIGATOR WERE INCOMPETENT AND REFUSED TO BE AN ADVOCATE OF THE

20  PLAINTIFF. THE INVESTIGATOR SPENT HIS TIME INFORMING THE PROSECUTOR

21  AND THE COURT HE WAS NOT AN ADVOCATE FOR THE PLAINTIFF AND IN FACT

22  INFORMED THE WITNESSES THEY DID NOT HAVE TO SHOW UP FOR TRIAL OR

23  PRELIMINARY HEARING IN BEHALF OF THE PLAINTIFF. WITNESSES SUCH AS

24  BARBRA BROWN. THE PRIVATE INVESTIGATOR WOULD LIE ABOUT THE TIME

25  SPENT WITH THE PLAINTIFF. THE INVESTIGATOR WOULD STATE HE WAS

26

27                              PAGE FORTY SIX

28  CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1   WITH THE PLAINTIFF FOR FIVE HOURS, BUT IN FACT ONLY SPENT FIVE

2   MINUTES WITH THE PLAINTIFF. WHEN THE DEFENDANTS, WAS INFORMED OF

3   THIS, THEY ALL RESPONDED SO WHAT TO THE MISAPROPRATION OF TAX

4   PAYER MONEY. THE PLAINTIFF INFORMED THE DEFENDANT, CP , OF THE

5   MULTIPLE PROBLEMS WITH THE INVESTIGATOR, BUT THE DEFENDANT, CP ,

6   REFUSED TO REMOVE THE INVESTIGATOR.

7        THE DEFENDANT, CP ,STATED THEY COULD NOT PROVIDE THE

8   PLAINTIFF, CARREA CHRISTOPHER JR.,WITH MEANINGFUL ACCESS TO COURTS

9   OR HIS CONSTITUTIONAL RIGHTS DUE TO THE COST. THE DEFENDANT, CP ,

10  REFUSED THE PLAINTIFF MEANS TO CONTACT WITNESSES IN HIS BEHALF

11  AND THE COMPULSORY PROCESS TO OBTAIN WITNESSES. THE COST CANNOT

12  JUSTIFY THE DENIAL OF THE PLAINTIFF PROTECTED CONSTITUTIONAL RIGHTS

13  AS THEY DID IN THIS CASE.(SEE BOUNDS V. SMITH, 97 S. CT. 817;

14  LEWIS V. CASEY,(1995)116 S.CT. 2174)THE FUNDAMENTAL CONSTITUTIONAL

15  RIGHTS OF ACCESS TO THE COURTS REQUIRES ADEQUATE LAW LIBRARIES AND

16  PERSON THAT ARE TRAINED IN THE LAW. THE DEFENDANT, CP ,PROVIDED

17  INDIVIDUAL THAT ARE NOT TRAINED IN THE LAW AND EVEN LIER LIKE

18  YOLANDA NAVARRO. THERE WAS NO PENALOGICAL INTREST TO THESE INJURIES

19  TO THE PLAINTIFF.  THERE MUST BE NO OFFICIAL INTERFERENCE WITH

20  THE PRESENTATION TO THE COURTS AS THE DEFENDANTS IN DELIBRATE

21  INDIFRENCE OF THE PLAINTIFF COMMITTED.

22        THE DEFENDANT, CP ,HAS A POLICY AND ADOPTED COSTUM OF

23  A LITANY OF RAMBLING AND EXCUSES NOT TO PROVIDE THE SERVICES THE

24  DEFENDANT, CP , IS PAID TO PROVIDE TO AND FOR THE PLAINTIFF, AND

25  A POLICY AND ADOPTED CUSTOM OF NOT PROVIDING SERVICES TO THE

26                    PAGE FORTY SEVEN

27

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1  THE PLAINTIFF.

2      THE FEDERAL CONSTITUTION QUARANTEES A CRIMINAL DEFENDANT

3  WITH A MEANINGFUL ACCESS AND OPPORTUNITY TO PRESENT A COMPLETE

4  DEFENSE, WHETHER THIS RIGHT IS ROOTED DIRECTLY IN THE DUE PROCESS

5  CLAUSE OF THE FORTEENTH AMENDMENT OR IN THE COMPULSORY PROCESS

6  OR CONFRONTATION CLAUSES OF THE SIXTH AMENDMENT; THE OPPORTUNITY

7  TO BE HEARD IS AN ESSENTIAL COMPONENT OF PROCEDURAL FAIRNESS

8  DESPITE THE FACT THE DEFENDANT, CP , DENIED IT.

9      THE DEFENDANT, CP , HAS A POLICY OF AND ADOPTED CUSTOM

10 OF TAKING PRO PER RIGHTS INSTEAD OF PROVIDING THEM ONE BY ONE. IT

11 IS A TRAVESTY OF JUSTICE FOR PRO PER TO BE PROVIDED SERVICES

12 FROM AND ENTITY THAT THE SAN DIEGO COUNTY DISTRICT ATTORNEY'S

13 ARE ON THE BOARD. THE DEFENDANT, CP , HAS A POLICY OF GOING TO

14 COURT TO REMOVE PRO PER RIGHTS WITHOUT SERVING THE PLAINTIFF AND

15 OTHER PRO PER WITH NOTICE AND PROPER SERVICE OF THERE INTENTION

16 UNTIL ITS DONE. THE DEFENDANT, CP ,HAS A POLICY AND CUSTOM OF THE

17 REFUSAL OF INDIGENT MINORITIES THE USE OF TELEPHONE, ESPECIALLY

18 DURING TRIAL. THE DEFENDANT, CP , HAS THE CUSTOM AND POLICY OF

19 SO WHAT IF AN INDIGENT PRO PER CAN'T MAKE NECESSARY PHONE CALLS,

20 DUE TO THE RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION OF THE

21 DEFENDANTS, CP .

22      THE COST OF BEING A PRO PER, A FUNDAMENTAL CONSTITUTIONAL

23 RIGHTS, THE DENIAL OF WHICH CANNOT BE JUSTIFIED.

24

25

26              PAGE FORTY EIGHT

27

28 CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1

2          THE FIRST CAUSE OF ACTION, THE

3          VIOLATION OF 42 USCA 1981, DUE

4          TO THE INTENTIONAL DISCRIMINATION

5          AND RACIAL ANIMUS BY THE

6          DEFENDANT, MICHAEL ANSELM, BASED

7          ON AND DUE TO THE RACE OF THE

8          PLAINTIFF, CARREA CHRISTOPHER JR.,

9

10    THE DEFENDANT, MICHAEL ANSELM,(HEREINAFTER KNOWN AS AM)

11 DISCRIMINATED AGAINST THE PLAINTIFF, CARREA CHRISTOPHER JR.,

12 BECAUSE THE PLAINTIFF IS GENETICALLY PART OF AN ETHINICALLY AND

13 PHYSIOGNAMICALLY DISTINCTIVE SUB-GROUPING OF AN INDIVIDUAL. THE

14 PLAINTIFF IS AFRO AMERICAN. THE DEFENDANT, AM, IN VIOLATION OF

15 42 USCA 1981, DEPRIVED THE PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS.

16    THE DEFENDANT, AM, WAS PERSONALLY INVOLVED IN THE CONSTITUTION

17 DEPRIVATION OF THE PLAINTIFF, DUE TO THE DEFENDANT, AM, RACIAL

18 ANIMUS. THE DEFENDANT, AM, HAD A STATUTORY AND CONSTITUTIONAL

19 REQUIRMENT TO ASSIST THE PLAINTIFF IN THE PREPREATION AND THE

20 INVESTIATION OF THE PLAINTIFF CASE. THE INACTION OF THE DEFENDANT,

21 AM, WAS CONSTITUTIONAL TORTS, DUE TO THE DEFENDANT, AM, OBLIGATION

22 IN THIS CASE BY CONTRACT, STATUTE, REGULATION AND THE STATE OF

23 CALIFORNIA AND THE UNITED STATES CONSTITUTION.

24

25          PAGE FORTY NINE

26

27

28 CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1    THE SPECIFIC FACTS AND ACTS OF EVIDENCE OF VIOLATION

2  OF 42 USCA 1981, INCLUDS THE FOLLOWING:

3

4    THE DEFENDANT, AM REFUSED TO BE AN ADVOCATE OF THE

5  PLAINTIFF, CARREA CHRISTOPHER JR.. THE DEFENDANT, AM, ACCEPTED

6  THE RESPONSIBILITY TO PROVIDE INVESTIATIVE SERVICES FOR THE

7  PLAINTIFF, BUT REFUSED TO PROVIDE INVESTIATIVE SERVICES FOR THE

8  PLAINTIFF WHICH DENIED THE PLAINTIFF OF MEANINGFUL ACCESS TO THE

9  COURTS AND EQUAL PROTECTION OF THE LAW AS WELL AS THE DUE PROCESS

10  CLAUSE.

11    THE DEFENDANT, INFORMED THE PLAINTIFF, HE ONL HAD TO

12  SPEND FIVE MINUTES WITH THE PLAINTIFF EACH TIME HE CAME TO VISIT

13  THE PLAINTIFF BUT BILLED THE PRIVATE CONFLICT COUNSEL AND THE

14  COUNTY OF SAN DIEO FOR FIVE HOURS. THE DEFENDANT, AM, TOLD THE

15  PLAINTIFF HE HAD TO SIGN THAT HE SEEN THE PLAINTIFF, BUT FAILED

16  TO INFORM THE PLAINTIFF HE WAS SIGNIN FOR THE DEFENDANT, AM,

17  HAVING SPENDING FIVE HOURS.

18    THE DEFENDANT, AM, WAS ASK TO SUBPENA, BARBRA BROWN,

19  FOR THE PRELIMANARY HEARING, BUT HE REFUSED AND THEN TOLD BARBARA

20  BROWN, SHE DID NOT HAVE TO COME TO THE PRELIMINARY HEARING INSTEAD

21  OF SUBPENA THE WITNESS FOR THE PRELIMINARY HEARING AND FAILED HIM

22  SELF TO SHOW UP TO THE PRELIMINARY HEARING TO PROCEED WITH THE

23  FOUNDATION FOR INVESTIGATION.

24    THE DEFENDANT, ARGUED OVER AND OVER WITH THE PLAINTIFF

25  ABOUT DOING HIS JOB AND MISSED APPOINTMENTS WITH THE PLAINTIFF,

26

27                    PAGE FIFTY

28  CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1  THE DEFENDANT, AM, STATED FOR THE RECORD THAT HE WOULD ASSIST THE

2  PLAINTIFF, BUT FAILED TO DO SO. THE DEFENDANT,AM, STATED HE WOULD

3  BE AT THE PLAINTIFF PRELIMINARY HEARING AND FAILED TO DO SO. THE

4  DEFENDANT, AM, STATED HE WOULD BE AT THE PLAINTIFF TRIAL BUT FAILED

5  TO BE AT THE PLAINTIFF TRIAL THE FIRST DAY TO SUBPENA THE PLAINTIFF

6  WITNESSES, WHICH THE PLAINTIFF LOST AS WITNESSES DUE TO HIS BREACH

7  OF DUTY.(DEFENDANT, AM) THE DEFENDANT, AM, CAME TO THE TRIAL ONLY

8  FIFTEEN MINUTES THREE TIMES IN BREACH OF DUTY AND RACIAL ANIMUS, IN

9  VIOLATION OF 42 USCA 1981.

10        THE DEFENDANT, AM, STATED ON COURT RECORD THAT HE INFORMED

11  THE PROSECUTOR THAT HE WOULD TESTIFY IN THE PROSECUTION BEHALF AND

12  NOT THE PLAINTIFF BEHALF, DUE TO INTENTIONAL DISCRIMINATION AND

13  RACIAL ANIMUS OF THE DEFENDANT, AM. THE DEFENDANT, AM, INFORMED THE

14  PLAINTIFF HE DID NOT LIKE HIM AND DID NOT WANT HIM TO WIN. THE

15  PLAINTIFF INFORMED HIS SUPERIOR BUT THEY KEPT THE DEFENDANT, AM, ON

16  THE PLAINTIFF CASE DESPITE HIS RACIAL ANIMUS AND INTENTIONAL

17  DISCRIMINATION.

18        THE DEFENDANT, AM, TOLD THE COURT HE WOULD MAKE WHAT EVER

19  CALLS THE PLAINTIFF NEEDED, BUT WAS NEVER AROUND TO MAKE PHONE

20  CALLS AND REFUSED TO MAKE PHONE  CALLS. THE PLAINTIFF COULD NOT

21  CALL THE DEFENDANT, AM, DUE TO THE DEFENDANT, AM, NOT PROVIDING

22  A PHONE NUMBER FOR THE PLAINTIFF TO CALL , DUE TO HIS RACIAL

23  ANIMUS AND INTENTIONAL DISCRIMINATION BY THE DEFENDANT, AM. THE

24  COURT ALSO TRIED TO GET IN TOUCH WITH THE DEFENDANT, AM, TO CALL

25  THE PLAINTIFF WITNESSES BACK  BUT COULD NOT DUE TO DEFENDANT, AM,

26  RACIAL ANIMUS.

27                    PAGE FIFTY ONE

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1              pursuant to rule 98) OF THE FEDERAL COURT

2  WHICH STATES AS FOLLOW:

3           RULE (8)(A) A PLEADING WHICH SETS FORTH A CLAIM

4           FOR RELIEF, WHETHER AN ORIGINIAL CLAIM, COUNTER

5           CLAIM, CROSS-CLAIM OR THIRD PARTY CLAIM SHALL

6           CONTAIN(I) A SHORT AND PLAIN STATMENT............

7

8      THE COST OF BEING A PRO PER CANNOT JUSTIFY THE DENIAL OF

9  THAT CONSTITUTIONAL RIGHT BY THEDEFENDANT, AM. THE FUNDAMENTAL

10  CONSTITUTIONAL RIGHT OF THE ACCESS TO THE COURTS, REQUIRE AN

11  INVESTIGATOR TRAINED IN THE LAW AS WELL AS INVESTIGATION, BOTH

12  OF WHICH THE DEFENDANT, AM, DENIED THE PLAINTIFF CARREA CHRISTOPHER

13  .(SEE BOUNDS VS. SMITH, 97 S.CT. 817; LEWIS VS. CASEY(1995) 116

14  S.CT. 2174)

15      THERE MUST NOT BE OFFICIAL INTERFERENCE BY THE DEFENDANT,AM,

16  WITH THE ABILITY OF THE PLAINTIFF AND PRO PER WITH THE PRESENTATION

17  OF CASES TO COURT AS THE DEFENDANT, AM,DUE TO HIS RACIAL ANIMUS AND

18  INTENTIONAL DISCRIMINATION. THE DEFENDANT, AM, IN THIS CASE HINDERED

19  THE PLAINTIFF, IN HIS PRESENTATION TO THE COURT AND REFUSED TO HELP

20  THE PLAINTIFF WITH PRO PER SERVICES DESPITE THE FACT HE INFORMED THE

21  COURT HE WOULD.

22      THE DEFENANT, AM, HAS A POLICY OF A LITANY OF RAMBLING AND

23  EXCUSES NOT TO PROVIDE THE SERVICES THE DEFENDANT, AM, IS PAID TO

24  PROVIDE THE PLAINTIFF, CARREA CHRISTOPHER JR.. THE DEFENDANT, AM,

25  HAS AN ADOPTED POLICY AND CUSTOM NOT TO PROVIDE INVESTIGATION SERVICES.

26

27                 PAGE FIFTY TWO

28  CIVIL RIGHTS COMPLAINT   CARREA V. SAN DIEGO COUNTY ET AL.

1    THE DEFENDANT, AM, HAS A POLICY AND ADOPTED CUSTOM NOT

2    TO PROVIDE AND TO HINDER THE PLAINTIFF AND CONVINCE THE COURT, TO

3    NOT PROVIDE THE NECESSARY INVESTIGATIVE SERVICES, DUE TO THE

4    RACIAL ANIMUS OF THE DEFENDANT, AM.

5

6

7

8                              IX

9              THE FIRST CAUSE OF ACTION, THE

10             VIOLATION OF 42 USCA 1981, DUE

11             TO THE INTENTIONAL DISCRIMINATION

12             OF THE PLAINTIFF, BASED ON AND DUE

13             TO THE RACE OF THE PLAINTIFF, DUE

14             TO THE DEFENDANT OF THIS CASE

15             SAN DIEGO COUNTY LAW REVIEW BOARD

16

17    THE DEFENDANT, SAN DIEGO COUNTY LAW REVIEW BOARD(HEREINAFTER

18    KNOWN AS LV) HAS DISCRIMINATED AGAINST THE PLAINTIFF, CARREA

19    CHRISTOPHER JR., BECAUSE THE PLAINTIFF IS GENETICALLY PART OF AN

20    ETHINICALLY AND PHYSIOGNAMICALL DISTINCTIVE SUB-GROUPING OF AN

21    INDIVIDUAL. THE PLAINTIVE IS AFRO AMERICAN. THE DEFENDANT, LV, IN

22    VIOLATION OF 42 USCA 1981 DEPRIVED THE PLAINTIFF OF HIS PRIVLEGE

23    OF CONSTITUTIONAL RIGHTS.

24        THE DEFENDANT, LV, WAS PERSONALLY INVOLVED IN THE

25    CONSTITUTIONAL DEPRIVATION OF THE PLAINTIFF, RIGHT DUE TO THE

26                    PAGE FIFTY THREE

27

28    CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1  RESPONSE OF THE DEFENDAANT, LV, TO ALLOW THE RACIAL ANIMUS TO

2  HAPPEN TO THE PLINTIFF, CARREA CHRISTOPHER JR., AAND THE DEFENDANT,

3  LV, WAS A FULL PARTICIPANT IN THE INFLICTION OF CRUEL AND UNUSUAL

4  PUNISHMENT OF THE PLINTIFF AND THE DEPRIVATION OF THE PLAINTIFF,

5  CARREA CHRISTOPHER JR., CONSTITUTIONAL RIGHTS. THE DEFENDANT, LV,

6  ALLOWED THOSE IN THE CONTROL AND SUPERVISIO AND REVIEW OF THE

7  DEFENDANT, LV, TO COMMITT CRUEL AND UNUSUAL PUNISHMENT AND

8  CONSTITUTIONAL TORTS AGAINST THE PLAINTIFF, CARREA CHRISTOPHER JR.,

9  IN RACIAL ANIMUS. THE DEFENDANT, LV, HAS MORE TTHEN A CASUAL

10  CONNECTION TO THE DEPRIVATION OF THE PLAINTIFF CONSTITUTIONAL

11  RIGHTS.

12       THE DEFENDANTS, LV, SET IN MOTION ASERIES OF ACTS, ADOPTED

13  POLICIES AND CUSTOM, WHICH THE DEFENDANTS, LV, KNOWS OR REASONABLY

14  SHOULD KNOW WOULD CAUSE AND CONTIUE TO CAUSE THE PLAINTIFF AND

15  OTHERS SIMILARILY SITUATED CONSTITUTIONAL INJURY AND TORTS. THE

16  PERSONAL PARTICIPATION IS NOT THE ONLY PREDICATE FOR LIABILITY TO

17  42 USCA 1981, THE CIVIL RIGHTS ACT.

18       PURSUANT TO 42 USCA 1981, THE CIVIL RIGHTS ACT, STATES,

19  ANYONE WHO CAUSES ANY CITIZEN TO BE SUBJECTED TO A CONSTITUTIONAL

20  DEPRIVATION IS AS LIABLE AS ONE THAT PERSONALLY PARTICIPATED, BUT

21  ALSO CAUSED THE CONSTITUTIONAL TORTS. THE INACTION OF THE

22  DEFENDANT, LV, ALSO WAS CONSTITUTIONAL TORT, DUE TO THE DEFENDANT,

23  LV, OBLIGATION , BY STATUTE, REGULATION, STATE OF CALIFORNIA

24  CONSTITUTION, UNITED STATES CONSTITUTION AND IN THIS CASE BY DUTY

25  AND CONTRACT.

26                         PAGE FIFTY FOUR

27

28  CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1    THE SPECIFIC FACTS OF EVIDENCE OF VIOLATION OF 42 USCA

2   1981 ALSO INCLUDE THE FOLLOWING:

3    THE DEFENDANT, LV, HAS CONTRACTED THE REVIEW OF THE

4   COUNTY OF SAN DIEGO SHERIFF DEPARTMENT TO ELIMINATE THE BRUTAL

5   BEATING OF CITIZENS OF THE COUTY OF SAN DIEGO, DUE TO THE PRIOR

6   HISTORY OF THE SAN DIEGO COUNTY SHERIFF DEPARTMENT BRUTALLY BEATING

7   INMATES AND OTHERS IN THERE CUSTODY. THE DEFENDANTS, LV, UNDER THE

8   OBLIGATION HAS BREACHED THEIR DUTY ND THEIR CONTRCT IN THAT THEY

9   HAVE NEVER FOUND THE SAN DIEGO COUNTY SHERIFF DEPRTMENT WRONG,

10  WHEN A BLACK AS THE PLINTIFF WAS BEATEN BY THE SHERIFF DEPARTMENT.

11    THE DEFENDANT, LV, AFTER INVESTIGATING THE BRUTAL

12  BEATING OF THE PLAINTIFF BY THE SAN DIEGO SHERIFF DEPARTMENT, STATED

13  THE SAN DIEGO SHERIFF DEPARTMENT DID RIGHT, DESPITE THE FACT THE

14  ONLY REASON GIVEN FOR THE BRUTAL BEATING WAS THE PLAINTIFF ASK TO

15  SPEACK TO A LT.

16    THE DEFENDANT, LV, OMMISSION OF ACTS AND THE JUSTIFICATION

17  OF THE CRUEL AND UNUSUAL PUNISHMENT, WAS AND IS A CONSTITUTIONAL

18  TORT, RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION.

19

20    PURSUANT TO RULE (8) OF THE FEDERAL COURT WHICH STATES

21  AS FOLLOW:

22    RULE(8)(A) A PLEDING WHICH SETS FORTH A CLAIM

23    FOR RELIEF, WHETHER AN ORIGINAL CLAIM, COUTER

24    CLAIM, CROSS-CLAIM OR THIRD PARTY CLIM, SHALL

25    CONTAIN A SHORT AND PLAIN STATMENT...

26    PAGE FIFTY FIVE

27

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

X

THE SECOND CAUSE OF ACTION

THE VIOLATION OF 42 USCA 1983,

AGAINST THE DEFENDANTS, **SD** ,

DUE TO THE DEPRIVATION OF RIGHTS,

PRIVILEGES, CIVIL RIGHTS AND

CONSTITUTIONAL RIGHTS

DUE TO DEFENDANT SAN DIEGO COUNTY

THE DEFENDANT, SAN DIEGO COUNTY(HEREINAFTER KNOWN AS SD)

HAS VIOLATED THE CONSTITUTIONAL AND CIVIL RIGHTS OF THE

PLAINTIFF, CHRISTOPHER CARREA JR..

THE DEFENDANT, SD , WAS PERSONALLY INVOLVED IN THE

THE CIVIL AND CONSTITUTIONAL DEPRIVATION OF THE PLAINTIFF, CARREA

CHRISTOPHER JR., BEING PERSONALLY INFORMED OF THE ACTION OF THIS

CASE, ABOUT TO HAPPEN, IS HAPPENING, AND REFUSED TO PREVENT IT

FROM HAPPENING AND ENCOURAGED IT TO HAPPEN. THE DEFENDANT, SD ,

IS PERSONALLY INVOLVED, DUE TO DEFENDANT, SD ,INACTION AND CONTROL

OF THOSE, DEFENDANT, SD , SUPERVISE AND CONTROL, THOSE WHO

CONTINUE TO COMMITT CONSTITUTIONAL TORTS WEEK END AND WEEK OUT.

THE DEFENDANT, SD ,ADOPTED POLICY AND CUSTOMS  IS TO

ALLOW IT TO CONTINUE.  THE DEFENDANT, SD ,HAS MORE THEN A CASUAL

CONNECTION TO THE DEPRIVATION OF THE CONSTITUTIONAL AND CIVIL

RIGHTS OF PLAINTIFF, CARREA CHRISTOPHER JR..

**PAGE FIFTY SIX**

CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1    THE DEFENDANT, SD ,IS MORE LIABLE THEN THOSE UNDER THE

2    SUPERVISION AND CONTROL OF DEFENDANT, SD , DUE TO THE FACT THE

3    DEFENDANT, SD ,IS THE ONLY ONE THAT CAN ORDER THE DEPRIVATION OF

4    THE PLAINTIFF, CHRISTOPHER CARREA JR., CONSTITUTIONAL AND CIVIL

5    RIGHTS, BUT HAS FAILED TO AND REFUSE TO WITH THE FULL KNOWLEDGE

6    THOSE UNDER THE CONTROL AND SUPERVISION OF DEFENDANT, SD , HAS

7    VIOLATED THE CONSTITUTIONAL AND CIVIL RIGHTS OF THE PLAINTIFF,

8    CHRISTOPHER CARREA JR.. IT IS THE CUSTOM AND ADOPTED POLICY OF

9    DEFENDANT, SD ,TO ALLOW THE DEPRIVATION OF PLAINTIFF, CHRISTOPHER

10   CARREA JR., CONSTITUTIONAL AND CIVIL RIGHTS. THE DEFENDANT,SD ,

11   HAS SET IN MOTION A SERIES OF ACTS WHICH DEFENDANT,SD ,KNEW, KNOWS,

12   OR REASONABLY SHOULD KNOW WOULD CAUSE OTHERS TO SUBJECT THE

13   INFLICTION OF CONSTITUTIONAL TORTS AGAINST THE PLAINTIFF, CHRISTOPHER

14   CARREA JR.. IN SO DOING THE DEFENDANT, SD ,SHOULD BE HELD LIABLE

15   PURSUANT TO 42 USCA 1983,(SEE JOHNSON V. DUFFY, 588 F.2D 1435

16   1446-1447 (9TH CIR. 1978)

17

18   THE DEFENDANT, SD ,DENIED THE PLAINTIFF, CHRISTOPHER CARREA

19   JR., OF THE MEANINGFUL ACCESS TO THE COURTS. THE DEFENDANT, SD ,

20   DENIED THE PLAINTIFF THE FULL AND EQUAL BENIFITS OF ALL LAWS AND

21   PROCEEDING AS AFFORDED OTHER PARTIES IN A COURT PROCEEDING AS

22   AFFORDED OTHER PARTIES IN A COURT PROCEEDING DELIBRATELY IN THE

23   DELIBRATE INDIFRENCE, DENYING THE PLAINTIFF, CHRISTOPHER CARREA

24   JR., BENIFITS OTHER PARTIES WERE AFFORDED.

25                          PAGE FIFTY SEVEN

26

27

28   CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

THE DEFENDANT, SD, DEPRIVED THE PLAINTIFF, CHRISTOPHER CARREA JR., OF THE MEANINGFUL ACCESS TO THE COURTS THE MOST FUNDAMENTAL CONSTITUTIONAL RIGHT, IN VIOLATION OF THE UNITED STATES CONSTITUTION FIRST, FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS. THIS COURT MUST REMEDY PAST OR IMMINENT OFFICIAL INTERFERENCE AND VIOLATION OF MEANINGFUL ACCESS TO THE COURTS. THE DEFENDANT, SD, DENIAL OF MEANINGFUL ACCESS TO COURT CAUSES THE INJURY OF THE PLAINTIFF OF MEANINGFUL ACCESS TO THE COURTS, THE DEPRIVATION OF LIFE, LIBERTY, PROPERTY AND THE INJURY OF A CONVICTION.

PURSUANT TO THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION, WHICH READS AS FOLLOW:

CONGRESS SHALL MAKE NO LAW...

PROHIBITING THE RIGHT TO PETITION

THE GOVERNMENT FOR REDRESS OF

GRIEVANCES

THE DEFENDANTS, SD, DEPRIVED THE PLAINTIFF, CHRISTOPHER CARREA JR., OF THE FULL AND EQUAL BENIFIT OF REDRESS AND THE ABILITY TO PETITION THE GOVERNMENT.

PURSUANT TO THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION, WHICH READS AS FOLLOW:

THE RIGHT OF THE PEOPLE TO BE

SECURE AGAINST UNREASONABLE

... SEIZURE, SHALL NOT BE

VIOLATED ...

PAGE FIFTY EIGHT

CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1   THE DEFENDANT, SD ,OMMISSION OF ACTS CAUSES AND CAUSED AN UNREASONABLE

2   SEIZURE AND CONVICTION OF THE PLAINTIFF, CHRISTOPHER CARREA JR..

3          PURSUANT TO THE FIFTH AMENDMENT OF THE UNITED STATES

4   CONSTITUTION, WHICH READS AS FOLLOW:

5              NO PERSON ... SHALL BE DEPRIVED

6              OF LIFE, LIBERTY ... WITHOUT

7              DUE PROCESS OF LAW

8   THE DEFENDANT, SD ,DEPRIVED THE PLAINTIFF,  CHRISTOPHER CARREA JR.,

9   OF THE DUE PROCESS OF THE LAW. THE FACT THE DEFENDANT, SD , DID

10  DEPRIVE THE PLAINTIFF, CHRISTOPHER CARREA JR., OF DUE PROCESS, THE

11  FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION STATES THERE

12  MUST BE JUST COMPENSATION.

13         PURSUANT TO THE SIXTH AMENDMENT OF THE UNITED STATES

14  CONSTITUTION, WHICH READS AS FOLLOW:

15             IN ALL PROSECUTION, THE ACCUSED SHALL BE

16             INFORMED OF THE NATURE AND CAUSE OF THE

17             ACCUSATION; TO HAVE COMPULSORY PROCESS FOR

18             OBTAINING WITNESSES IN HIS FAVOR, AND TO

19             HAVE THE ASSISTANCE OF COUNSEL FOR HIS

20             DEFENCE

21  THE DEFENDANT,SD ,DEPRIVED THE PLAINTIFF OF BEING INFORMED OF THE

22  NATURE AND CAUSE OF THE ACCUSATION, BY DENYING THE PLAINTIFF LEGAL

23  MATERIAL TO BE INFORMED OF THE NATURE AND ACCUSATION. THE DEFENDANT,

24   SD ,DEPRIVED THE PLAINTIFF OF THE COMPULSORY PROCESS FOR OBTAINING

25  WITNESSES IN HIS FAVOR, DUE TO THE DEFENDANT,SD ,POSITION OF NONE

26                    **PAGE FIFTY NINE**

27

28  CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1   CONCERN FOR INDIGENT ACCUSED.  THE DEFENDANT,SD.,DENIED THE

2   PLAINTIFF, CHRISTOPHER CARREA JR., THE ASSISTANCE OF COUNSEL FOR

3   HIS DEFENCE. THE FACT THE PLAINTIFF CHOSES TO BE PRO PER DOES NOT

4   ELIMINATE THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION

5   WITHIN THE JURISDICTION OF THE UNITED STATES AND THE COST CANNOT

6   ELIMINATE THE RIGHT NOR THE DENIAL OF WHICH IS A VIOLATION OF 42

7   USCA 1983.

8            PURSUANT  TO THE FOURTEENTH AMENDMENT OF THE UNITED

9   STATES CONSTITUTION WHICH READS AS FOLLOW:

10                  ALL PERSON BORN IN THE UNITED STATES, SHALL

11                  NOT BE DENIED IN ANY STATE OF LIFE LIBERTY...

12                  WITHOUT DUE PROCESS OF THE LAW: NOR DENY TO ANY

13                  PERSON WITHIN ITS JURISDICTION THE EQUAL

14                  PROTECTION OF THE LAWS.

15  THE DEFENDANT, SD,DENIED THE PLAINTIFF, CHRISTOPHER CARREA JR., A

16  PERSON BORN IN THE UNITED STATES, A UNITED STATES CITIZEN OF LIFE

17  AND LIBERTY WITHOUT THE DUE PROCESS OF THE LAW, WITHIN THE

18  JURISDICTION OF THE UNITED STATES. THE DEFENDANTS DENIED THE PLAINTIFF,

19  CHRISTOPHER CARREA JR., OF THE FULL AND EQUAL PROTECTION OF THE

20  LAWS. THE DEFENDANTS, SD,BELIEVE IF A CITIZEN IS INDIGENT AND

21  CANNOT AFFORD THE COMPULSORY PROCESS AND DUE PROCESS, DESPITE THE

22  DEFENDANTS, DESIRE NOT TO PROVIDE THE PLAINTIFF MOST BASIC

23  FUNDAMENTAL CONSTITUTIONAL RIGHT OF THE COURT, WHICH IS MEANINGFUL

24  ACCESS TO THE COURT, THEY MUST PROVIDE ACCESS TO THE COURT BUT

25  REFUSED TO DO SO.

26                       PAGE SIXTY

27

28  CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1    IT IS NOT A SECRET TO ANYONE THAT DEFENDANTS ARE MORE

2  THAN AWARE THAT DEFENDANT, SD ,REFUSED TO PROVIDE MEANINGFUL ACCESS

3  TO THE COURTS. PURSUANT TO 42 USCA 1983 WHICH STATES AS FOLLOW:

4

5        EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE,

6        ORDINANCE, REGULATION, CUSTOM OR USAGE OF ANY

7        TERRITORY ... CAUSES TO BE SUBJECTED ANY CITIZEN

8        OF THE UNITED STATES, WITHIN THE JURISDICTION

9        THEREOF TO THE DEPRIVATION OF RIGHTS, PRIVILEGES

10       ... SECURED BY THE CONSTITUTION AND LAWS, SHALL

11       BE LIABLE TO THE PARTY INJURED IN AN ACTION AT

12       LAW SUIT IN EQUITY ...

13

14  THE DEFENDANT,SD ,DUE TO THEIR ADOPTED POLICY AND CUSTOM OF REFUSING

15  TO PROVIDE THE PLAINTIFF, CHRISTOPHER CARREA JR., SUBJECTED THE

16  PLAINTIFF, TO THE DEPRIVATION OF HIS FUNDAMENTAL CONSTITIONAL

17  RIGHT OF MEANINGFUL ACCESS TO THE COURT, WHICH CAUSED THE INJURY

18  OF DEPRIVATION OF DUE PROCESS, EQUAL PROTECTION OF THE LAW AND

19  THE DENIAL OF THE COMPULSORY PROCESS TO OBTAIN WITNESSES IN THE

20  PLAINTIFF FAVOR.

21

22                    XI

23

24    THE, DEFENDANT, SD, CUSTOMS, POLICY AND ADOPTED POLICY IS THE

25  MOVING FORCE BEHIND ALL THE ACTS OF THIS CASE, THEREBY GIVING RISE

26

27                 PAGE SIXTY ONE

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

TO LIABILITY PURSUANT TO 42 USCA 1983. THE POLICY IS THE MOVING

FORCE BEHIND ALL THE ACTS OF THIS CASE. THERE IS AN AFIRMATIVE

LINK BETWEEN THE ADOPTED POLICY AND THE ACTS OF THIS CASE. THE

TERM "POLICY" GENERALLY IMPLIES A COURSE OF ACTION CONSIOUSLY

CHOSEN FROM AMONG VARIOUSE ALTERNATIVES.(SEE CITY OF OKLAHOMA V.

TUTTLE, 471 U.S. 808, 823, 105 S. CT. 2427)

PURSUANT TO THE DECISION OF THE NINTH CIRCUIT IN THE CASE

OF JETT V. PENNER, 439 F.3D 1091(2006), THE DEFENDANT, SD ,BEING

DELIBERATELY INDIFFRENT, IS SATISFIED BY SHOWING THE FOLLOWING :

(A)A PURPOSEFUL ACT OR FAILURE          THE DEFENDANT, SD ,ACTS AND

TO RESPOND TO A PRISONERS PAIN          ADOPTED POLICY OF THE DENIAL

OR POSSIBLE NEEDS.                      OF MEANINGFUL ACCESS TO THE

                                        COURTS AND ALLOWED THE

                                        PLAINTIFF TO BE BRUTALLY

                                        BEATEN IN THE LAW LIBRARY

(B)HARM CAUSED BY THE                   HARM WAS INFLICTED UPON THE

INDIFFRENCE.                            PLAINTIFF, DUE TO A BRUTAL

                                        BEATING AND THE DENIAL OF

                                        THE PLAINTIFF LIBERTY, DUE

                                        TO THE ADOPTED POLICY AND

                                        CUSTOMS OF THE DEFENDANT, SD

PAGE SIXTY TWO

CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17    THE PLAINTIFF, CARREA CHRISTOPHER JR., A BLACK MAN, WAS

18  DENIED THE RIGHT TO ACCESS TO THE COURTS, DENIED THE FULL AND

19  EQUAL BENIFITS OF ALL LAWS AND PROCEEDING FOR THE SECURITY OF

20  HIMSELF WITHIN THE JURISDICTION OF THE UNITED STATES AS IS

21  ENJOYED BY WHITE CITIZENS. THE PLAINTIFF, CARREA CHRISTOPHER

22  JR., WAS DENIED, EVEN THE ABILITY TO BE A PARTY IN A CRIMINAL

23  PROCEEDING WITH THE FULL AND EQUAL BENIFITS OF ALL LAWS AND

24  PROCEEDING.

25    THE COUNTY OF SAN DIEGO ADMINISTRATION, IS RESPONSIBLE

26  FOR THE PROVISION OF PRO PER INDIVIDUALS AS THE PLAINTIFF,

27  ESPECIALLY THOSE IN THERE CUSTODY PURSUANT TO 42 USCA 1981, TO

28  LEGAL TOOLS, LEGAL ASSISTANCE AND TO THE CONSTITUTIONAL RIGHTS

PAGE SIXTY THREE

CIVIL RIGHTS COMPLAINT    CHRISTOPHER V. SAN DIEGO COUNTY ET AL.

1    TO THE COURT IN PRO PER IF ONE CHOSES.  THE COUNTY OF SAN DIEGO

2    POLICY AND ADOPTED CUSTOM, IS TO LEAVE THE PROVISION OF PROVIDING

3    THESE TOOLS,  LEGAL ASSISTANCE AND CONSTITUTIONAL ACCESS TO THE

4    COURTS IN THE HANDS OF THE OPPOSING PARTIES OF PRO PER'S AND THE

5    LEFT HAND OF PROSECUTING AGENCIES.(LAW ENFORCMENT)THE SAN DIEGO

6    COUNTY SUPERIOR COURT WAS ASKED BY THE PLAINTIFF,  CARREA

7    CHRISTOPHER JR., TO CORRECT THE DEFIENCENCY.  THE COURT(SAN DIEGO

8    COUNTY SUPERIOR COURT)FOUR TIMES INFORMED THE PLAINTIFF,  CARREA

9    CHRISTOPHER JR.,  THAT IT WAS SAN DIEGO COUNTY DUTY,  THE AGENCIES,

10   THE AGENCIES PROVIDED BY THE COUNTY OF SAN DIEGO.  THOSE AGENCIES

11   FUNDED AND ADMINSTERED BY THE COUNTY OF SAN DIEGO,  THE COUNTY OF

12   SAN DIEGO SHERIFF DEPARTMENT AND PRIVATE CONFLICT COUNSEL,  TO

13   PROVIDE LEGAL SERVICES,  SPENDS MOST OF THERE TIME DIMINISHING

14   THOSE SERVICES AND TRYING THE BEST THEY CAN TO THE COURTS,  THAT

15   PRO PER SHOULD NOT HAVE THOSE SERVICES.  THE SAN DIEGO COUNTY

16   SHERIFF DEPARTMENT HAS A HISTORY OF BEATING BLACK, PRO PER IN

17   THE LAW LIBARY.  THE PLAINTIFF,  CARREA CHRISTOPHER JR., WAS

18   BEATEN BY THE PRO PER DEPUTY FOR ONLY ASKING TO SPEAK TO THE

19   DEPUTY SUPERIORS.(DEPUTY GRIMM WAS THE DEPUTY WHO BEAT THE

20   PLAINTIFF) HIS JUSTIFICATION FOR IT, WAS THAT HE FELT INTIMIDATED

21   BY THE REQUEST TO SPEAK TO HIS SUPERIORS.  NO WHITE MAN WAS

22   SUBJECT TO SUCH PAINS,  PUNISHMENTS AND PENALTIES FROM THE

23   DEFENDANTS FOR ONLY ASKING TO SPEAK TO A DEPUTY SHERIFF

24   SUPERVISOR.  THE COUNTY OF SAN DIEGO DOES NOT EVEN HAVE A

25   MONITOR AND/OR SUPERVISOR AND/OR PRO PER COORDINATOR,  TO BE

26   SURE THAT AGENCIES THAT IS TO PROVIDE PRO PER SERVICES,  DO

27   PROVIDE PRO PER SERVICES.  THE FACT SAN DIEGO COUNTY DOES NOT

28   HAVE ONE,  THE PLAINTIFF,  CARREA CHRISTOPHER JR., 42 USCA 1981

PAGE SIXTY FOUR

CIVIL RIGHTS COMPLAINT      CHRISTOPHER V. SAN DIEGO COUNTY ET AL.

1    RIGHTS, WAS VIOLATED BY THE FACT, THE COUNTY OF SAN DIEGO KNOWS

2    AND/OR SHOULD HAVE KNOWN, THE PLAINTIFF, CARREA CHRISTOPHER JR.,

3    WAS SUBJECTED TO PUNISHMENTS, PAINS, AND PENALTIES NO WHITE MAN

4    WAS SUBJECTED TO AND ALLOWED IT TO HAPPEN AND HAS DONE NOTHING TO

5    STOP IT FROM HAPPENNING AGAIN. THE COUNTY OF SAN DIEGO SUBJECTED

6    THE PLAINTIFF TO VIOLATION OF 42 USCA 1981.

7        THE FACT THE COUNTY OF SAN DIEGO HAS A CUSTOM AND ADOPTED

8    POLICY, WITH THE DELIBRATE INDIFFRENCE, THAT HAS NOT ALLOWED

9    THE PLAINTIFF, CARREA CHRISTOPHER JR., TO THE FULL BENIFITS OF

10   ALL LAWS AND PROCEEDINGS AS IS ENJOYED BY WHITE CITIZENS, IS A

11   VIOLATION OF THE PLAINTIFF, CARREA CHRISTOPHER JR., 42 USCA 1981,

12   RIGHTS.

13       THE FUNDAMENTAL CONSTITUTIONAL RIGHTS OF ACCESS TO COURTS,

14   REQUIRES PENOLAGICAL AGENCIES TO ASSIST INMATES IN THE PREPREATION

15   AND FILING OF LEGAL PAPERS BY THOSE IN THERE CARE, WITH ADEQUATE

16   LAW LIBARIES FROM PERSONS TRAINED IN THE LAW.

17       THE SPECIFIC FACTS OF EVIDENCE OF THE VIOLATION OF 42

18   USCA 1981 IS AS FOLLOW. THE COUNTY OF SAN DIEGO ALLOWS AGENCIES

19   WITH ARBITRARY AND DISCRIMINATORY POLICIES OF THE PLAINTIFF,

20   CARREA CHRISTOPHER JR., AND OTHER PRO PER LITIGANTS, TO DO

21   WHAT THEY DON'T WANT TO, WHICH IS PROVIDE PRO PER WITH LEGAL

22   SERVICES. IT IS A CONFLICT OF INTREST FOR THE SAN DIEGO COUNTY

23   BAR ASSOCIATION THROUGH PRIVATE CONFLICT COUNSEL TO PROVIDE OR

24   SHOULD ONE SAY IS TO PROVIDE PRO PER SERVICES IN VIEW OF THE

25   FACT ALL PROSECUTORS OF PRO PER LITIGANTS ARE MEMBERS OF THE

26   SAN DIEGO COUNTY BAR ASSOCIATION. THE WHOLE NOTION THAT AN

27   ASSOCIATION WITH PROSECUTOR MEMBER IS SYMPATHATIC TO PRO PER

28   NEEDS IS INSANITY AND LUDICROUS.

                            PAGE SIXTY FIVE

CIVIL RIGHTS COMPLAINT    CHRISTOPHER V. SAN DIEGO COUNTY ET AL.

THE COUNTY OF SAN DIEGO DOES NOT PROVIDE AND DID NOT PROVIDE THE PLAINTIFF, A TRAINED PERSON IN THE LAW TO ASSIST THE PLAINTIFF, CARREA CHRISTOPHER JR., IN THE LAW LIBRARY. THE PERSON IN THE LAW LIBRARY DID'NT PROVIDE ASSISTANCE WITH THE STATE OF CALIFORNIA SUPREME COURT. THE PERSON IN THE LAW LIBRARY WAS SO INCOMPETENT, HE THOUGHT THE STATE SUPREME COURT ONLY HANDLED CIVIL CASES.(COUNSLER LEE)

THE COUNTY OF SAN DIEGO ONLY ALLOWED THE PLAINTIFF, FOUR HOURS OR LESS IN MOST CASES IN THE LAW LIBRARY, YET ALLOWED THE OPPOSING PARTY 150 HOURS OR MORE, DENYING THE PLAINTIFF, EQUAL PROTECTION OF THE LAW AND PROCEEDINGS. THE COUNTY OF SAN DIEGO PROVIDED THE PLAINTIFF, AN INCOMPETENT INVESTIGATOR, THAT ONLY COMPLAINED AND CHEATED THE PLAINTIFF AND THE COUNTY OF SAN DIEGO, AT THERE APROVAL. THE INVESTIGATOR WAS TO BE AN ADVOCATE OF THE PLAINTIFF, BUT WAS AN ADVOCATE OF THE OPPOSING PARTY.

THE INVESTIGATOR FOR THE PLAINTIFF, WAS TO SPEND FIVE HOURS EACH TIME WITH THE PLAINTIFF, CARREA CHRISTOPHER JR., BUT ONLY SPENT FIVE MINUTES AND HID THE FACT FROM THE PLAINTIFF HE WAS TO SPEND FIVE HOURS INSTEAD OF FIVE MINUTES. WHEN THE PLAINTIFF, COMPLAINED ABOUT IT, TO THE COUNTY OF SAN DIEGO, THE COUNTY OF SAN DIEGO SHRUGED THERE SHOULDER AND SAID SO WHAT. THE ATTITUDE OF THE COUNTY OF SAN DIEGO IS THE ADOPTED POLICY OF THE COUNTY OF SAN DIEGO, ESPECIALLY IN VIEW OF THE FACT IT WAS DONE FOR SO LONG. THIS HAS NOT HAPPENED TO A WHITE MAN IN SIMILIAR CONDITIONS. THE COUNTY OF SAN DIEGO REFUSES TO PROVIDE FOR AN INDIGENT INMATE SUCH AS THE PLAINTIFF, CARREA CHRISTOPHER JR..

PAGE SIXTY SIX

CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1    THE AMOUNT OF THE TIME THE INVESTIGATOR IS TO BE APROVED

2  OF SHOULD BE STIPULATED BY THE COUNTY OF SAN DIEGO FOR THE APPROAL

3  OF THE PLAINTIFF, CARREA CHRISTOPHER JR., INSTEAD OF JUST HAVING

4  ONE SIGN A DOCUMENT STATING THEY HAVE SEEN THE INVESTIGATOR, AS

5  IN THIS CASE. THE COUNTY OF SAN DIEGO ONLY ALLOWED AND PROVIDED

6  FOR THE PLAINTIFF, CARREA CHRISTOPHER JR., TO ONLY HAVE FOUR

7  HOURS A WEEK, BUT ALLOWS THE OPPOSING PARTY 150 HOURS A WEEK.

8    THE COUNTY OF SAN DIEGO REFUSES, THE PLAINTIFF, CARREA

9  CHRISTOPHER JR., ACCESS TO THE LAW LIBRARY. THE PLAINTIFF,

10  CARREA CHRISTOPHER JR., ACCESS TO THE LAW LIBRARY WAS SO LIMITED

11  IT WAS UNREASONABLE. THE PLAINTIFF, CARREA CHRISTOPHER JR.,

12  HAD TO DO A BALANCING ACT ON AN UNFAIR PENDULUM. THE PLAINTIFF,

13  CARREA CHRISTOPHER JR. HAD ONLY TWO HOURS A WEEK TO MAKE MOTIONS

14  AND TWO HOUR FOR THE ACTUAL TRIAL, WHICH CAUSED THE ACTUAL

15  INJURY OF DEFICIENT MOTIONS AND A VERDICT AGAINST THE PLAINTIFF,

16  CARREA CHRISTOPHER JR., DUE TO THE DENIAL OF A CONSTITUTIONAL

17  RIGHT AND THE VIOLATION OF EQUAL PROTECTION OF THE LAW,

18  NEGLIGENCE AND BREACH OF DUTY.

19    THE FACT THE COUNTY OF SAN DIEGO KNOWS AND/OR SHOULD HAVE

20  KNOWN THE PLAINTIFF, CARREA CHRISTOPHER JR., WAS SUBJECTED TO

21  PUNISHMENTS, PAINS AND PENALTIES NO WHITE MAN WAS SUBJECTED TO,

22  AND ALLOWED IT, AND HAS DONE NOTHING TO STOP IT FROM HAPPENING

23  AGAIN TO THE PLAINTIFF, CARREA CHRISTOPHER JR..

24    THE FACT THE COUNTY OF SAN DIEGO HAS A CUSTOM AND ADOPTED

25  POLICY THAT HAS NOT ALLOWED THE PLAINTIFF, CARREA CHRISTOPHER JR.,

26  TO THE FULL AND EQUAL BENIFITS OF ALL LAWS AND PROCEEDINGS AS IS

27  ENJOYED BY WHITE CITIZENS, IS A VIOLATION OF THE PLAINTIFF,

28  CARREA CHRISTOPHER JR., 42 USCA 1981, RIGHTS.

PAGE SIXTY SEVEN

CIVIL RIGHTS COMPLAINT  CHRISTOPHER V. SAN DIEGO ET AL.

1   THE VIOLATION OF THE PLAINTIFF, 42 USCA 1981 RIGHTS ARE

2   DUE TO THE DEFENDANTS, SAN DIEGO COUNTY, WHO DID EVERY THING

3   POSSIBLE FOR THE OPPOSING PARTY AND THE LEAST POSSIBLE FOR THE

4   PLAINTIFF, CARREA CHRISTOPHER JR., WHICH WAS A VIOLATION OF

5   THE MOST FUNDAMENTAL CONSTITUTIONAL RIGHTS TO THE COURTS.

6   THE PLAINTIFF, CARREA CHRISTOPHER JR., IS ATTORNEY OF

7   RECORD IN HIS CASE AT THE TRIAL LEVEL. THE COUNTY OF SAN DIEGO,

8   REFUSED HIM ACCESS TO A TELEPHONE. THE PLAINTIFF, COULD NOT

9   EVEN CALL SAN DIEGO COUNTY. THE PLAITIFF, CARREA CHRISTOPHER

10  JR., COULD NOT CALL THE SHERIFF DEPARTMENT. THE PLAINTIFF,

11  CARREA CHRISTOPHER JR., COULD NOT CALL PRIVATE CONFLICT COUNSEL.

12  THE PLAINTIFF, CARRE CHRISTOPHER JR., COULD NOT CALL THE PRIVATE

13  INVESTIGATOR ASSIGNED TO HIS CASE. THE PLAITIFF, CARREA

14  CHRISTOPHER JR., COULD NOT CALL ANY WITNESSES IN HIS BEHALF, A

15  VIOLATION OF THE SIXTH AMENDMENT OF THE UITED STATES OF AMERICA

16  CONSTITUTION. THE COUNTY OF SAN DIEGO DID NOT ALLOW THE PLAINTIFF,

17  ANY CALLS AS ATTORNEY OF RECORD. THE PLAINTIFF, CARREA CHRISTOPHER

18  JR., WAS ONLY ALLOWED TO MAKE PHONE CALLS ONE WEEK PRIOR TO THE

19  TRIAL, FAR TO LATE AND FOR ONL ONE WEEK DUE TO A COURT ORDER,

20  IN WHICH THE COURT STATED THE AGENCIES THE COUNT APPOINTED

21  SHOULD PROVIDE MEANS FOR THE PLAINTIFF, CARREA CHRISTOPHER JR.,

22  TO CONTACT WHO HE HAS TO CONTACT.

23  THE PLAINTIFF, CARREA CHRISTOPHER JR. BY AND THROUGH

24  SAN DIEGO COUNTY AND SAN DIEGO COUNTY AGENCIES WAS DENIED THE

25  RIGHT TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS

26  FAVOR. THE COUNTY OF SAN DIEGO STATED THROUGH THE SAN DIEGO

27  COUNTY SHERIFF DEPARTMENT, THAT IF YOU ARE AN INDIGENT LITIGATOR

28  AND YOU ARE DENIED THE RIGHT TO HAVE COMPULSORY PROCESS, SO WHAT.

PAGE SIXTY EIGHT

CIVIL RIGHTS COMPLAINT  CHRISTOPHER V. SAN DIEGO ET AL.

1   THE PLAINTIFF, CARREA CHRISTOPHER JR., WAS DENIED ACCESS TO A

2   TELEPHONE FOR THE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN

3   HIS FAVOR. THE PLAINTIFF, SHOULD HAVE BEEN PROVIDED AN ATTORNEY

4   TO ASSIST HIS SELF REPRESENTATION IF THE DEFENDANTS DID NOT WANT

5   HIM TO MAKE PHONE CALLS. THE ACCEPTANCE OF ONE AREA OF THE

6   CONSTITUTION, SUCH AS SELF REPRESENTATION, DOES NOT ELIMINATE

7   ANY OTHER AREA OF THE CONSTITUTION, SUCH AS THE SIXTH AMENDMENT

8   OF THE UNITED STATES CONSTITUTIONAL RIGHT OF ASSISTANCE OF

9   COUNSEL FOR HIS DEFENCE.

10          THE SAN DIEGO COUNTY STAND TO DENY ALL INDIGENT PRO PER

11  TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR,

12  DENIED THE PLAINTIFF, CARREA CHRISTOPHER JR., OF MEANINGFUL

13  ACCESS TO THE COURTS, DUE TO THE PLAINTIFF, CARREA CHRISTOPHER

14  JR., NOT BEING ABLE TO CALL WITNESSES IN HIS BEHALF BECAUSE THE

15  PLAINTIFF, CARREA CHRISTOPHER JR COULD NOT AFFORD TO BUY A PHONE

16  CARD. THE VIOLATION OF WHICH, CANNOT BE JUSTIFIED. THE

17  DEFENDANTS, SAN DIEGO COUNTY, DENIED THE PLAINTIFF, CARREA

18  CHRISTOPHER JR., THE ABILITY TO CONTACT AND MAKE SURE HIS

19  WITNESSES WOULD BE THERE. THE COURT HAD AT THE TRIAL STAGE

20  MISLEAD WITNESSES IN THE PLAINTIFF, CARREA CHRISTOPHER JR.,

21  BEHALF THAT WERE THERE, NOT TO APPEAR. THE COST FOR THE

22  PLAINTIFF, CARREA CHRISTOPHER JR., TO CONTACT WITNEESSES DURING

23  THE TRIAL STAGE WAS $10.00 THE DEFENDANTS, SAN DIEGO COUNTY,

24  REFUSED THE PLAINTIFF, CARREA CHRISTOPHER JR., A $10.00 PHONE

25  CARD TO CONTACT WITNESSES, A DENIAL OF THE MOST BASIC AND

26  FUNDAMENTAL RIGHT OF THE COURT PROCESS.

27          THE COURT PROCESS AND ACCESS TO THE COURT WERE DENIED

28  THE PLAINTIFF, CARREA CHRISTOPHER JR. THROUGH THE COUNTY OF SAN

PAGE SIXTY NINE

CIVIL RIGHTS COMPLAINT    CHRISTOPHER V. SAN DIEGO COUNTY ET AL.

1    DIEGO IN DELIBRATE INDIFRENCE. THE COUNTY OF SAN DIEGO DEPRIVE

2    THE PLAINTIFF AND OTHER PRO  PER LITIGANTS THE FULL AND EQUAL

3    BENIFIT OF THE UNITED STATES CONSTITUTION. THED COUNTY OF SAN

4    DIEGO PROVIDED A DEFIENCIENT LAW LIBRARY THAT DID NOT EVEN HAVE

5    AN EVIDENCE CODE BOOK, A CRIMINAL PROCEDURE BOOK, WEST ANNOTATED

6    PENAL CODE BOOK AND PROVIDED AN INVESTIGATOR SO DEFICIENT HE

7    REFUSED TO SHOW UP FOR THE FIRST DAY OF TRIAL, WHICH WAS A MUST

8    FOR HIM TO APPEAR AND REFUSED TO SHOW UP AT THE PRELIMINARY

9    HEARING. THE INVESTIGATOR LIED ABOUT THE HOURS HE BILLED THE

10   GENERAL PUBLIC AND WHEN THE COUNTY WAS INFORMED OF IT, THEY DID

11   NOTHING.

12        THE COUNTY OF SAN DIEGO ONLY PROVIDED A COMPUTER, WHICH

13   USED FOR ONLY PULLING UP CASES AFTER ONE LOCATES A CASE. THE

14   THE COMPUTER ONLY CAME UP WITH CASES THAT BENIFITED THE DISTRICT

15   ATTORNEY, DUE TO THE SOFTWARE SUPPLIED TO PRO PER LITIGANTS. THE

16   DEFENDANTS, SAN DIEGO COUNTY SUBJECTED THE PLAINTIFF, CHRISTOPHER

17   CARREA JR., TO DEPRIVATION OF RIGHT THEY HAVE NOT, SUBJECTED THE

18   WHITE CITIZENS TO.

19

20

21

22

23

24

25

26

27                              PAGE SEVENTY

28   CIVIL RIGHTS COMPLAINT        CARREA V. SAN DIEGO COUNTY ET AL.
                                   CHRISTOPHER

1                              XII

2                  THE SECOND CAUSE OF ACTION

3                  THE VIOLATION OF 42 USCA 1983,

4                  AGAINST THE DEFENDANTS, SW  ,

5                  DUE TO THE DEPRIVATION OF RIGHTS,

6                  PRIVILEGES, CIVIL RIGHTS AND

7                  CONSTITUTIONAL RIGHTS DUE,

8                  SAN DIEGO COUNTY CHIEF ADMINISTRATIVE

9                  OFFICER WALT EKARD

10  THE DEFENDANT, SD, COUNTY CHIEF ADMIN OFICER WALT EKARD(HEREINAFTER
    KNOWN AS SW)

11  HAS VIOLATED THE CONSTITUTIONAL AND CIVIL RIGHTS OF THE

12  PLAINTIFF, CHRISTOPHER CARREA JR..

13          THE DEFENDANT, SW  , WAS PERSONALLY INVOLVED IN THE

14  THE CIVIL AND CONSTITUTIONAL DEPRIVATION OF THE PLAINTIFF, CARREA

15  CHRISTOPHER JR., BEING PERSONALLY INFORMED OF THE ACTION OF THIS

16  CASE, ABOUT TO HAPPEN, IS HAPPENING, AND REFUSED TO PREVENT IT

17  FROM HAPPENING AND ENCOURAGED IT TO HAPPEN. THE DEFENDANT, SW  ,

18  IS PERSONALLY INVOLVED, DUE TO DEFENDANT, SW ,INACTION AND CONTROL

19  OF THOSE, DEFENDANT, SW  , SUPERVISE AND CONTROL, THOSE WHO

20  CONTINUE TO COMMITT CONSTITUTIONAL TORTS WEEK END AND WEEK OUT.

21          THE DEFENDANT, SW ,ADOPTED POLICY AND CUSTOMS  IS TO

22  ALLOW IT TO CONTINUE.  THE DEFENDANT, SW ,HAS MORE THEN A CASUAL

23  CONNECTION TO THE DEPRIVATION OF THE CONSTITUTIONAL AND CIVIL

24  RIGHTS OF PLAINTIFF, CARREA CHRISTOPHER JR..

25

26                  PAGE SEVENTY ONE

27

28  CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1    THE DEFENDANT, SW,IS MORE LIABLE THEN THOSE UNDER THE

2  SUPERVISION AND CONTROL OF DEFENDANT, SW, DUE TO THE FACT THE

3  DEFENDANT, SW,IS THE ONLY ONE THAT CAN ORDER THE DEPRIVATION OF

4  THE PLAINTIFF,CHRISTOPHER CARREA JR., CONSTITUTIONAL AND CIVIL

5  RIGHTS, BUT HAS FAILED TO AND REFUSE TO WITH THE FULL KNOWLEDGE

6  THOSE UNDER THE CONTROL AND SUPERVISION OF DEFENDANT,SW , HAS

7  VIOLATED THE CONSTITUTIONAL AND CIVIL RIGHTS OF THE PLAINTIFF,

8  CHRISTOPHER CARREA JR.. IT IS THE CUSTOM AND ADOPTED POLICY OF

9  DEFENDANT, SW,TO ALLOW THE DEPRIVATION OF PLAINTIFF, CHRISTOPHER

10  CARREA JR., CONSTITUTIONAL AND CIVIL RIGHTS. THE DEFENDANT,SW ,

11  HAS SET IN MOTION A SERIES OF ACTS WHICH DEFENDANT,SW ,KNEW, KNOWS,

12  OR REASONABLY SHOULD KNOW WOULD CAUSE OTHERS TO SUBJECT THE

13  INFLICTION OF CONSTITUTIONAL TORTS AGAINST THE PLAINTIFF, CHRISTOPHER

14  CARREA JR..  IN SO DOING THE DEFENDANT, SW,SHOULD BE HELD LIABLE

15  PURSUANT TO 42 USCA 1983,(SEE JOHNSON V. DUFFY, 588 F.2D 1435

16  1446-1447 (9TH CIR. 1978)

17

18    THE DEFENDANT,SW ,DENIED THE PLAINTIFF, CHRISTOPHER CARREA

19  JR., OF THE MEANINGFUL ACCESS TO THE COURTS. THE DEFENDANT, SW,

20  DENIED THE PLAINTIFF THE FULL AND EQUAL BENIFITS OF ALL LAWS AND

21  PROCEEDING AS AFFORDED OTHER PARTIES IN A COURT PROCEEDING AS

22  AFFORDED OTHER PARTIES IN A COURT PROCEEDING DELIBRATELY IN THE

23  DELIBRATE INDIFRENCE, DENYING THE PLAINTIFF, CHRISTOPHER CARREA

24  JR., BENIFITS OTHER PARTIES WERE AFFORDED.

25

26            PAGE SEVENTY TWO

27

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1    THE DEFENDANT, SW ,DEPRIVED THE PLAINTIFF, CHRISTOPHER

2 CARREA JR., OF THE MEANINGFUL ACCESS TO THE COURTS THE MOST

3 FUNDAMENTAL CONSTITUTIONAL RIGHT, IN VIOLATION OF THE UNITED STATES

4 CONSTITUTION FIRST, FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENT

5 RIGHTS. THIS COURT MUST REMEDY PAST OR IMMINENT OFFICIAL

6 INTERFERENCE AND VIOLATION OF MEANINGFUL ACCESS TO THE COURTS. THE

7 DEFENDANT, SW ,DENIAL OF MEANINGFUL ACCESS TO COURT CAUSES THE

8 INJURY OF THE PLAINTIFF OF MEANINGFUL ACCESS TO THE COURTS, THE

9 DEPRIVATION OF LIFE, LIBERTY, PROPERTY AND THE INJURY OF A CONVICTION.

10    PURSUANT TO THE FIRST AMENDMENT OF THE UNITED STATES

11 CONSTITUTION, WHICH READS AS FOLLOW:

12    CONGRESS SHALL MAKE NO LAW...

13    PROHIBITING THE RIGHT TO PETITION

14    THE GOVERNMENT FOR REDRESS OF

15    GRIEVANCES

16 THE DEFENDANTS, SW ,DEPRIVED THE PLAINTIFF, CHRISTOPHER CARREA JR.,

17 OF THE FULL AND EQUAL BENIFIT OF REDRESS AND THE ABILITY TO

18 PETITION THE GOVERNMENT.

19    PURSUANT TO THE FOURTH AMENDMENT OF THE UNITED STATES

20 CONSTITUTION, WHICH READS AS FOLLOW:

21    THE RIGHT OF THE PEOPLE TO BE

22    SECURE AGAINST UNREASONABLE

23    ... SEIZURE, SHALL NOT BE

24    VIOLATED ...

25

26    SEVENTY THREE

27

28 CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1   THE DEFENDANT, SW, OMMISSION OF ACTS CAUSES AND CAUSED AN UNREASONABLE

2   SEIZURE AND CONVICTION OF THE PLAINTIFF, CHRISTOPHER CARREA JR..

3         PURSUANT TO THE FIFTH AMENDMENT OF THE UNITED STATES

4   CONSTITUTION, WHICH READS AS FOLLOW:

5             NO PERSON ... SHALL BE DEPRIVED

6             OF LIFE, LIBERTY ... WITHOUT

7             DUE PROCESS OF LAW

8   THE DEFENDANT, SW , DEPRIVED THE PLAINTIFF,  CHRISTOPHER CARREA JR.,

9   OF THE DUE PROCESS OF THE LAW. THE FACT THE DEFENDANT, SW , DID

10  DEPRIVE THE PLAINTIFF, CHRISTOPHER CARREA JR., OF DUE PROCESS, THE

11  FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION STATES THERE

12  MUST BE JUST COMPENSATION.

13        PURSUANT TO THE SIXTH AMENDMENT OF THE UNITED STATES

14  CONSTITUTION, WHICH READS AS FOLLOW:

15            IN ALL PROSECUTION, THE ACCUSED SHALL BE

16            INFORMED OF THE NATURE AND CAUSE OF THE

17            ACCUSATION; TO HAVE COMPULSORY PROCESS FOR

18            OBTAINING WITNESSES IN HIS FAVOR, AND TO

19            HAVE THE ASSISTANCE OF COUNSEL FOR HIS

20            DEFENCE

21  THE DEFENDANT, SW , DEPRIVED THE PLAINTIFF OF BEING INFORMED OF THE

22  NATURE AND CAUSE OF THE ACCUSATION, BY DENYING THE PLAINTIFF LEGAL

23  MATERIAL TO BE INFORMED OF THE NATURE AND ACCUSATION. THE DEFENDANT,

24   SW , DEPRIVED THE PLAINTIFF OF THE COMPULSORY PROCESS FOR OBTAINING

25  WITNESSES IN HIS FAVOR, DUE TO THE DEFENDANT, SW , POSITION OF NONE

26                     PAGE SEVENTY FOUR

27

28  CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1  CONCERN FOR INDIGENT ACCUSED.  THE DEFENDANT, SW,DENIED THE

2  PLAINTIFF, CHRISTOPHER CARREA JR., THE ASSISTANCE OF COUNSEL FOR

3  HIS DEFENCE. THE FACT THE PLAINTIFF CHOSES TO BE PRO PER DOES NOT

4  ELIMINATE THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION

5  WITHIN THE JURISDICTION OF THE UNITED STATES AND THE COST CANNOT

6  ELIMINATE THE RIGHT NOR THE DENIAL OF WHICH IS A VIOLATION OF 42

7  USCA 1983.

8                  PURSUANT TO THE FOURTEENTH AMENDMENT OF THE UNITED

9  STATES CONSTITUTION WHICH READS AS FOLLOW:

10                       ALL PERSON BORN IN THE UNITED STATES, SHALL

11                       NOT BE DENIED IN ANY STATE OF LIFE LIBERTY...

12                       WITHOUT DUE PROCESS OF THE LAW: NOR DENY TO ANY

13                       PERSON WITHIN ITS JURISDICTION THE EQUAL

14                       PROTECTION OF THE LAWS.

15  THE DEFENDANT, SW,DENIED THE PLAINTIFF, CHRISTOPHER CARREA JR., A

16  PERSON BORN IN THE UNITED STATES, A UNITED STATES CITIZEN OF LIFE

17  AND LIBERTY WITHOUT THE DUE PROCESS OF THE LAW, WITHIN THE

18  JURISDICTION OF THE UNITED STATES. THE DEFENDANTS DENIED THE PLAINTIFF,

19  CHRISTOPHER CARREA JR., OF THE FULL AND EQUAL PROTECTION OF THE

20  LAWS. THE DEFENDANTS, SW,BELIEVE IF A CITIZEN IS INDIGENT AND

21  CANNOT AFFORD THE COMPULSORY PROCESS AND DUE PROCESS, DESPITE THE

22  DEFENDANTS, DESIRE NOT TO PROVIDE THE PLAINTIFF MOST BASIC

23  FUNDAMENTAL CONSTITUTIONAL RIGHT OF THE COURT, WHICH IS MEANINGFUL

24  ACCESS TO THE COURT, THEY MUST PROVIDE ACCESS TO THE COURT BUT

25  REFUSED TO DO SO.

26                       PAGE SEVENTY FIVE

27

28  CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1    IT IS NOT A SECRET TO ANYONE THAT DEFENDANTS ARE MORE

2  THAN AWARE THAT DEFENDANT, SW ,REFUSED TO PROVIDE MEANINGFUL ACCESS

3  TO THE COURTS. PURSUANT TO 42 USCA 1983 WHICH STATES AS FOLLOW:

4

5         EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE,

6         ORDINANCE, REGULATION, CUSTOM OR USAGE OF ANY

7         TERRITORY ... CAUSES TO BE SUBJECTED ANY CITIZEN

8         OF THE UNITED STATES, WITHIN THE JURISDICTION

9         THEREOF TO THE DEPRIVATION OF RIGHTS, PRIVILEGES

10         ... SECURED BY THE CONSTITUTION AND LAWS, SHALL

11         BE LIABLE TO THE PARTY INJURED IN AN ACTION AT

12         LAW SUIT IN EQUITY ...

13

14  THE DEFENDANT,SW ,DUE TO THEIR ADOPTED POLICY AND CUSTOM OF REFUSING

15  TO PROVIDE THE PLAINTIFF, CHRISTOPHER CARREA JR., SUBJECTED THE

16  PLAINTIFF, TO THE DEPRIVATION OF HIS FUNDAMENTAL CONSTITIONAL

17  RIGHT OF MEANINGFUL ACCESS TO THE COURT, WHICH CAUSED THE INJURY

18  OF DEPRIVATION OF DUE PROCESS, EQUAL PROTECTION OF THE LAW AND

19  THE DENIAL OF THE COMPULSORY PROCESS TO OBTAIN WITNESSES IN THE

20  PLAINTIFF FAVOR.

21

22                          XII

23

24

25     THE, DEFENDANT, SW , CUSTOMS, POLICY AND ADOPTED POLICY IS THE

26  MOVING FORCE BEHIND ALL THE ACTS OF THIS CASE, THEREBY GIVING RISE

27                    PAGE SEVENTY SIX

28  CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1  TO LIABILITY PURSUANT TO 42 USCA 1983. THE POLICY IS THE MOVING

2  FORCE BEHIND ALL THE ACTS OF THIS CASE. THERE IS AN AFIRMATIVE

3  LINK BETWEEN THE ADOPTED POLICY AND THE ACTS OF THIS CASE. THE

4  TERM "POLICY" GENERALLY IMPLIES A COURSE OF ACTION CONSIOUSLY

5  CHOSEN FROM AMONG VARIOUSE ALTERNATIVES.(SEE CITY OF OKLAHOMA V.

6  TUTTLE, 471 U.S. 808, 823, 105 S. CT. 2427)

7          PURSUANT TO THE DECISION OF THE NINTH CIRCUIT IN THE CASE

8  OF JETT V. PENNER, 439 F.3D 1091(2006), THE DEFENDANT SW ,BEING

9  DELIBRATELY INDIFFRENT, IS SATISFIED BY SHOWING THE FOLLOWING :

10 (A)A PURPOSEFUL ACT OR FAILURE          THE DEFENDANT, SW ,ACTS AND

11 TO RESPOND TO A PRISONERS PAIN          ADOPTED POLICY OF THE DENIAL

12 OR POSSIBLE NEEDS.                      OF MEANINGFUL ACCESS TO THE

13                                         COURTS AND ALLOWED THE

14                                         PLAINTIFF TO BE BRUTALLY

15                                         BEATEN IN THE LAW LIBRARY

16 (B)HARM CAUSED BY THE                   HARM WAS INFLICTED UPON THE

17 INDIFFRENCE.                            PLAINTIFF, DUE TO A BRUTAL

18                                         BEATING AND THE DENIAL OF

19                                         THE PLAINTIFF LIBERTY, DUE

20                                         TO THE ADOPTED POLICY AND

21                                         CUSTOMS OF THE DEFENDANT, SW

22

23

24

25                      PAGE SEVENTY SEVEN

26

27

28 CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

7

THE FUNDAMENTAL CONSTITUTIONAL RIGHTS TO ACCESS OF THE
COURTS REQUIRES THE DEFENDANT, SW, TO HAVE PENALOGICAL AGENCIES
TO ASSIST PRO PER INMATES IN THE PREPARATION AND FILING OF LEGAL
DOCUMENTS BY THOSE IN THERE CARE, WITH ADEQUATE LAW LIBARIES WITH
INDIVDUALS TRAINED IN THE LAW. THE DEFENDANT, SW, ALLOWED AGENCIES
WITH RACIAL ANIMUS, ARBITRARY AND DISCRIMINATORY POLICIES OF THE
WORST AGAINST THE PLAINTIFF, CARREA CHRISTOPHER JR., AND OTHER
PRO PER LITIGANTS, TO DO WHAT THEY DON'T WANT TO DO, WHICH IS TO
PROVIDE PRO PER LITIGANTS WITH LEGAL SERVICES.

THE SPECIFIC FACTS OF EVIDENCE OF THE VIOLATION OF 42
USCA 1981 ALSO INCLUDE THE FOLLOWING:

THE DEFENDANT, SW, WITH DELIBRATE INDIFRENCE AND THE
INTENTIONAL DISCRIMINATION OF THE PLAINTIFFF, CARREA CHRISTOPHER
JR., APPOINTED AND ALLOWED AGENCIES WITH ARBITRARY AND DISCRIMINATORY
POLICIES OF THE PLAINTIFF AND PRO PER ASSUME THE DUTY OF ASSITING
THE PLAINTIFF AND PRO PER. IN FACT THE DEFENDANT, KNOWS THE
AGENCIES SUCH AS THE SHERIFF DEPARTMENT AND PRIVATE CONFLICT
COUNSEL DOES NOT AND HAS NOT PROVIDED MEANINGFUL ASSITANCE OF
THE PLAINTIFF, AND PRO PER. THE DEFENDANT, SW, APPOINTED AGENCIES
THAT HAVE WITH THE FULL KNOWLEDGE OF DEFENDANT, SW, INTENTIONALLY
ELIMINATED THE ASSITANCE OF PRO PER ONE STEP AT A TIME. THE
DEFENDANT, SW, INCREASES THE ALLOCATION TO AGENCIES THAT DECREASE
THE ASSISTANCE TO PRO PER AND THE PLAINTIFF. IT IS A CONFLICT OF
INTREST FOR THE SAN DIEGO BAR ASSOCIATION THROUGH PRIVATE CONFLICT
COUNSEL, APPOINTED BY THE DEFENDANT, SW, TO PROVIDE AND ASSIST

**PAGE SEVENTY EIGHT**

CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1   PRO PER LITIGANTS, IN VIEW OF THE FACT ALL THE OPPONENTS OF PRO

2   PER LITIGANTS, THE SAN DIEGO COUNTY DISTRICT ATTORNEY OFFICE SIT

3   ON THE BOARD OF THE SAN DIEGO COUNTY BAR ASSOCIATION AND/OR THEY

4   ARE MEMBERS OF THE SAN DIEGO COUNTY BAR ASSOCIATION. THE SAME

5   ASSOCIATION THE DEFENDANT, SW, HAS APPOINTED TO ASSIST PRO PER

6   LITIGANTS. THE WHOLE IDEA THAT AN ASSOCIATION WITH PROSECUTION

7   MEMBERS IS SYPATHATIC TO PRO PER LITIGANTS IS INSANITY AND LUDICROUS.

8       THE DEFENDANT, SW, DOES NOT AND DID NOT PROVIDE TO THE

9   PLAINTIFF, CARREA CHRISTOPHER JR., A TRAINED PERSON IN THE LAW

10  TO ASSIST THE PLAINTIFF, CARREA CHRISTOPHER JR., IN THE LAW

11  LIBARY. THE PERSON IN THE LAW LIBRARY WAS SO INCOMPETENT, HE

12  THOUGHT THE STATE SUPREME COURT ONLY HANDLED CIVIL CASES.(COUNSLER

13  LEE)

14      THE DEFENDANT, SW, ONLY ALLOWED THE PLAINTIFF, CARREA

15  CHRISTOPHER JR., FOUR HOURS OR LESS MOST OF THE TIME IN THE LAW

16  LIBRARY, YET ALLOWED THE OPPOSSING PARTY 150 HOURS ARE MORE

17  DENYING THE PLAINTIFF, EQUAL PROTECTION OF THE LAW AND MEANINGFUL

18  ACCESS OF THE COURT.

19      THE DEFENDANT, SW, PROVIDED AN INCOMPETENT INVESTIGATOR

20  TO THE PLAINTIFF, THAT ONLY COMPLAINED AND CHEATED BOTH THE

21  PLAINTIFF, CARREA CHRISTOPHER JR., AND THE CITIZENS OF THE COUNTY

22  OF SAN DIEGO, WITH THE APPROVAL OF DEFENDANT, SW. THE INVESTIGATOR

23  SHOULD BE AN ADVOCATE OF THE PLAINTIFF, CARREA CHRISTOPHER JR.,

24  BUT WAS AN ADVOCATE OF THE OPPOSING PARTY. THE INVESTIGATOR FOR

25  THE PLAINTIFF, CARREA CHRISTOPHER JR., WAS TO SPEND FIVE HOURS

26

                    PAGE SEVENTY NINE

27

28  CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1  ON EACH VISIT WITH THE PLAINTIFF, CARREA CHRISTOPHER JR., BUT

2  ONLY SPENT FIVE MINUTES EACH TIME WITH THE PLAINTIFF AND HID THE

3  FACT FROM THE PLAINTIFF, HE WAS TO SPEND FIVE HOURS INSTEAD OF

4  FIVE MINUTES. WHEN THE PLAINTIFF COMPLAINED ABOUT IT TO THE

5  DEFENDANT, SW, THE DEFENDANT, SW ATTITUDE WAS SO WHAT IF SOMEONE

6  UNDER HIS CONTROL OR SUPERVISION HAS INTENTIONAL RACIAL ANIMUS.

7  THE ATTITUDE OF THE DEFENDANT,SW, IS THE ADOPTED POLICY AND

8  CUSTOM OF THE DEFENDANT, SW, ESPECIALLY IN VIEW OF THE FACT IT

9  IS THE HISTORICAL POSITION OF DEFENDANT, SW. THIS HAS NOT HAPPENED

10  TO A WHITE MAN IN A SIMILIAR CONDITION.

11  THE DEFENDANT, SW, REFUSES TO PROVIDE FOR AN INDIGENT

12  PRO PER INMATE SUCH AS THE PLAINTIFF, CARREA CHRISTOPHER JR.. THE

13  AMOUNT OF TIME THE INVESTIGATOR WAS TO SPEND WITH THE PLAINTIFF,

14  SHOULD  BE DOCUMENTED TO THE PLAINTIFF AND SHOULD BE STIPULATED

15  BY DEFENDANT, SW AND OR THOSE IN HIS CONTROL AND SUPERVISION,

16  INSTEAD OF JUST HAVING SOME FRAUDULANT INVESTIGATOR HAVING A

17  PRO PER AS IN THIS CASE OF THE PLAINTIF SIGN A DOCUMENT STATING

18  HE SEEN THE INVESTIGATOR.

19  THE DEFENDANT, SW, DENIED THE PLAINTIFF MEANINGFUL

20  ACCES TO THE LAW LIBRARY. THE PLAINTIFF, CARREA CHRISTOPHER JR.,

21  ACCESS TO THE LAW LIBRARY WAS SO LIMITED IT WAS UNREASONABLE,

22  WHICH CAUSED THE ACTUAL INJURY OF CONVICTION AND DEFICENT MOTIONS.

23  THE INJURY WAS CAUSED DUE TO THE DENIAL OF A CONSTITUTIONAL RIGHT

24  TO BE PRO PER AND THE VIOLATION OF THE EQUAL PROTECTION OF THE

25  LAW, NEGLIGENCE AND BREACH OF DUTY.

PAGE EIGHTY

26

27

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1        THE FACT THE DEFENDANT, SW, KNEW AND/OR SHOULD HAVE

2  KNOWN THE PLAINTIFF, CARREA CHRISTOPHER JR., WAS SUBJECTED TO THE

3  DEPRIVATION OF CONSTITUTIONAL RIGHTS AND FEDERAL RIGHTS, WHICH

4  NO WHITE MAN WAS SUBJECTED TO AND ALLOWED IT IS THE MOST

5  FUNDAMENTAL VIOLATION OF 42 USCA 1983  THE FACT THE DEFENDANT, SW,

6  HAS A CUSTOM AND ADOPTED POLICY THAT HAS NOT ALLOWED THE PLAINTIFF

7  CARREA CHRISTOPHER JR., THE FULL AND EQUAL BENIFITS OF ALL LAWS

8  AS WHITE CITIZENS ENJOY IS A VIOLATION OF 42 USCA 1983

9        THE VIOLATION OF THE PLAINTIFF, CARREA CHRISTOPHER

10  JR., 42 USCA 1983  RIGHTS ARE DUE TO THE DEFENDANT, SW, WHO DID

11  EVERYTHING POSSIBLE FOR THE OPPOSING PARTY OF PRO PER LITIGANTS

12  AND THE LEAST POSSIBLE FOR THE PLAINTIFF, CARREA CHRISTOPHER JR.,

13  AND PRO PER, A VIOLATION OF THE MOST FUNDAMENTAL TRIAL COURT RIGHTS.

14        THE PLAINTIFF, CARREA CHRISTOPHER JR., IS ATTORNEY

15  OF RECORD IN HIS CASE AND WAS ATTORNEY OF RECORD OF HIS CASE AT

16  THE TRIAL COURT LEVEL. THE DEFENDANT, SW, REFUSED THE PLAINTIFF,

17  ATTORNEY OF RECORD IN HIS CASE ACCESS TO A TELEPHONE. THE PLAINTIFF

18  COULD NOT CALL ANYONE DURING TRIAL. THE PLAINTIFF, COULD NOT CALL

19  THE SHERIFF DEPARTMENT OR THE LAW LIBRARY DURING TRIAL OR FOR

20  THAT MATTER AT ALL. THE PLAINTIFF, COULD NOT CALL PRIVATE CONFLICT

21  COUNSEL. THE PLAINTIFF COULD NOT CALL THE PRIVITE INVESTIGATOR

22  ASSIGHNED TO THE CASE FOR THE PLAINTIFF. THE PLAINTIFF, COULD NOT

23  CALL ANY WITNESSES IN HIS BEHALF, A VIOLATION OF THE SIXTH

24  AMENDMENT OF THE UNITED STATES CONSTITUTION. THE DEFENDANT, SW,

25  DID NOT ALLOW THE PLAINTIFF, ANY CALLS AS ATTORNEY OF RECORD. THE

26  **PAGE EIGHTY ONE**

27

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1  PLAINTIFF, CARREA CHRISTOPHER JR., WAS ONLY ALLOWED TO MAKE PHONE

2  CALLS ONE WEEK PRIOR TO THE TRIAL, FAR TO LATE AND FOR ONLY ONE

3  WEEK, DUE TO A COURT ORDER, BECAUSE DEFENDANT, SW, REFUSED TO

4  ALLOW THE PLAINTIFF, MEANS FOR A PHONE CALL. THE TRIAL COURT

5  STATED THE AGENCIES THE DEFENDANT, SW APPOINTED SHOULD PROVIDE

6  MEANS FOR THE PLAINTIFF, CARREA CHRISTOPHER JR., TO CONTACT WHO

7  HE HAS TO CONTACT.

8         THE PLAINTIFF, CARREA CHRISTOPHER JR., BY AND THROUGH THE

9  DEFENDANT,SW, AND THE AGENIES UNDER HIS CONTROL AND SUPERVISION

10  WAS DENIED THE RIGHT TO HAVE THE COMPULSORY PROCESS FOR OBTAINING

11  WITNESSES IN HIS FAVOR. THE DEFENDANT, SW, AND THE AGENCY IN HIS

12  CONTROL AND SUPERVISION HAS ADOPTED THE POLICY AND CUSTOM, THAT IF

13  YOU ARE AN INDIGENT LITIAGANT AND YOU ARE DENIED THE RIGHT TO HAVE

14  THE COMPULSORY PROCESS BECAUSE YOU DON'T HAVE THE MONEY TO BUY A

15  PHONE CARD, SO WHAT.

16         THE PLAINTIFF, CARREA CHRISTOPHER JR., WAS DEPRIVED OF

17  THE UNITED STATES SIXTH AMENDMENT OF THE UNITED STATES OF AMERICA

18  CONSTITUTIONAL RIGHT WAS DENIED , DUE TO THE DENIAL OF ACCESS TO

19  A TELEPHONE FOR THE, COMPULSORY PROCESS FOR OBTAINING WITNESSES IN

20  THE PLAINTIFF FAVOR. THE PLAINTIFF, CARREA CHRISTOPHER JR., SHOULD

21  HAVE HAD AN ATTORNEY TO ASSIST HIS SELF REPRESENTATION, IF THE

22  DEFENDANTS DID NOT WANT HIM TO MAKE PHONE CALLS. THE ACCEPTANCE

23  OF ONE AREA OF THE CONSTITUTION, SUCH AS SLEF REPRESENTATION,

24  DOES NOT ELIMINATE ANY OTHER AREA OF THE CONSTITUTION, SUCH AS THE

25  SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION RIGHT OF THE

26         PAGE EIGHTY TWO

27

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1   ASSISTANCE OF COUNSEL FOR HIS DEFENCE. IT HAS TO BE NOTED THE

2   DEFENDANTS IN RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION PROVIDED

3   WHITE PRO PER THE ASSITANCE OF COUNSEL.

4        THE DEFENDANT, SW, HAS MORE THEN A CASUAL CONNECTION TO

5   THE RACISIM OF THE PLAINTIFF, CARREA CHRISTOPHER JR., THE

6   DEFENDANT, SW, IS THE SUPERVISION OF THOSE WHO CONTINUE TO

7   IMPLEMENT RACIAL ANIMUS WITH DELIBRATE INDIFRENCE OF THE PLAINTIFF

8   (SEE REDMAN V. COUNTY OF SAN DIEGO, 942 F2D 1435(9TH CIR.1991);

9   JOHNSON V. DUFFY, 588 F2.D 740 (9TH CIR. 1978) CUNNINGHAM V. GATES,

10  229 F3D 1271(9TH CIR. 2000) THE DEFENDANT, SW, KNEW THE DEPRIVATION

11  OF THE PLAINTIFF, CARREA CHRISTOPHER JR., WAS COMMITTED BY THOSE

12  UNDER HIS CONTROL AND SUPERVISION AND THE DEFENDANT,SW, COULD HAVE

13  PREVENTED THE DEPRIVATION OF THE PLAINTIFF RIGHTS.

14       THE DEFENDANT,SW, ADOPTED CUSTOM AND POLICY IS TO DENY

15  INDIGENT PRO PER OF THE CONSTITUTIONAL RIGHT TO MEANINGFUL ACCESS

16  TO THE COURTS, DUE TO THE RACIAL ANIMUS OF THE DEFENDANTS AND THE

17  INTENTIONAL DISCRIMINATION OF THE DEFENDANTS. THE DEFENDANTS, STATE

18  THE PLAINTIFF, CARREA CHRISTOPHER JR., COULD NOT AFFORD TO CALL

19  WITNESSES BECAUSE HE COULD NOT AFFORD TO BUY A PHONE CARD. THE

20  DEPRIVATION OF A CONSTITUTIONAL RIGHT, CANNOT BE JUSTIFIED BECAUSE

21  THE PLAINTIFF COULD NOT AFORD  A CALL CARD. THE DEFENDANT, SW,

22  DEPRIVATION OF THE PLAINTIFF, CARREA CHRISTOPHER JR, CONSTITUTIONAL

23  RIGHT TO CONTACT AND MAKE SURE HIS WITNESSES WOULD BE THGERE, WAS

24  A VIOLATION OF 42 USCA 1983   THE TRIAL COURT HAD MISLEAD THE

25  PLAINTIFF WITNESSES, THE FIRST DAY OF TRIAL THEY DID NOT HAVE TO

26  BE THERE. THE PLAINTIFF WITNESSES WERE IN TOWN AND LEFT TO GO BACK

27  PAGE EIGHTY THREE

28  CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1   TO LOS ANGELES AND DID NOT RETURN. THE COST FOR THE PLAINTIFF, TO

2   HAVE CONTACTACTED THE WITNESES PRIOR TO THEM LEAVING WAS $10.00,

3   TO LET THE WITNESSES KNOW THEY WERE STILL NEEDED. THE DEFENDANT,

4   SW, REFUSED TO PROVIDE A $10.00 PHONE CARD TO THE PLAINTIFF,

5   CARREA CHRISTOPHER JR., DURING TRIAL STAGE TO CONTACT WITNESSES.

6   THE DEPRIVATION WAS THE DEPRIVATION OF THE MOST BASIC AND

7   FUNDAMENTAL RIGHT TO THE MEANINGFUL ACCESS TO THE COURTS. THE

8   ABILITY TO CONTACT WITNESSES IS A FUNDAMENTAL RIGHT OF THE COURT

9   PROCESS..

10       THE COURT PROCESS AND ACCESS TO THE COURT WERE DEPRIVATION

11  OF THE PLAINTIFF UNITED STATES CONSTITUTIONAL RIGHTS, BY THE

12  DEFENDANT, SW, IN DELIBRATE INDIFRENCE OF THE PLAINTIFF. THE

13  DEFENDANT, SW, PROVIDED A DEFICENT LAW LIBRARY, THAT DID NOT EVEN

14  HAVE A EVIDENCE CODE BOOK, A CRIMINAL PROCEDURE BOOK, WEST ANNOTATED

15  PENAL CODE BOOK AND PROVIDED AN INVESTIGATOR SO DEFICIENT HE REFUSED

16  TO SHOW UP FOR THE FIRST DAY OF TRIAL TO SUBPENA WITNESSES THAT

17  SHOWED UP, WHICH WAS A MUST FOR HIM TO APPEAR AND REFUSED TO SHOW

18  UP AT THE PRLIMINARY HEARING. THE INVESTIGATOR LIED ABOUT THE

19  HOURS HE BILLED THE GENERAL PUBLIC AND WHEN THE DEFENDANT, SW, WAS

20  INFORMED OF IT, HE DID NOTHING.

21       THE DEFENDANT, SW ONLY PROVIDED A COMPUTER IN THE LAW

22  LIBRARY USED ONLY TO PULL UP CASES AFTER ONE LOCATES A CASE. THE

23  COMPUTER ONLY CAME UP WITH CASES THAT BENIFITED THE DISTRICT ATTORNEY

24  DUE TO THE SOFTWARE SUPPLIED TO PRO PER LITIGANTS. THE DEFENDANT,

25  SW SUBJECTED THE PLAINTIFF, CARREA CHRISTOPHER JR.,  TO THE

26  DEPRIVATION OF RIGHTS, NO WHITE MAN WAS SUBJECTED TO.

27   PAGE EIGHTY FOUR

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

XIII

THE SECOND CAUSE OF ACTION

THE VIOLATION OF 42 USCA 1983,

AGAINST THE DEFENDANTS,        ,

DUE TO THE DEPRIVATION OF RIGHTS,

PRIVILEGES, CIVIL RIGHTS AND

CONSTITUTIONAL RIGHTS DUE TO,

SAN DIEGO COUNTY SHERIFF DEPARTMENT

THE DEFENDANT, SAN DIEGO COUNTY SHERIFF DEPARTMENT, HEREINAFTER

KNOWN AS CS)

HAS VIOLATED THE CONSTITUTIONAL AND CIVIL RIGHTS OF THE

PLAINTIFF, CHRISTOPHER CARREA JR..

THE DEFENDANT, CS , WAS PERSONALLY INVOLVED IN THE

THE CIVIL AND CONSTITUTIONAL DEPRIVATION OF THE PLAINTIFF, CARREA

CHRISTOPHER JR., BEING PERSONALLY INFORMED OF THE ACTION OF THIS

CASE, ABOUT TO HAPPEN, IS HAPPENING, AND REFUSED TO PREVENT IT

FROM HAPPENING AND ENCOURAGED IT TO HAPPEN. THE DEFENDANT, CS ,

IS PERSONALLY INVOLVED, DUE TO DEFENDANT,CS ,INACTION AND CONTROL

OF THOSE, DEFENDANT, CS , SUPERVISE AND CONTROL, THOSE WHO

CONTINUE TO COMMITT CONSTITUTIONAL TORTS WEEK END AND WEEK OUT.

THE DEFENDANT, CS ,ADOPTED POLICY AND CUSTOMS  IS TO

ALLOW IT TO CONTINUE.  THE DEFENDANT, CS ,HAS MORE THEN A CASUAL

CONNECTION TO THE DEPRIVATION OF THE CONSTITUTIONAL AND CIVIL

RIGHTS OF PLAINTIFF, CARREA CHRISTOPHER JR..

PAGE EIGHTY FIVE

CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1        THE DEFENDANT, CS ,IS MORE LIABLE THEN THOSE UNDER THE

2    SUPERVISION AND CONTROL OF DEFENDANT, CS , DUE TO THE FACT THE

3    DEFENDANT,CS ,IS THE ONLY ONE THAT CAN ORDER THE DEPRIVATION OF

4    THE PLAINTIFF,CHRISTOPHER CARREA JR., CONSTITUTIONAL AND CIVIL

5    RIGHTS, BUT HAS FAILED TO AND REFUSE TO WITH THE FULL KNOWLEDGE

6    THOSE UNDER THE CONTROL AND SUPERVISION OF DEFENDANT, CS , HAS

7    VIOLATED THE CONSTITUTIONAL AND CIVIL RIGHTS OF THE PLAINTIFF,

8    CHRISTOPHER CARREA JR.. IT IS THE CUSTOM AND ADOPTED POLICY OF

9    DEFENDANT,CS ,TO ALLOW THE DEPRIVATION OF PLAINTIFF, CHRISTOPHER

10   CARREA JR., CONSTITUTIONAL AND CIVIL RIGHTS. THE DEFENDANT,CS  ,

11   HAS SET IN MOTION A SERIES OF ACTS WHICH DEFENDANT, CS ,KNEW, KNOWS,

12   OR REASONABLY SHOULD KNOW WOULD CAUSE OTHERS TO SUBJECT THE

13   INFLICTION OF CONSTITUTIONAL TORTS AGAINST THE PLAINTIFF, CHRISTOPHER

14   CARREA JR..  IN SO DOING THE DEFENDANT,CS  ,SHOULD BE HELD LIABLE

15   PURSUANT TO 42 USCA 1983,(SEE JOHNSON V. DUFFY, 588 F.2D 1435

16   1446-1447 (9TH CIR. 1978)

17

18       THE DEFENDANT, CS ,DENIED THE PLAINTIFF, CHRISTOPHER CARREA

19   JR., OF THE MEANINGFUL ACCESS TO THE COURTS. THE DEFENDANT, CS ,

20   DENIED THE PLAINTIFF THE FULL AND EQUAL BENIFITS OF ALL LAWS AND

21   PROCEEDING AS AFFORDED OTHER PARTIES IN A COURT PROCEEDING AS

22   AFFORDED OTHER PARTIES IN A COURT PROCEEDING DELIBRATELY IN THE

23   DELIBRATE INDIFRENCE, DENYING THE PLAINTIFF, CHRISTOPHER CARREA

24   JR., BENIFITS OTHER PARTIES WERE AFFORDED.

25

26                  PAGE EIGHTY SIX

27

28   CIVIL RIGHTS COMPLAINT      CARREA. V. SAN DIEGO COUNTY ET AL.

1       THE DEFENDANT, CS ,DEPRIVED THE PLAINTIFF, CHRISTOPHER

2   CARREA JR., OF THE MEANINGFUL ACCESS TO THE COURTS THE MOST

3   FUNDAMENTAL CONSTITUTIONAL RIGHT, IN VIOLATION OF THE UNITED STATES

4   CONSTITUTION FIRST, FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENT

5   RIGHTS. THIS COURT MUST REMEDY PAST OR IMMINENT OFFICIAL

6   INTERFERENCE AND VIOLATION OF MEANINGFUL ACCESS TO THE COURTS. THE

7   DEFENDANT, CS ,DENIAL OF MEANINGFUL ACCESS TO COURT CAUSES THE

8   INJURY OF THE PLAINTIFF OF MEANINGFUL ACCESS TO THE COURTS, THE

9   DEPRIVATION OF LIFE, LIBERTY, PROPERTY AND THE INJURY OF A CONVICTION.

10      PURSUANT TO THE FIRST AMENDMENT OF THE UNITED STATES

11  CONSTITUTION, WHICH READS AS FOLLOW:

12      CONGRESS SHALL MAKE NO LAW...

13      PROHIBITING THE RIGHT TO PETITION

14      THE GOVERNMENT FOR REDRESS OF

15      GRIEVANCES

16  THE DEFENDANTS, CS ,DEPRIVED THE PLAINTIFF, CHRISTOPHER CARREA JR.,

17  OF THE FULL AND EQUAL BENIFIT OF REDRESS AND THE ABILITY TO

18  PETITION THE GOVERNMENT.

19      PURSUANT TO THE FOURTH AMENDMENT OF THE UNITED STATES

20  CONSTITUTION, WHICH READS AS FOLLOW:

21      THE RIGHT OF THE PEOPLE TO BE

22      SECURE AGAINST UNREASONABLE

23      ... SEIZURE, SHALL NOT BE

24      VIOLATED ...

25

26              PAGE EIGHTY SEVEN

27

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1  THE DEFENDANT, CS,OMMISSION OF ACTS CAUSES AND CAUSED AN UNREASONABLE

2  SEIZURE AND CONVICTION OF THE PLAINTIFF, CHRISTOPHER CARREA JR..

3          PURSUANT TO THE FIFTH AMENDMENT OF THE UNITED STATES

4  CONSTITUTION, WHICH READS AS FOLLOW:

5              NO PERSON ... SHALL BE DEPRIVED

6              OF LIFE, LIBERTY ... WITHOUT

7              DUE PROCESS OF LAW

8  THE DEFENDANT, CS  ,DEPRIVED THE PLAINTIFF,  CHRISTOPHER CARREA JR.,

9  OF THE DUE PROCESS OF THE LAW. THE FACT THE DEFENDANT, CS  , DID

10  DEPRIVE THE PLAINTIFF, CHRISTOPHER CARREA JR., OF DUE PROCESS, THE

11  FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION STATES THERE

12  MUST BE JUST COMPENSATION.

13          PURSUANT TO THE SIXTH AMENDMENT OF THE UNITED STATES

14  CONSTITUTION, WHICH READS AS FOLLOW:

15              IN ALL PROSECUTION, THE ACCUSED SHALL BE

16              INFORMED OF THE NATURE AND CAUSE OF THE

17              ACCUSATION; TO HAVE COMPULSORY PROCESS FOR

18              OBTAINING WITNESSES IN HIS FAVOR, AND TO

19              HAVE THE ASSISTANCE OF COUNSEL FOR HIS

20              DEFENCE

21  THE DEFENDANT, CS ,DEPRIVED THE PLAINTIFF OF BEING INFORMED OF THE

22  NATURE AND CAUSE OF THE ACCUSATION, BY DENYING THE PLAINTIFF LEGAL

23  MATERIAL TO BE INFORMED OF THE NATURE AND ACCUSATION. THE DEFENDANT,

24  CS ,DEPRIVED THE PLAINTIFF OF THE COMPULSORY PROCESS FOR OBTAINING

25  WITNESSES IN HIS FAVOR, DUE TO THE DEFENDANT, CS ,POSITION OF NONE

26              PAGE EIGHTY EIGHT

27

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1  CONCERN FOR INDIGENT ACCUSED.  THE DEFENDANT,CS ,DENIED THE

2  PLAINTIFF, CHRISTOPHER CARREA JR., THE ASSISTANCE OF COUNSEL FOR

3  HIS DEFENCE. THE FACT THE PLAINTIFF CHOSES TO BE PRO PER DOES NOT

4  ELIMINATE THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION

5  WITHIN THE JURISDICTION OF THE UNITED STATES AND THE COST CANNOT

6  ELIMINATE THE RIGHT NOR THE DENIAL OF WHICH IS A VIOLATION OF 42

7  USCA 1983.

8        PURSUANT TO THE FOURTEENTH AMENDMENT OF THE UNITED

9  STATES CONSTITUTION WHICH READS AS FOLLOW:

10              ALL PERSON BORN IN THE UNITED STATES, SHALL

11              NOT BE DENIED IN ANY STATE OF LIFE LIBERTY...

12              WITHOUT DUE PROCESS OF THE LAW: NOR DENY TO ANY

13              PERSON WITHIN ITS JURISDICTION THE EQUAL

14              PROTECTION OF THE LAWS.

15  THE DEFENDANT,CS ,DENIED THE PLAINTIFF, CHRISTOPHER CARREA JR., A

16  PERSON BORN IN THE UNITED STATES, A UNITED STATES CITIZEN OF LIFE

17  AND LIBERTY WITHOUT THE DUE PROCESS OF THE LAW, WITHIN THE

18  JURISDICTION OF THE UNITED STATES. THE DEFENDANTS DENIED THE PLAINTIFF,

19  CHRISTOPHER CARREA JR., OF THE FULL AND EQUAL PROTECTION OF THE

20  LAWS. THE DEFENDANTS,CS ,BELIEVE IF A CITIZEN IS INDIGENT AND

21  CANNOT AFFORD THE COMPULSORY PROCESS AND DUE PROCESS, DESPITE THE

22  DEFENDANTS, DESIRE NOT TO PROVIDE THE PLAINTIFF MOST BASIC

23  FUNDAMENTAL CONSTITUTIONAL RIGHT OF THE COURT, WHICH IS MEANINGFUL

24  ACCESS TO THE COURT, THEY MUST PROVIDE ACCESS TO THE COURT BUT

25  REFUSED TO DO SO.

26

27                    PAGE EIGHTY NINE

28  CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1    IT IS NOT A SECRET TO ANYONE THAT DEFENDANTS ARE MORE

2   THAN AWARE THAT DEFENDANT,CS   ,REFUSED TO PROVIDE MEANINGFUL ACCESS

3   TO THE COURTS. PURSUANT TO 42 USCA 1983 WHICH STATES AS FOLLOW:

4

5           EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE,

6           ORDINANCE, REGULATION, CUSTOM OR USAGE OF ANY

7           TERRITORY ... CAUSES TO BE SUBJECTED ANY CITIZEN

8           OF THE UNITED STATES, WITHIN THE JURISDICTION

9           THEREOF TO THE DEPRIVATION OF RIGHTS, PRIVILEGES

10          ... SECURED BY THE CONSTITUTION AND LAWS, SHALL

11          BE LIABLE TO THE PARTY INJURED IN AN ACTION AT

12          LAW SUIT IN EQUITY ...

13

14   THE DEFENDANT, CS ,DUE TO THEIR ADOPTED POLICY AND CUSTOM OF REFUSING

15   TO PROVIDE THE PLAINTIFF, CHRISTOPHER CARREA JR., SUBJECTED THE

16   PLAINTIFF, TO THE DEPRIVATION OF HIS FUNDAMENTAL CONSTITIONAL

17   RIGHT OF MEANINGFUL ACCESS TO THE COURT, WHICH CAUSED THE INJURY

18   OF DEPRIVATION OF DUE PROCESS, EQUAL PROTECTION OF THE LAW AND

19   THE DENIAL OF THE COMPULSORY PROCESS TO OBTAIN WITNESSES IN THE

20   PLAINTIFF FAVOR.

21                              XIV

22

23

24      THE, DEFENDANT,CS  , CUSTOMS, POLICY AND ADOPTED POLICY IS THE

25   MOVING FORCE BEHIND ALL THE ACTS OF THIS CASE, THEREBY GIVING RISE

26                          PAGE NINTY

27

28   CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1  TO LIABILITY PURSUANT TO 42 USCA 1983. THE POLICY IS THE MOVING

2  FORCE BEHIND ALL THE ACTS OF THIS CASE. THERE IS AN AFIRMATIVE

3  LINK BETWEEN THE ADOPTED POLICY AND THE ACTS OF THIS CASE. THE

4  TERM "POLICY" GENERALLY IMPLIES A COURSE OF ACTION CONSIOUSLY

5  CHOSEN FROM AMONG VARIOUSE ALTERNATIVES.(SEE CITY OF OKLAHOMA V.

6  TUTTLE, 471 U.S. 808, 823, 105 S. CT. 2427)

7          PURSUANT TO THE DECISION OF THE NINTH CIRCUIT IN THE CASE

8  OF JETT V. PENNER, 439 F.3D 1091(2006), THE DEFENDANT,CS ,BEING

9  DELIBRATELY INDIFFRENT, IS SATISFIED BY SHOWING THE FOLLOWING :

10 (A)A PURPOSEFUL ACT OR FAILURE        THE DEFENDANT,CS ,ACTS AND

11 TO RESPOND TO A PRISONERS PAIN        ADOPTED POLICY OF THE DENIAL

12 OR POSSIBLE NEEDS.                    OF MEANINGFUL ACCESS TO THE

13                                       COURTS AND ALLOWED THE

14                                       PLAINTIFF TO BE BRUTALLY

15                                       BEATEN IN THE LAW LIBRARY

16 (B)HARM CAUSED BY THE                 HARM WAS INFLICTED UPON THE

17 INDIFFRENCE.                          PLAINTIFF, DUE TO A BRUTAL

18                                       BEATING AND THE DENIAL OF

19                                       THE PLAINTIFF LIBERTY, DUE

20                                       TO THE ADOPTED POLICY AND

21                                       CUSTOMS OF THE DEFENDANT,CS

22

23

24

25                  PAGE NINETY ONE

26

27

28  CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1        THE SPECIFIC FACTS OF EVIDENCE OF VIOLATION OF 42 USCA

2   1981 ALSO INCLUDE THE FOLLOWING:

3

4        THE DEFENDANT,   *CS*, REFUSED THE PLAINTIFF, CARREA

    CHRISTOPHER JR., THE ABILITY TO GO TO THE STATE OF CALIFORNIA
5
    SUPREME COURT. THE DEFENDANT,   *CS* STATED THE STATE OF CALIFORNIA
6
    SUPREME COURT ONLY DELT WITH CIVIL CASES DESPITE THE PLAINTIFF
7
    INFORMING THEM THE STATE OF CALIFORNIA SUPREME COURT DEALS WITH
8
    BOTH CIVIL AND CRIMINAL CASES AND FOR THEM TO CALL THE STATE OF
9
    CALIFORNIA SUYPREME COURT AND FIND OUT THEM SELVES. THE DEFENDANT,
10
    *CS* , PLACED AN INDIVIDUAL IN THE LAW LIBRARY THAT KNEW NOTHING
11
    ABOUT THE LAW, YET THE DEFENDANT, SD  , RELIED ON HIS UPON AS TO
12
    HOW THE LAW SHOULD BE APPLIED TO PRO PER LITIGANTS AND THE PLAINTIFF,
13
    CARREA CHRISTOPHER JR.
14
         THE DEFENDANT,   *CS*, ACCEPTED THE RESPONSIBILITY OF
15
    PROVIDING PRO PER SERVICES AND REFUSED TO ALLOW ANY OUTSIDE THE
16
    RESPONSIBILITY TO PROVIDE PRO PER PRIVILEGES. THE DEFENDANT, SD   ,
17
    HAVING ACCEPTED THE RESPONSIBILITY TO PROVIDE PRO PER PRIVILEGES
18
    SUCH AS PRO PER CONTACTING WITNESSES FOR MEANINGFUL ACCESS TO THE
19
    COURTS REFUSED TO PROVIDE MEANS FOR INDIGENT PRO PER SUCH AS THE
20
    PLAINTIFF TO THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION
21
    COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR BY REFUSING
22
    THE PLAINTIFF A PHONE HE COULD USE, DESPITE THE FACT THEY WERE
23
    PAID TO DO SO. THE DEFENDANT, *CS*  , BELIEVES A PRO PER LITIGANT
24
    AND THE PLAINTIFF, CARREA CHRISTOPHER JR. SHOULD NOT HAVE THE
25
    RIGHT TO REDRESS THE GOVERNMENT FOR ITS WRONGS AND STATED ON THE
26
       PAGE NINETY TWO
27

28  CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1  COURT RECORD THEY REFUSE TO ASSIST INDIGENT PRO PER WITH THE SIXTH

2  AMENDMENT OF THE CONSTITUTION COMPULSORY PROCESS TO OBTAIN WITNESSES

3  IN THERE FAVOR. THE ADOPTED POLICY AND CUSTOM OF THE DEFENDNAT,

4  C S    ,IS THAT IF YOU HAVE NO MONEY FOR JUSTICE TO BAD, ON COURT

5  TRANSCRIPT. THE DEFENDNAT, CS.    , HAS ACCEPTED THE RESPONSIBILITY

6  TO PROVIDE PRO PER SERVICES BUT HAS AN ADOPTTED POLICY AND CUSTOM

7  TO GET RID OF PRO PER PROGRAMS AND BELIEVE NO ONE SHOULD BE AFORDED

8  THE RIGHT TO BE PRO PER. THE DEFENDANT C S.  , HAS STATED ON COURT

9  RECORD THEY DON'T LIKE PRO PER.

10      THE DEFENDANT, CS    , HAS REFUSED THE PLAINTIFF ADEQUATE

11  TIME IN THE LAW LIBRARY. THE DEFENDANT PROVIDED THE PLAINTIFF,

12  CARREA CHRISTOPHER JR., LESS THEN FOUR HOURS A WEEK IN THE LAW

13  LIBRARY.  THE DEFENDANT, CS    , REFUSED TO HIRE A COMPETENT LAW

14  LIBRARIAN. THE LAW LIBRARIAN(COUNSLER LEE)WAS SO INCOMPETENT HE

15  DID NOT KNOW WHAT AN EVIDENCE CODE OR CRIMINAL PROCEDURE BOOK WAS.

16  THE DEFENDANT S:   ,REFUSED TO MEET THE STANDARD OF THE RULES OF

17  THE COURT IN THERE SERVICES OF PROVIDING PRO PER SERVICES.

18      THE DEFENDANT, CS   ,HAS STATED FOR THE RECORD THAT DESPITE

19  HAVING THE RESPONSIBILITY TO PROVIDE PRO PER SERVICES, HAS A POLICY

20  AND ADOPTED CUSTOM OF NOT PROVIDE PRO PER SERVICES AND BELIEVES

21  THE BURDEN OF THE PLAINTIFF, CARREA CHRISTOPHER JR. SHOULD BE

22  IGNORED BY THEM AND THE COURT. THE DEFENDANT, CS.   , HAS ADOPTED

23  POLICY AND CUSTOM, THE PLAINTIFF SHOULD ACCEPT THERE VIOLATION

24  OF 42 USCA 1981 ALSO STATED FOR THE RECORD. THE DEFENDANT,  SC,

25  HAS AN ADOPTED POLICY AND CUSTOM STATED ON THE RECORD THAT THEY

26  DON'T WANT A LAW LIBRARY FOR THE PLAINTIFF AND PRO PER.

27                    **PAGE NINTY THREE**

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1  THE DEFENDANT, CS  , DID EVERY THING POSSIBLE TO DENY THE PLAINTIFF,

2  CARREA CHRISTOPHER JR., THE LAW LIBRARY. THE DEFENDANT, SD SC.,

3  HAS AN ADOPTED POLICY AND CUSTOM A PRO PER AND THE PLAINTIFF,

4  SHOULD NOT COMPLAIN UNTIL A CONVICTION WHICH IS TO LATE.

5       THE DEFENDNAT, CS    , HAS ALLOWED THOSE IN DEFENDANT,

6  CS    , CONTROL AND SUPERVISION TO BEAT BLACK PRO PER, DUE TO

7  THE RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION OF DEFENDANT,

8  CS   . THE DEFENDANT ALLOWED THE PLAINTIFF, CARREA CHRISTOPHER

9  JR TO BE BEATEN BY ONE OF THEIR DEPUTIES( DEPUTY GRIMM)SIMPLY

10 BECAUSE THE PLAINTIFF, REQUESTED TO SPEACK TO THE DEPUTY SUPERIOR

11 THE DEPUTY ONLY BEAT BLACK PRO PER DUE TO HIS RACIAL ANIMUS AND

12 INTENTIONAL DISCRIMINATION, UNDER THE SUPERVISION AND CONTROL

13 OF DEFENDANT CSU   , DUE TO THE RACIAL ANIMUS AND INTENTIONAL

14 DISCRIMINATION OF DEFENDANT, CS   .

15       THE APPOINTED LAW LIBRARIAN, DUE TO HIS HATRED OF BLACKS,

16 RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION REFUSED TO MAKE

17 COPIES FOR BLACKS, REFUSED TO ANSWER GRIEVANCES AND HID GRIEVANCES

18 AND WHEN DEFENDANT, CS   WAS INFORMED OF THE BREACH OF THE GRIEVANCE

19 PROCESS DEFENDANT, SCS  ASSISTED IN THE BREACH OF GRIEVANCE

20 PROCESS AND REFUSED TO ANSWER GRIEVANCES AS WELL. THE APPOINTED

21 LAW LIBRARIAN KNEW NOTHING ABOUT THE LAW. THE APPOINTED LAW

22 LIBRARIAN WAS PLACED IN THE LAW LIBARY ONLY TO MAKE THE PRO PER

23 TASK DIFICULT AND TO HARRASS THE PLAINTIFF AS WELL AS PRO PER.

24 THE APPOINTED LAW LIBRARIAN TOOK DOCUMENTS FROM THE PLAINTIFF

25 AND REFUSED TO RETURN THEM UNDER THE CONTROL AND SUPERVISION OF

26 THE DEFENDANT, CS   . THE INCOMPETENT LAW LIBRAIRIAN MADE SURE

27 **PAGE NINETY FOUR**

28 CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1   THE BARE ESSENTIAL LAW LIBARY BOOKS WERE NOT IN THE LAW LIBRARY

2   SUCH AS THE CALIFORNIA EVIDENCE CODE BOOK, WEST ANNOTATED PENAL

3   CODE, EVIDENCE CODE AND HEALTH AND SAFTEY CODE BOOKS WERE NOT

4   AVAILABLE. THERE WAS NO FEDERAL CODE BOOKS OR ANY USCA BOOKS IN

5   THE LAW LIBRARY AND DEFENDANT C S. ,REFUSED TO SUPPLY THOSE BOOK

6   IN THE LAW LIBRARY AND INFORMED BOTH THE COURT AND THE COUNTY

7   OF SAN DIEGO EVERY THING WAS FINE. THE COUNTY OF SAN DIEGO SHOULD

8   HAVE HAD MONITORS FOR THE ALLOCATION OF FUNDS FOR PRO PER

9   LITIGANTS BUT FAILED TO, DUE TO THERE RACIAL ANIMUS. THE LAW

10  LIBRARIAN SEXUALLY HARRASED BLACK PRO PER AND ADMITTED IT TO

11  DEFENDANT,   SC.

12

13

14            PURSUANT TO RULE (8) OF THE  FEDERAL COURT

15  WHICH STATES AS FOLLOW:

16          RULE (8)(A)A PLEADING WHICH SETS FORTH A CLAIM

17          FOR RELIEF, WHETHER AN ORIGINAL CLAIM, COUNTER

18          CLAIM, CROSS-CLAIM OR THIRD PARTY CLAIM, SHALL

19          CONTAIN(1)A SHORT AND PLAIN STATMENT......

20

21   THE COST OF BEING A PRO PER CANNOT JUSTIFY THE DENIAL OF THAT

22  CONSTITUTIONAL RIGHT BY DEFENDANT, CS. .THE FUNDAMENTAL CONSTITUTIONAL

23  RIGHT OF ACCESS TO THE COURT, REQUIRES ADEQUATE LAW LIBRARIES AND

24  PERSON TRIANED IN THE LAW, BOTH OF WHICH THE DEFENDANT CSD , DENIED

25  THE PLAINTIFF, CARREA CHRISTOPHER JR..(SEE BOUNDS V. SMITH,  97

26  S.CT. 817; LEWIS V. CASEY(1995)116 S.CT. 2174)

                          **PAGE NINETY FIVE**

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1       THERE MUST NOT BE OFFICIAL INTERFERENCE BY THE

2   DEFENDANT, CS   ,WITH THE ABILITY OF THE PLAINTIFF AND PRO PER

3   WITH THEIR PRESENTATION OF THEIR CASES TO THE COURT. THE DEFENDANT,

4   CS   ,MUST ESTABLISH PUBLICLY THEY REFUSE TO ASSIST THE PLAINTIFF,

5   AND PRO PER. THE DEFENDANT, CS , IN THIS CASE HINDERED THE

6   PLAINTIFF, IN HIS PRESENTATION TO THE COURT AND REFUSED TO HELP

7   THE PLAINTIFF WITH PRO PER SERVICES, DESPITE THE FACT INFORMING

8   THEY WOULD.

9       THE DEFENDANT CS   , HAS A POLICY OF A LITANY OF

10  RAMBLING AND EXCUSES NOT TO PROVIDE THE SERVICES THE DEFENDANT,

11    CS IS PAID TO PROVIDE. THE DEFENDANT, : CS ,HAVE A POLICY

12  AND ADOPTED CUSTOM NOT TO PROVIDE AN ADEQUATE LAW LIBRARY FOR

13  THE PLAINTIFF AND PRO PER, ESPECIALLLY INDIGENT PRO PER AS THE

14  PLAINTIFF WHO ARE ALL PEOPLE OF COLOR, DUE TO RACIAL ANIMUS AND

15  INTENTIONAL DISCRIMINATION.THE DEFENDANT CS   , HAS A POLICY

16  AND ADOPTED CUSTOM TO HINDER AND CONVINCE THE COURT TO NOT PROVIDE

17  PRO PER SERVICES AND HAS A HISTORY OF THE POLICY AND ADOPTED

18  CUSTOM OF TAKING PRO PER RIGHTS ONE STEP AT A TIME. THE DEFENDANT,

19  CS   ,HAS A POLICY OF GOING TO COURT TO REMOVE PRO PER RIGHTS

20  WITHOUT SERVING THE PLAINTIFF AND OTHER PRO PER WITH NOTICE AND

21  PROPER SERVICE OF THERE INTENTION UNTIL ITS DONE. THE DEFENDANT,

22    CS ,HAS A POLICY AND CUSTOM OF REFUSING INDIGENT MINORITY

23  PRO PER THE USE OF TELEPHONE AND HAS THE CUSTOM AND ADOPTED

24  POLICY OF SO WHAT IF AN INDIGENT PRO PER CAN'T MAKE NECESSARY

25  PHONE CALLS, DUE TO RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION.

26   PAGE NINETY SIX

27

28  CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

XV

THE SECOND CAUSE OF ACTION

THE VIOLATION OF 42 USCA 1983,

AGAINST THE DEFENDANTS, BW  ,

DUE TO THE DEPRIVATION OF RIGHTS,

PRIVILEGES, CIVIL RIGHTS AND

CONSTITUTIONAL RIGHTS DUE TO

COUNTY SHERIFF WILLIAM KOLENDER

THE COUNTY SHERIFF, WILLIAM KOLENDER(HEREINAFTER KNOWN AS BW)

HAS VIOLATED THE CONSTITUTIONAL AND CIVIL RIGHTS OF THE

PLAINTIFF, CHRISTOPHER CARREA JR..

THE DEFENDANT, BW  , WAS PERSONALLY INVOLVED IN THE

THE CIVIL AND CONSTITUTIONAL DEPRIVATION OF THE PLAINTIFF, CARREA

CHRISTOPHER JR., BEING PERSONALLY INFORMED OF THE ACTION OF THIS

CASE, ABOUT TO HAPPEN, IS HAPPENING, AND REFUSED TO PREVENT IT

FROM HAPPENING AND ENCOURAGED IT TO HAPPEN. THE DEFENDANT, BW  ,

IS PERSONALLY INVOLVED, DUE TO DEFENDANT, BW ,INACTION AND CONTROL

OF THOSE, DEFENDANT, BW , SUPERVISE AND CONTROL, THOSE WHO

CONTINUE TO COMMITT CONSTITUTIONAL TORTS WEEK END AND WEEK OUT.

THE DEFENDANT, BW ,ADOPTED POLICY AND CUSTOMS  IS TO

ALLOW IT TO CONTINUE.  THE DEFENDANT, BW ,HAS MORE THEN A CASUAL

CONNECTION TO THE DEPRIVATION OF THE CONSTITUTIONAL AND CIVIL

RIGHTS OF PLAINTIFF, CARREA CHRISTOPHER JR..

PAGE NINETY SEVEN

CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1      THE DEFENDANT, BW, IS MORE LIABLE THEN THOSE UNDER THE

2    SUPERVISION AND CONTROL OF DEFENDANT, BW , DUE TO THE FACT THE

3    DEFENDANT, BW, IS THE ONLY ONE THAT CAN ORDER THE DEPRIVATION OF

4    THE PLAINTIFF, CHRISTOPHER CARREA JR., CONSTITUTIONAL AND CIVIL

5    RIGHTS, BUT HAS FAILED TO AND REFUSE TO WITH THE FULL KNOWLEDGE

6    THOSE UNDER THE CONTROL AND SUPERVISION OF DEFENDANT, BW , HAS

7    VIOLATED THE CONSTITUTIONAL AND CIVIL RIGHTS OF THE PLAINTIFF,

8    CHRISTOPHER CARREA JR.. IT IS THE CUSTOM AND ADOPTED POLICY OF

9    DEFENDANT, BW, TO ALLOW THE DEPRIVATION OF PLAINTIFF, CHRISTOPHER

10   CARREA JR., CONSTITUTIONAL AND CIVIL RIGHTS. THE DEFENDANT, BW ,

11   HAS SET IN MOTION A SERIES OF ACTS WHICH DEFENDANT, BW , KNEW, KNOWS,

12   OR REASONABLY SHOULD KNOW WOULD CAUSE OTHERS TO SUBJECT THE

13   INFLICTION OF CONSTITUTIONAL TORTS AGAINST THE PLAINTIFF, CHRISTOPHER

14   CARREA JR..  IN SO DOING THE DEFENDANT, BW , SHOULD BE HELD LIABLE

15   PURSUANT TO 42 USCA 1983, (SEE JOHNSON V. DUFFY, 588 F.2D 1435

16   1446-1447 (9TH CIR. 1978)

17

18      THE DEFENDANT, BW , DENIED THE PLAINTIFF, CHRISTOPHER CARREA

19   JR., OF THE MEANINGFUL ACCESS TO THE COURTS. THE DEFENDANT, BW ,

20   DENIED THE PLAINTIFF THE FULL AND EQUAL BENIFITS OF ALL LAWS AND

21   PROCEEDING AS AFFORDED OTHER PARTIES IN A COURT PROCEEDING AS

22   AFFORDED OTHER PARTIES IN A COURT PROCEEDING DELIBRATELY IN THE

23   DELIBRATE INDIFRENCE, DENYING THE PLAINTIFF, CHRISTOPHER CARREA

24   JR., BENIFITS OTHER PARTIES WERE AFFORDED.

25

26                        PAGE NINETY EIGHT

27

28   CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1  THE DEFENDANT, BW, DEPRIVED THE PLAINTIFF, CHRISTOPHER

2  CARREA JR., OF THE MEANINGFUL ACCESS TO THE COURTS THE MOST

3  FUNDAMENTAL CONSTITUTIONAL RIGHT, IN VIOLATION OF THE UNITED STATES

4  CONSTITUTION FIRST, FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENT

5  RIGHTS. THIS COURT MUST REMEDY PAST OR IMMINENT OFFICIAL

6  INTERFERENCE AND VIOLATION OF MEANINGFUL ACCESS TO THE COURTS. THE

7  DEFENDANT, BW, DENIAL OF MEANINGFUL ACCESS TO COURT CAUSES THE

8  INJURY OF THE PLAINTIFF OF MEANINGFUL ACCESS TO THE COURTS, THE

9  DEPRIVATION OF LIFE, LIBERTY, PROPERTY AND THE INJURY OF A CONVICTION.

10  PURSUANT TO THE FIRST AMENDMENT OF THE UNITED STATES

11  CONSTITUTION, WHICH READS AS FOLLOW:

12  CONGRESS SHALL MAKE NO LAW...

13  PROHIBITING THE RIGHT TO PETITION

14  THE GOVERNMENT FOR REDRESS OF

15  GRIEVANCES

16  THE DEFENDANTS, BW, DEPRIVED THE PLAINTIFF, CHRISTOPHER CARREA JR.,

17  OF THE FULL AND EQUAL BENIFIT OF REDRESS AND THE ABILITY TO

18  PETITION THE GOVERNMENT.

19  PURSUANT TO THE FOURTH AMENDMENT OF THE UNITED STATES

20  CONSTITUTION, WHICH READS AS FOLLOW:

21  THE RIGHT OF THE PEOPLE TO BE

22  SECURE AGAINST UNREASONABLE

23  ... SEIZURE, SHALL NOT BE

24  VIOLATED ...

25

26  PAGE NINETY NINE

27

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1  THE DEFENDANT, BW ,OMMISSION OF ACTS CAUSES AND CAUSED AN UNREASONABLE

2  SEIZURE AND CONVICTION OF THE PLAINTIFF, CHRISTOPHER CARREA JR..

3          PURSUANT TO THE FIFTH AMENDMENT OF THE UNITED STATES

4  CONSTITUTION, WHICH READS AS FOLLOW:

5              NO PERSON ... SHALL BE DEPRIVED

6              OF LIFE, LIBERTY ... WITHOUT

7              DUE PROCESS OF LAW

8  THE DEFENDANT, BW,DEPRIVED THE PLAINTIFF,  CHRISTOPHER CARREA JR.,

9  OF THE DUE PROCESS OF THE LAW. THE FACT THE DEFENDANT, BW , DID

10  DEPRIVE THE PLAINTIFF, CHRISTOPHER CARREA JR., OF DUE PROCESS, THE

11  FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION STATES THERE

12  MUST BE JUST COMPENSATION.

13          PURSUANT TO THE SIXTH AMENDMENT OF THE UNITED STATES

14  CONSTITUTION, WHICH READS AS FOLLOW:

15              IN ALL PROSECUTION, THE ACCUSED SHALL BE

16              INFORMED OF THE NATURE AND CAUSE OF THE

17              ACCUSATION; TO HAVE COMPULSORY PROCESS FOR

18              OBTAINING WITNESSES IN HIS FAVOR, AND TO

19              HAVE THE ASSISTANCE OF COUNSEL FOR HIS

20              DEFENCE

21  THE DEFENDANT, BW,DEPRIVED THE PLAINTIFF OF BEING INFORMED OF THE

22  NATURE AND CAUSE OF THE ACCUSATION, BY DENYING THE PLAINTIFF LEGAL

23  MATERIAL TO BE INFORMED OF THE NATURE AND ACCUSATION. THE DEFENDANT,

24  BW ,DEPRIVED THE PLAINTIFF OF THE COMPULSORY PROCESS FOR OBTAINING

25  WITNESSES IN HIS FAVOR, DUE TO THE DEFENDANT, BW ,POSITION OF NONE

26              PAGE ONE HUNDRED

27

28  CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1  CONCERN FOR INDIGENT ACCUSED.  THE DEFENDANT, BW ,DENIED THE

2  PLAINTIFF, CHRISTOPHER CARREA JR., THE ASSISTANCE OF COUNSEL FOR

3  HIS DEFENCE. THE FACT THE PLAINTIFF CHOSES TO BE PRO PER DOES NOT

4  ELIMINATE THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION

5  WITHIN THE JURISDICTION OF THE UNITED STATES AND THE COST CANNOT

6  ELIMINATE THE RIGHT NOR THE DENIAL OF WHICH IS A VIOLATION OF 42

7  USCA 1983.

8          PURSUANT TO THE FOURTEENTH AMENDMENT OF THE UNITED

9  STATES CONSTITUTION WHICH READS AS FOLLOW:

10              ALL PERSON BORN IN THE UNITED STATES, SHALL

11              NOT BE DENIED IN ANY STATE OF LIFE LIBERTY...

12              WITHOUT DUE PROCESS OF THE LAW: NOR DENY TO ANY

13              PERSON WITHIN ITS JURISDICTION THE EQUAL

14              PROTECTION OF THE LAWS.

15  THE DEFENDANT,BW ,DENIED THE PLAINTIFF, CHRISTOPHER CARREA JR., A

16  PERSON BORN IN THE UNITED STATES, A UNITED STATES CITIZEN OF LIFE

17  AND LIBERTY WITHOUT THE DUE PROCESS OF THE LAW, WITHIN THE

18  JURISDICTION OF THE UNITED STATES. THE DEFENDANTS DENIED THE PLAINTIFF,

19  CHRISTOPHER CARREA JR., OF THE FULL AND EQUAL PROTECTION OF THE

20  LAWS. THE DEFENDANTS,BW ,BELIEVE IF A CITIZEN IS INDIGENT AND

21  CANNOT AFFORD THE COMPULSORY PROCESS AND DUE PROCESS, DESPITE THE

22  DEFENDANTS, DESIRE NOT TO PROVIDE THE PLAINTIFF MOST BASIC

23  FUNDAMENTAL CONSTITUTIONAL RIGHT OF THE COURT, WHICH IS MEANINGFUL

24  ACCESS TO THE COURT, THEY MUST PROVIDE ACCESS TO THE COURT BUT

25  REFUSED TO DO SO.

26                  PAGE HUNDRED ONE

27

28  CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1     IT IS NOT A SECRET TO ANYONE THAT DEFENDANTS ARE MORE

2     THAN AWARE THAT DEFENDANT, BW ,REFUSED TO PROVIDE MEANINGFUL ACCESS

3     TO THE COURTS. PURSUANT TO 42 USCA 1983 WHICH STATES AS FOLLOW:

4

5         EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE,

6         ORDINANCE, REGULATION, CUSTOM OR USAGE OF ANY

7         TERRITORY ... CAUSES TO BE SUBJECTED ANY CITIZEN

8         OF THE UNITED STATES, WITHIN THE JURISDICTION

9         THEREOF TO THE DEPRIVATION OF RIGHTS, PRIVILEGES

10        ... SECURED BY THE CONSTITUTION AND LAWS, SHALL

11        BE LIABLE TO THE PARTY INJURED IN AN ACTION AT

12        LAW SUIT IN EQUITY ...

13

14    THE DEFENDANT, BW,DUE TO THEIR ADOPTED POLICY AND CUSTOM OF REFUSING

15    TO PROVIDE THE PLAINTIFF, CHRISTOPHER CARREA JR., SUBJECTED THE

16    PLAINTIFF, TO THE DEPRIVATION OF HIS FUNDAMENTAL CONSTITIONAL

17    RIGHT OF MEANINGFUL ACCESS TO THE COURT, WHICH CAUSED THE INJURY

18    OF DEPRIVATION OF DUE PROCESS, EQUAL PROTECTION OF THE LAW AND

19    THE DENIAL OF THE COMPULSORY PROCESS TO OBTAIN WITNESSES IN THE

20    PLAINTIFF FAVOR.

21

22                    XVI

23

24    THE, DEFENDANT,BW , CUSTOMS, POLICY AND ADOPTED POLICY IS THE

25    MOVING FORCE BEHIND ALL THE ACTS OF THIS CASE, THEREBY GIVING RISE

26            PAGE  HUNDRED TWO

27

28    CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1    TO LIABILITY PURSUANT TO 42 USCA 1983. THE POLICY IS THE MOVING

2    FORCE BEHIND ALL THE ACTS OF THIS CASE. THERE IS AN AFIRMATIVE

3    LINK BETWEEN THE ADOPTED POLICY AND THE ACTS OF THIS CASE. THE

4    TERM "POLICY" GENERALLY IMPLIES A COURSE OF ACTION CONSIOUSLY

5    CHOSEN FROM AMONG VARIOUSE ALTERNATIVES.(SEE CITY OF OKLAHOMA V.

6    TUTTLE, 471 U.S. 808, 823, 105 S. CT. 2427)

7         PURSUANT TO THE DECISION OF THE NINTH CIRCUIT IN THE CASE

8    OF JETT V. PENNER, 439 F.3D 1091(2006), THE DEFENDANT,BW ,BEING

9    DELIBRATELY INDIFFRENT, IS SATISFIED BY SHOWING THE FOLLOWING :

10   (A)A PURPOSEFUL ACT OR FAILURE        THE DEFENDANT, BW,ACTS AND

11   TO RESPOND TO A PRISONERS PAIN        ADOPTED POLICY OF THE DENIAL

12   OR POSSIBLE NEEDS.                    OF MEANINGFUL ACCESS TO THE

13                                         COURTS AND ALLOWED THE

14                                         PLAINTIFF TO BE BRUTALLY

15                                         BEATEN IN THE LAW LIBRARY

16   (B)HARM CAUSED BY THE                 HARM WAS INFLICTED UPON THE

17   INDIFFRENCE.                          PLAINTIFF, DUE TO A BRUTAL

18                                         BEATING AND THE DENIAL OF

19                                         THE PLAINTIFF LIBERTY, DUE

20                                         TO THE ADOPTED POLICY AND

21                                         CUSTOMS OF THE DEFENDANT,BW

22

23

24

25                   PAGE HUNDRED THREE

26

27

28   CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1    THE SPECIFIC FACTS OF EVIDENCE OF VIOLATION OF 42 USCA

2  1983 ALSO INCLUDE THE FOLLOWING:

3

4    THE DEFENDANT, BW    ,REFUSED THE PLAINTIFF, CARREA

CHRISTOPHER JR., THE ABILITY TO GO TO THE STATE OF CALIFORNIA
5
SUPREME COURT. THE DEFENDANT, BW , STATED THE STATE OF CALIFORNIA
6
SUPREME COURT ONLY DELT WITH CIVIL CASES DESPITE THE PLAINTIFF
7
INFORMING THEM THE STATE OF CALIFORNIA SUPREME COURT DEALS WITH
8
BOTH CIVIL AND CRIMINAL CASES AND FOR THEM TO CALL THE STATE OF
9
CALIFORNIA SUYPREME COURT AND FIND OUT THEM SELVES. THE DEFENDANT,
10
BW    , PLACED AN INDIVIDUAL IN THE LAW LIBRARY THAT KNEW NOTHING
11
ABOUT THE LAW, YET THE DEFENDANT, BW, RELIED ON HIS UPON AS TO
12
HOW THE LAW SHOULD BE APPLIED TO PRO PER LITIGANTS AND THE PLAINTIFF,
13
CARREA CHRISTOPHER JR.
14
    THE DEFENDANT, BW    ,ACCEPTED THE RESPONSIBILITY OF
15
PROVIDING PRO PER SERVICES AND REFUSED TO ALLOW ANY OUTSIDE THE
16
RESPONSIBILITY TO PROVIDE PRO PER PRIVILEGES. THE DEFENDANT, BW ,
17
HAVING ACCEPTED THE RESPONSIBILITY TO PROVIDE PRO PER PRIVILEGES
18
SUCH AS PRO PER CONTACTING WITNESSES FOR MEANINGFUL ACCESS TO THE
19
COURTS REFUSED TO PROVIDE MEANS FOR INDIGENT PRO PER SUCH AS THE
20
PLAINTIFF TO THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION
21
COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR BY REFUSING
22
THE PLAINTIFF A PHONE HE COULD USE, DESPITE THE FACT THEY WERE
23
PAID TO DO SO. THE DEFENDANT, BW , BELIEVES A PRO PER LITIGANT
24
AND THE PLAINTIFF, CARREA CHRISTOPHER JR. SHOULD NOT HAVE THE
25
RIGHT TO REDRESS THE GOVERNMENT FOR ITS WRONGS AND STATED ON THE
26

27  PAGE HUNDRED FOUR

28  CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1    COURT RECORD THEY REFUSE TO ASSIST INDIGENT PRO PER WITH THE SIXTH

2    AMENDMENT OF THE CONSTITUTION COMPULSORY PROCESS TO OBTAIN WITNESSES

3    IN THERE FAVOR. THE ADOPTED POLICY AND CUSTOM OF THE DEFENDNAT,

4    BW   ,IS THAT IF YOU HAVE NO MONEY FOR JUSTICE TO BAD, ON COURT

5    TRANSCRIPT. THE DEFENDNAT, BW   , HAS ACCEPTED THE RESPONSIBILITY

6    TO PROVIDE PRO PER SERVICES BUT HAS AN ADOPTED POLICY AND CUSTOM

7    TO GET RID OF PRO PER PROGRAMS AND BELIEVE NO ONE SHOULD BE AFORDED

8    THE RIGHT TO BE PRO PER. THE DEFENDANT, BW   , HAS STATED ON COURT

9    RECORD THEY DON'T LIKE PRO PER.

10    THE DEFENDANT, BW   , HAS REFUSED THE PLAINTIFF ADEQUATE

11    TIME IN THE LAW LIBRARY. THE DEFENDANT PROVIDED THE PLAINTIFF,

12    CARREA CHRISTOPHER JR., LESS THEN FOUR HOURS A WEEK IN THE LAW

13    LIBRARY.  THE DEFENDANT, BW  , REFUSED TO HIRE A COMPETENT LAW

14    LIBRARIAN. THE LAW LIBRARIAN(COUNSLER LEE)WAS SO INCOMPETENT HE

15    DID NOT KNOW WHAT AN EVIDENCE CODE OR CRIMINAL PROCEDURE BOOK WAS.

16    THE DEFENDANT, BW  ,REFUSED TO MEET THE STANDARD OF THE RULES OF

17    THE COURT IN THERE SERVICES OF PROVIDING PRO PER SERVICES.

18    THE DEFENDANT, BW  HAS STATED FOR THE RECORD THAT DESPITE

19    HAVING THE RESPONSIBILITY TO PROVIDE PRO PER SERVICES, HAS A POLICY

20    AND ADOPTED CUSTOM OF NOT PROVIDE PRO PER SERVICES AND BELIEVES

21    THE BURDEN OF THE PLAINTIFF, CARREA CHRISTOPHER JR. SHOULD BE

22    IGNORED BY THEM AND THE COURT. THE DEFENDANT, BW  , HAS ADOPTED

23    POLICY AND CUSTOM, THE PLAINTIFF SHOULD ACCEPT THERE VIOLATION

24    OF 42 USCA 1981 ALSO STATED FOR THE RECORD. THE DEFENDANT,BW   ,

25    HAS AN ADOPTED POLICY AND CUSTOM STATED ON THE RECORD THAT THEY

26    DON'T WANT A LAW LIBRARY FOR THE PLAINTIFF AND PRO PER.

27                        PAGE HUNDRED FIVE

28    CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1   THE DEFENDANT, BW    , DID EVERY THING POSSIBLE TO DENY THE PLAINTIFF,

2   CARREA CHRISTOPHER JR., THE LAW LIBRARY. THE DEFENDANT, BW    ,

3   HAS AN ADOPTED POLICY AND CUSTOM A PRO PER AND THE PLAINTIFF,

4   SHOULD NOT COMPLAIN UNTIL A CONVICTION WHICH IS TO LATE.

5          THE DEFENDNAT, BW    , HAS ALLOWED THOSE IN DEFENDANT,

6   BW    , CONTROL AND SUPERVISION TO BEAT BLACK PRO PER, DUE TO

7   THE RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION OF DEFENDANT,

8   BW    . THE DEFENDANT ALLOWED THE PLAINTIFF, CARREA CHRISTOPHER

9   JR TO BE BEATEN BY ONE OF THEIR DEPUTIES( DEPUTY GRIMM)SIMPLY

10  BECAUSE THE PLAINTIFF, REQUESTED TO SPEACK TO THE DEPUTY SUPERIOR.

11  THE DEPUTY ONLY BEAT BLACK PRO PER DUE TO HIS RACIAL ANIMUS AND

12  INTENTIONAL DISCRIMINATION, UNDER THE SUPERVISION AND CONTROL

13  OF DEFENDANT, BW    , DUE TO THE RACIAL ANIMUS AND INTENTIONAL

14  DISCRIMINATION OF DEFENDANT, BW    .

15         THE APPOINTED LAW LIBRARIAN, DUE TO HIS HATRED OF BLACKS,

16  RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION REFUSED TO MAKE

17  COPIES FOR BLACKS, REFUSED TO ANSWER GRIEVANCES AND HID GRIEVANCES

18  AND WHEN DEFENDANT, BW , WAS INFORMED OF THE BREACH OF THE GRIEVANCE

19  PROCESS DEFENDANT, BW , ASSISTED IN THE BREACH OF GRIEVANCE

20  PROCESS AND REFUSED TO ANSWER GRIEVANCES AS WELL. THE APPOINTED

21  LAW LIBRARIAN KNEW NOTHING ABOUT THE LAW. THE APPOINTED LAW

22  LIBRARIAN WAS PLACED IN THE LAW LIBARY ONLY TO MAKE THE PRO PER

23  TASK DIFICULT AND TO HARRASS THE PLAINTIFF AS WELL AS PRO PER.

24  THE APPOINTED LAW LIBRARIAN TOOK DOCUMENTS FROM THE PLAINTIFF

25  AND REFUSED TO RETURN THEM UNDER THE CONTROL AND SUPERVISION OF

26  THE DEFENDANT, BW    . THE INCOMPETENT LAW LIBRAIRIAN MADE SURE

27  PAGE HUNDRED SIX

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1    THE BARE ESSENTIAL LAW LIBARY BOOKS WERE NOT IN THE LAW LIBRARY

2    SUCH AS THE CALIFORNIA EVIDENCE CODE BOOK, WEST ANNOTATED PENAL

3    CODE, EVIDENCE CODE AND HEALTH AND SAFTEY CODE BOOKS WERE NOT

4    AVAILABLE. THERE WAS NO FEDERAL CODE BOOKS OR ANY USCA BOOKS IN

5    THE LAW LIBRARY AND DEFENDANT, BW , REFUSED TO SUPPLY THOSE BOOK

6    IN THE LAW LIBRARY AND INFORMED BOTH THE COURT AND THE COUNTY

7    OF SAN DIEGO EVERY THING WAS FINE. THE COUNTY OF SAN DIEGO SHOULD

8    HAVE HAD MONITORS FOR THE ALLOCATION OF FUNDS FOR PRO PER

9    LITIGANTS BUT FAILED TO, DUE TO THERE RACIAL ANIMUS. THE LAW

10   LIBRARIAN SEXUALLY HARRASED BLACK PRO PER AND ADMITTED IT TO

11   DEFENDANT, BW    .

12

13

14               PURSUANT TO RULE (8) OF THE  FEDERAL COURT

15   WHICH STATES AS FOLLOW:

16           RULE (8)(A)A PLEADING WHICH SETS FORTH A CLAIM

17           FOR RELIEF, WHETHER AN ORIGINAL CLAIM, COUNTER

18           CLAIM, CROSS-CLAIM OR THIRD PARTY CLAIM, SHALL

19           CONTAIN(1)A SHORT AND PLAIN STATMENT......

20

21       THE COST OF BEING A PRO PER CANNOT JUSTIFY THE DENIAL OF THAT

22   CONSTITUTIONAL RIGHT BY DEFENDANT, BW .THE FUNDAMENTAL CONSTITUTIONAL

23   RIGHT OF ACCESS TO THE COURT, REQUIRES ADEQUATE LAW LIBRARIES AND

24   PERSON TRIANED IN THE LAW, BOTH OF WHICH THE DEFENDANT, BW, DENIED

25   THE PLAINTIFF, CARREA CHRISTOPHER JR..(SEE BOUNDS V. SMITH,  97

26   S.CT. 817; LEWIS V. CASEY(1995)116 S.CT. 2174)

27   PAGE HUNDRED SIX  B

28   CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1       THERE MUST NOT BE OFFICIAL INTERFERENCE BY THE

2   DEFENDANT, BW ,WITH THE ABILITY OF THE PLAINTIFF AND PRO PER

3   WITH THEIR PRESENTATION OF THEIR CASES TO THE COURT. THE DEFENDANT,

4    BW ,MUST ESTABLISH PUBLICLY THEY REFUSE TO ASSIST THE PLAINTIFF,

5   AND PRO PER. THE DEFENDANT, BW, IN THIS CASE HINDERED THE

6   PLAINTIFF, IN HIS PRESENTATION TO THE COURT AND REFUSED TO HELP

7   THE PLAINTIFF WITH PRO PER SERVICES, DESPITE THE FACT INFORMING

8   THEY WOULD.

9       THE DEFENDANT, BW , HAS A POLICY OF A LITANY OF

10  RAMBLING AND EXCUSES NOT TO PROVIDE THE SERVICES THE DEFENDANT,

11   BW , IS PAID TO PROVIDE. THE DEFENDANT, BW  ,HAVE A POLICY

12  AND ADOPTED CUSTOM NOT TO PROVIDE AN ADEQUATE LAW LIBRARY FOR

13  THE PLAINTIFF AND PRO PER, ESPECIALLLY INDIGENT PRO PER AS THE

14  PLAINTIFF WHO ARE ALL PEOPLE OF COLOR, DUE TO RACIAL ANIMUS AND

15  INTENTIONAL DISCRIMINATION.THE DEFENDANT,BW   , HAS A POLICY

16  AND ADOPTED CUSTOM TO HINDER AND CONVINCE THE COURT TO NOT PROVIDE

17  PRO PER SERVICES AND HAS A HISTORY OF THE POLICY AND ADOPTED

18  CUSTOM OF TAKING PRO PER RIGHTS ONE STEP AT A TIME. THE DEFENDANT,

19   BW ,HAS A POLICY OF GOING TO COURT TO REMOVE PRO PER RIGHTS

20  WITHOUT SERVING THE PLAINTIFF AND OTHER PRO PER WITH NOTICE AND

21  PROPER SERVICE OF THERE INTENTION UNTIL ITS DONE. THE DEFENDANT,

22   BW   ,HAS A POLICY AND CUSTOM OF REFUSING INDIGENT MINORITY

23  PRO PER THE USE OF TELEPHONE AND HAS THE CUSTOM AND ADOPTED

24  POLICY OF SO WHAT IF AN INDIGENT PRO PER CAN'T MAKE NECESSARY

25  PHONE CALLS, DUE TO RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION.

26   PAGE HUNDRED SEVEN

27

28  CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

XVI

THE SECOND CAUSE OF ACTION

THE VIOLATION OF 42 USCA 1983,

AGAINST THE DEFENDANTS, PR ,

DUE TO THE DEPRIVATION OF RIGHTS,

PRIVILEGES, CIVIL RIGHTS AND

CONSTITUTIONAL RIGHTS DUE TO

DEFENDANT, PATRICIA ROBINSON

THE DEFENDANT, PATRICIA ROBINSON,(HEREINAFTER KNOWN AS PR)

HAS VIOLATED THE CONSTITUTIONAL AND CIVIL RIGHTS OF THE

PLAINTIFF, CHRISTOPHER CARREA JR..

THE DEFENDANT, PR , WAS PERSONALLY INVOLVED IN THE

THE CIVIL AND CONSTITUTIONAL DEPRIVATION OF THE PLAINTIFF, CARREA

CHRISTOPHER JR., BEING PERSONALLY INFORMED OF THE ACTION OF THIS

CASE, ABOUT TO HAPPEN, IS HAPPENING, AND REFUSED TO PREVENT IT

FROM HAPPENING AND ENCOURAGED IT TO HAPPEN. THE DEFENDANT,PR ,

IS PERSONALLY INVOLVED, DUE TO DEFENDANT,PR ,INACTION AND CONTROL

OF THOSE, DEFENDANT,PR , SUPERVISE AND CONTROL, THOSE WHO

CONTINUE TO COMMITT CONSTITUTIONAL TORTS WEEK END AND WEEK OUT.

THE DEFENDANT, PR ,ADOPTED POLICY AND CUSTOMS  IS TO

ALLOW IT TO CONTINUE.  THE DEFENDANT, PR,HAS MORE THEN A CASUAL

CONNECTION TO THE DEPRIVATION OF THE CONSTITUTIONAL AND CIVIL

RIGHTS OF PLAINTIFF, CARREA CHRISTOPHER JR..

PAGE HUNDRED EIGHT

1    THE DEFENDANT, PR, IS MORE LIABLE THEN THOSE UNDER THE

2    SUPERVISION AND CONTROL OF DEFENDANT, PR, DUE TO THE FACT THE

3    DEFENDANT, PR, IS THE ONLY ONE THAT CAN ORDER THE DEPRIVATION OF

4    THE PLAINTIFF, CHRISTOPHER CARREA JR., CONSTITUTIONAL AND CIVIL

5    RIGHTS, BUT HAS FAILED TO AND REFUSE TO WITH THE FULL KNOWLEDGE

6    THOSE UNDER THE CONTROL AND SUPERVISION OF DEFENDANT, PR, HAS

7    VIOLATED THE CONSTITUTIONAL AND CIVIL RIGHTS OF THE PLAINTIFF,

8    CHRISTOPHER CARREA JR.. IT IS THE CUSTOM AND ADOPTED POLICY OF

9    DEFENDANT, PR, TO ALLOW THE DEPRIVATION OF PLAINTIFF, CHRISTOPHER

10   CARREA JR., CONSTITUTIONAL AND CIVIL RIGHTS. THE DEFENDANT, PRE,

11   HAS SET IN MOTION A SERIES OF ACTS WHICH DEFENDANT, PR, KNEW, KNOWS,

12   OR REASONABLY SHOULD KNOW WOULD CAUSE OTHERS TO SUBJECT THE

13   INFLICTION OF CONSTITUTIONAL TORTS AGAINST THE PLAINTIFF, CHRISTOPHER

14   CARREA JR.. IN SO DOING THE DEFENDANT, PR, SHOULD BE HELD LIABLE

15   PURSUANT TO 42 USCA 1983, (SEE JOHNSON V. DUFFY, 588 F.2D 1435

16   1446-1447 (9TH CIR. 1978)

17

18   THE DEFENDANT, PR, DENIED THE PLAINTIFF, CHRISTOPHER CARREA

19   JR., OF THE MEANINGFUL ACCESS TO THE COURTS. THE DEFENDANT, PR,

20   DENIED THE PLAINTIFF THE FULL AND EQUAL BENIFITS OF ALL LAWS AND

21   PROCEEDING AS AFFORDED OTHER PARTIES IN A COURT PROCEEDING AS

22   AFFORDED OTHER PARTIES IN A COURT PROCEEDING DELIBRATELY IN THE

23   DELIBRATE INDIFRENCE, DENYING THE PLAINTIFF, CHRISTOPHER CARREA

24   JR., BENIFITS OTHER PARTIES WERE AFFORDED.

25

26                    PAGE ONE HUNDRED NINE

27

28   CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1    THE DEFENDANT, PR ,DEPRIVED THE PLAINTIFF, CHRISTOPHER

2    CARREA JR., OF THE MEANINGFUL ACCESS TO THE COURTS THE MOST

3    FUNDAMENTAL CONSTITUTIONAL RIGHT, IN VIOLATION OF THE UNITED STATES

4    CONSTITUTION FIRST, FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENT

5    RIGHTS. THIS COURT MUST REMEDY PAST OR IMMINENT OFFICIAL

6    INTERFERENCE AND VIOLATION OF MEANINGFUL ACCESS TO THE COURTS. THE

7    DEFENDANT, PR ,DENIAL OF MEANINGFUL ACCESS TO COURT CAUSES THE

8    INJURY OF THE PLAINTIFF OF MEANINGFUL ACCESS TO THE COURTS, THE

9    DEPRIVATION OF LIFE, LIBERTY, PROPERTY AND THE INJURY OF A CONVICTION.

10    PURSUANT TO THE FIRST AMENDMENT OF THE UNITED STATES

11    CONSTITUTION, WHICH READS AS FOLLOW:

12    CONGRESS SHALL MAKE NO LAW...

13    PROHIBITING THE RIGHT TO PETITION

14    THE GOVERNMENT FOR REDRESS OF

15    GRIEVANCES

16    THE DEFENDANTS, PR,DEPRIVED THE PLAINTIFF, CHRISTOPHER CARREA JR.,

17    OF THE FULL AND EQUAL BENIFIT OF REDRESS AND THE ABILITY TO

18    PETITION THE GOVERNMENT.

19    PURSUANT TO THE FOURTH AMENDMENT OF THE UNITED STATES

20    CONSTITUTION, WHICH READS AS FOLLOW:

21    THE RIGHT OF THE PEOPLE TO BE

22    SECURE AGAINST UNREASONABLE

23    ... SEIZURE, SHALL NOT BE

24    VIOLATED ...

25

26    PAGE HUNDRED TEN

27

28    CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1   THE DEFENDANT, PR ,OMMISSION OF ACTS CAUSES AND CAUSED AN UNREASONABLE

2   SEIZURE AND CONVICTION OF THE PLAINTIFF, CHRISTOPHER CARREA JR..

3        PURSUANT TO THE FIFTH AMENDMENT OF THE UNITED STATES

4   CONSTITUTION, WHICH READS AS FOLLOW:.

5             NO PERSON ... SHALL BE DEPRIVED

6             OF LIFE, LIBERTY ... WITHOUT

7             DUE PROCESS OF LAW

8   THE DEFENDANT, PR ,DEPRIVED THE PLAINTIFF,  CHRISTOPHER CARREA JR.,

9   OF THE DUE PROCESS OF THE LAW. THE FACT THE DEFENDANT, PR   , DID

10  DEPRIVE THE PLAINTIFF, CHRISTOPHER CARREA JR., OF DUE PROCESS, THE

11  FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION STATES THERE

12  MUST BE JUST COMPENSATION.

13       PURSUANT TO THE SIXTH AMENDMENT OF THE UNITED STATES

14  CONSTITUTION, WHICH READS AS FOLLOW:

15            IN ALL PROSECUTION, THE ACCUSED SHALL BE

16            INFORMED OF THE NATURE AND CAUSE OF THE

17            ACCUSATION; TO HAVE COMPULSORY PROCESS FOR

18            OBTAINING WITNESSES IN HIS FAVOR, AND TO

19            HAVE THE ASSISTANCE OF COUNSEL FOR HIS

20            DEFENCE

21  THE DEFENDANT, PR ,DEPRIVED THE PLAINTIFF OF BEING INFORMED OF THE

22  NATURE AND CAUSE OF THE ACCUSATION, BY DENYING THE PLAINTIFF LEGAL

23  MATERIAL TO BE INFORMED OF THE NATURE AND ACCUSATION. THE DEFENDANT,

24  PR ,DEPRIVED THE PLAINTIFF OF THE COMPULSORY PROCESS FOR OBTAINING

25  WITNESSES IN HIS FAVOR, DUE TO THE DEFENDANT,PR ,POSITION OF NONE

26                    PAGE HUNDRED ELEVEN

27

28  CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1    CONCERN FOR INDIGENT ACCUSED.  THE DEFENDANT, PR ,DENIED THE

2    PLAINTIFF, CHRISTOPHER CARREA JR., THE ASSISTANCE OF COUNSEL FOR

3    HIS DEFENCE. THE FACT THE PLAINTIFF CHOSES TO BE PRO PER DOES NOT

4    ELIMINATE THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION

5    WITHIN THE JURISDICTION OF THE UNITED STATES AND THE COST CANNOT

6    ELIMINATE THE RIGHT NOR THE DENIAL OF WHICH IS A VIOLATION OF 42

7    USCA 1983.

8            PURSUANT  TO THE FOURTEENTH AMENDMENT OF THE UNITED

9    STATES CONSTITUTION WHICH READS AS FOLLOW:

10            ALL PERSON BORN IN THE UNITED STATES, SHALL

11            NOT BE DENIED IN ANY STATE OF LIFE LIBERTY...

12            WITHOUT DUE PROCESS OF THE LAW: NOR DENY TO ANY

13            PERSON WITHIN ITS JURISDICTION THE EQUAL

14            PROTECTION OF THE LAWS.

15    THE DEFENDANT, PR ,DENIED THE PLAINTIFF, CHRISTOPHER CARREA JR., A

16    PERSON BORN IN THE UNITED STATES, A UNITED STATES CITIZEN OF LIFE

17    AND LIBERTY WITHOUT THE DUE PROCESS OF THE LAW, WITHIN THE

18    JURISDICTION OF THE UNITED STATES. THE DEFENDANTS DENIED THE PLAINTIFF,

19    CHRISTOPHER CARREA JR., OF THE FULL AND EQUAL PROTECTION OF THE

20    LAWS. THE DEFENDANTS, PR ,BELIEVE IF A CITIZEN IS INDIGENT AND

21    CANNOT AFFORD THE COMPULSORY PROCESS AND DUE PROCESS, DESPITE THE

22    DEFENDANTS, DESIRE NOT TO PROVIDE THE PLAINTIFF MOST BASIC

23    FUNDAMENTAL CONSTITUTIONAL RIGHT OF THE COURT, WHICH IS MEANINGFUL

24    ACCESS TO THE COURT, THEY MUST PROVIDE ACCESS TO THE COURT BUT

25    REFUSED TO DO SO.

26            PAGE HUNDRED TWELVE

27

28    CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1    IT IS NOT A SECRET TO ANYONE THAT DEFENDANTS ARE MORE

2   THAN AWARE THAT DEFENDANT, PR  , REFUSED TO PROVIDE MEANINGFUL ACCESS

3   TO THE COURTS. PURSUANT TO 42 USCA 1983 WHICH STATES AS FOLLOW:

4

5           EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE,

6           ORDINANCE, REGULATION, CUSTOM OR USAGE OF ANY

7           TERRITORY ... CAUSES TO BE SUBJECTED ANY CITIZEN

8           OF THE UNITED STATES, WITHIN THE JURISDICTION

9           THEREOF TO THE DEPRIVATION OF RIGHTS, PRIVILEGES

10          ... SECURED BY THE CONSTITUTION AND LAWS, SHALL

11          BE LIABLE TO THE PARTY INJURED IN AN ACTION AT

12          LAW SUIT IN EQUITY ...

13

14   THE DEFENDANT, PR, DUE TO THEIR ADOPTED POLICY AND CUSTOM OF REFUSING

15   TO PROVIDE THE PLAINTIFF, CHRISTOPHER CARREA JR., SUBJECTED THE

16   PLAINTIFF, TO THE DEPRIVATION OF HIS FUNDAMENTAL CONSTITIONAL

17   RIGHT OF MEANINGFUL ACCESS TO THE COURT, WHICH CAUSED THE INJURY

18   OF DEPRIVATION OF DUE PROCESS, EQUAL PROTECTION OF THE LAW AND

19   THE DENIAL OF THE COMPULSORY PROCESS TO OBTAIN WITNESSES IN THE

20   PLAINTIFF FAVOR.

21                  XVII

22

23

24   THE, DEFENDANT, PR , CUSTOMS, POLICY AND ADOPTED POLICY IS THE

25   MOVING FORCE BEHIND ALL THE ACTS OF THIS CASE, THEREBY GIVING RISE

26                  PAGE HUNDRED THIRTEEN

27

28   CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1 TO LIABILITY PURSUANT TO 42 USCA 1983. THE POLICY IS THE MOVING

2 FORCE BEHIND ALL THE ACTS OF THIS CASE. THERE IS AN AFIRMATIVE

3 LINK BETWEEN THE ADOPTED POLICY AND THE ACTS OF THIS CASE. THE

4 TERM "POLICY" GENERALLY IMPLIES A COURSE OF ACTION CONSIOUSLY

5 CHOSEN FROM AMONG VARIOUSE ALTERNATIVES.(SEE CITY OF OKLAHOMA V.

6 TUTTLE, 471 U.S. 808, 823, 105 S. CT. 2427)

7 PURSUANT TO THE DECISION OF THE NINTH CIRCUIT IN THE CASE

8 OF JETT V. PENNER, 439 F.3D 1091(2006), THE DEFENDANT, PR ,BEING

9 DELIBRATELY INDIFFRENT, IS SATISFIED BY SHOWING THE FOLLOWING :

10 (A)A PURPOSEFUL ACT OR FAILURE          THE DEFENDANT, PR ,ACTS AND

11 TO RESPOND TO A PRISONERS PAIN          ADOPTED POLICY OF THE DENIAL

12 OR POSSIBLE NEEDS.                      OF MEANINGFUL ACCESS TO THE

13                                         COURTS AND ALLOWED THE

14                                         PLAINTIFF TO BE BRUTALLY

15                                         BEATEN IN THE LAW LIBRARY

16 (B)HARM CAUSED BY THE                   HARM WAS INFLICTED UPON THE

17 INDIFFRENCE.                            PLAINTIFF, DUE TO A BRUTAL

18                                         BEATING AND THE DENIAL OF

19                                         THE PLAINTIFF LIBERTY, DUE

20                                         TO THE ADOPTED POLICY AND

21                                         CUSTOMS OF THE DEFENDANT, PR

22

23

24

25                    PAGE HUNDRED FOURTEEN

26

27

28 CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1

2      THE DEFENDANT,PR ,RACIAL ANIMUS AND DELIBERATE INDIFRENCE

3  IMPAIRED THE PLAINTIFF, CHRISTOPHER CARREA JR., FROM MEANINGFUL

4  ACCESS TO THE COURTS, THE EQUAL PROTECTION OF THE LAW, THE

5  COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR, TO BE

6  INFORMED OF THE NATURE AND CAUSE OF ACCUSATION, AND THE RIGHT TO

7  PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCES AND THE RIGHT

8  TO LIBERTY. THE DEFENDANT,PR , SUBJECTED THE PLAINTIFF TO THE

9  DEPRIVATION OF RIGHTS NO WHITE MAN WAS SUBJECTED TO.

10

11

12      THE COUNTY OF SAN DIEGO ADMINISTRATION, THROUGH THE

13  DEFENDANT,PR ,PROVIDES ANCILLARY SERVICES TO THE PLAINTIFF,

14  CHRISTOPHER CARREA JR., BY ORDER OF THE COURT. THE DEFENDANT, PR ,

15  AGREED AND NOTIFIED THE PLAINTIFF AND THE COURT THE PLAINTIFF

16  WOULD BE TREATED JUST AS ANY OTHER ATTORNEY WOULD BE TREATED AS

17  TO ANCILLARY SERVICES TO THE COURT FROM THE COUNTY OF SAN DIEGO.

18  THE DEFENDANT, PR ,INSTEAD OF PROVIDING LEGAL TOOLS, LEGAL

19  ASSITANCE AND MEANINGFUL ACCESS TO THE COURTS, SPENDS MOST OF

20  THEIR TIME DENYING LEGAL TOOLS, LEGAL ASSISTANCE AND MEANINGFUL

21  ASSISTANCE TO THE COURTS AND THE ACCESS TO THE COURTS.

22      THE DEFENDANT, PR ,DENIES TTHESE TOOLS LEGAL TOOLS AND

23  THOSE UNDER THE CONTROL AND SUPERVISION OF DEFENDANT, PR ,ALSO IS

24  REQUIRED TO DENY MEANINGFUL ACCESS TO THE COURTS, WHICH IS A

25  REQUIRED POLICY OF DEFENDANT, PR, RATHER THEN A FORBIDDEN POLICY

26                              **PAGE HUNDREDFIFTEEN**

27

28  CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1  OF THE DEFENDANT, PR  , WHICH CAUSED A VIOLATION OF THE UNITED

2  STATES CONSTITUTION.(SEE BALISTERI V. PACIFICA POLICE DEPARTMENT,

3  901 F.2D 696, 699(9TH CIR. 1990) THE FIFTH AMEDMENT DOES FORBID

4  DISCRIMINATION THAT IS SO UNJUSTIFIABLE AS TO BE VIOLATIVE OF THE

5  DUE PROCESS AS THE DEFENDANT, PR  , HAS DONE IN THIS CASE.

6          THE VIOLATION OF THE FIFTH AMENDMENT AND SIXTH

7  AMENDMET OF THE UNITED STATES CONSTITUTION, MEANINGFUL ACCESS TO

8  THE COURTS AS IN THIS CASE IS A VIOLATION OF THE FOURTEENTH

9  AMENDMENT OF THE UNITED STATES CONSTITUTION AND 42 USCA 1983,

10 INTENTIONAL DISCRIMINATION AND RACIAL ANIMUS, THE EQUAL PROTECTION

11 CLAUSE OF THE UNITED STATES CONSTITUTION.

12         THE DEFENDANT, PR  , HAS MORE THEN A CASUAL CONNECTION TO

13 THE DEPRIVATION OF THE PLAINTIFF, CARREA CHRISTOPHER JR.,

14 CONSTITUTIONAL RIGHTS AND THE INFLICTION OF RACIAL ANIMUS TO THE

15 PLAINTIFF OF THIS CASE. THE DEFENDANT, PR  , SET IN MOTION A SERIES

16 OF ACTS, AADOPTED POLICIES AND CUSTOMS WWHICH THE DEFENDANT, PR  ,

17 KNEW OR SHOULD HAVE KNOWN WOULD HAVE CAUSED THE PLAINTIFF THE

18 CONSTITUTIONAL INJRIES HE SUFFERED. THE PERSONAL PARTICIPATION OF

19 A DEFENDANT IS NOT THE ONLY PREDICATE FOR THE LIABILITY OF THE

20 HARM TO PLAINTIFF, PURSUANT TO 42 USCA 1983, THE CIVIL RIGHTS ACT.

21         PURSUANT TO 42 USCA 1983 , ANYONE WHO CAUSES ANY CITIZEN TO

22 BE SUBJECTED TO A CONSTITUTIONAL DEPRIVATION IS AS LIABLE AS ONE

23 THAT PERSONALLY PERTICIPATED. THE DEFENDANT, PR , NOT ONLY

24 PERSONALLY PARTICIPATED, BUT ALSO SET IN MOTION A SERIES OF ACTS

25 THAT CAUSED THE CONSTITUTIONAL TORTS. THE INACTION OF THE DEFENDANTS,

26 PAGE HUNDRED SIXTEEN

27

28 CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL

1   ALSO WAS CONSTITUTIONAL TORTS, COMMITTED BY THE DEFENDANTS, PR ,

2   DUE TO BOTH THE UNITED STATES CONSTITUTION AND THE STATE OF

3   CALIFORNIA CONSTITUTION, BY STATUTE, REGULATIONS AND IN THIS CASE

4   THE DEFENDANT, PR , WERE OBLIGATED BY CONTRACT TO PROVIDE ACTION.

5   THE FUNDAMENTAL CONSTITUTIONAL RIGHTS REQUIRED THE DEFENDANT,

6   TO ASSIST THE PLAINTIFF, CARREA CHRISTOPHER JR., AND PRO PER IN

7   THE PREPARATION AND FILING OF LEGAL DOCUMENTS, AND WITH ADEQUATE

8   LAW LIBRARY WITH INDIVIDUALS TRAINED IN THE LAW.

9           THE SERIES OF ACTION SET IN MOTION TO DEPRIVE THE

10  PLAINTIFF, CARREA CHRISTOPHER JR., OF HIS CONSTITUTIONAL RIGHTS

11  AND THE SPECIFIC FACTS OF EVIDENCE OF VIOLATION OF 42 USCA 1983

12  ALSO INCLUDE THE FOLLOWING:

13          THE DEFENDANT, PR , IN VIOLATION OF THE FIFTH, SIXTH

14  AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND

15  THE STATE OF CALIFORNIA CONSTITUTIONAL ARTICLE ONE, SECTION

16  TWENTY FOUR WHICH STATES AS FOLLOW: IN ALL CRIMINAL CASES THE

17  DEFENDANT MUST HAVE EQUAL PROTECTION OF THE LAW AND DUE PROCESS OF

18  THE LAW COMMITTED THE FOLLOWING ACTS:

19          THE DEFENDANT, PR , REFUSED TO SEND THE PLAINTIFF

20  DOCUMENTS TO TRIAL COURT, APPELLATE COURT AND THE STATE OF CALIF.

21  SUPREME COURT CORRECTLY. THE PLAINTIFF IN MOST INSTANCES HAD TO

22  INFORM THE DEFENDANT, PR, OVER AND OVER AGAIN HOW AND WHEN TO

23  SUBMIT THE DOCUMENTS. THE DEFENDANT, PR , IN SOME INSTANCES REFUSED

24  TO ASSIST THE PLAINTIFF, CARREA CHRISTOPHER JR., AT ALL.

25

26                      **PAGE HUNDRED SEVENTEEN**

27

28  CIVIL RIGHTS COMPLAINT        CARREA V. SAN DIEGO COUNTY ET AL.

1    THE DEFENDANT, PR   , WAS NOT ONLY INFORMED THROUGH THE

2  COURT IN WRITING THEY WERE TO PROVIDE THE PLAINTIFF, A LEGAL

3  RUNNER, BUT THE TRIAL COURT CALLED THEM TO INFORM THEM THE

4  PLAINTIFF WAS TO BE PROVIDED A LEGAL RUNNER VERBALLY ALSO. THE

5  DEFENDANT, PR , NEVER HAD A LEGAL RUNNER COME TO SEE THE PLAINTIFF

6  AS THE DEFENDANT,  PR ,PROVIDED WHITE INDIVIDUALS IN THE SAME AND

7  SIMILIAR SITUATIONS.

8    THE DEFENDANT, PR  ,ACCEPTED THE RESPONSIBILITY OF PROVIDING

9  SERVICES TO THE PLAINTIFF AS WELL AS THE ABILITY TO PROVIDE THE

10  PLAINTIFF WITH MEANS TO CALL DEFENDANT, PR  ,AND A PRIVATE

11  INVESTIGATOR COLLECT. THE DEFENDANT, PR  ,REFUSED TO PROVIDE THE

12  PLAINTIFF WITH THE MEANS TO CALL COLLECT BUT CONTINUED TO INFORM

13  THE PLAINTIFF AND THE COURT THE PLAINTIFF HAD THE ABILITY TO CALL

14  COLLECT OR ANY WAY DENYING THE PLAINTIFF MEANINGFUL ACCESS TO THE

15  COURTS FOR MONTHS AND LIED ABOUT IT.

16    THE DEFENDANT, PR ,ACCEPTED THE RESPONSIBILITY TO PROVIDE

17  THE PLAINTIFF WITH AN INCOMPETENT PRIVATE INVESTIGATOR AND AN

18  INVESTIGATOR THAT IS AN ADVOCATE OF THE PLAINTIFF. THE PRIVATE

19  INVESTIGATOR WERE INCOMPETENT AND REFUSED TO BE AN ADVOCATE OF THE

20  PLAINTIFF. THE INVESTIGATOR SPENT HIS TIME INFORMING THE PROSECUTOR

21  AND THE COURT HE WAS NOT AN ADVOCATE FOR THE PLAINTIFF AND IN FACT

22  INFORMED THE WITNESSES THEY DID NOT HAVE TO SHOW UP FOR TRIAL OR

23  PRELIMINARY HEARING IN BEHALF OF THE PLAINTIFF. WITNESSES SUCH AS

24  BARBRA BROWN. THE PRIVATE INVESTIGATOR WOULD LIE ABOUT THE TIME

25  SPENT WITH THE PLAINTIFF. THE INVESTIGATOR WOULD STATE HE WAS

26

27    PAGE HUNDRED EIGHTEEN

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1   WITH THE PLAINTIFF FOR FIVE HOURS, BUT IN FACT ONLY SPENT FIVE

2   MINUTES WITH THE PLAINTIFF. WHEN THE DEFENDANTS, WAS INFORMED OF

3   THIS, THEY ALL RESPONDED SO WHAT TO THE MISAPROPRATION OF TAX

4   PAYER MONEY. THE PLAINTIFF INFORMED THE DEFENDANT, PR , OF THE

5   MULTIPLE PROBLEMS WITH THE INVESTIGATOR, BUT THE DEFENDANT, PR ,

6   REFUSED TO REMOVE THE INVESTIGATOR.

7        THE DEFENDANT, PR ,STATED THEY COULD NOT PROVIDE THE

8   PLAINTIFF, CARREA CHRISTOPHER JR.,WITH MEANINGFUL ACCESS TO COURTS

9   OR HIS CONSTITUTIONAL RIGHTS DUE TO THE COST. THE DEFENDANT, PR ,

10  REFUSED THE PLAINTIFF MEANS TO CONTACT WITNESSES IN HIS BEHALF

11  AND THE COMPULSORY PROCESS TO OBTAIN WITNESSES. THE COST CANNOT

12  JUSTIFY THE DENIAL OF THE PLAINTIFF PROTECTED CONSTITUTIONAL RIGHTS

13  AS THEY DID IN THIS CASE.(SEE BOUNDS V. SMITH, 97 S. CT. 817;

14  LEWIS V. CASEY,(1995)116 S.CT. 2174)THE FUNDAMENTAL CONSTITUTIONAL

15  RIGHTS OF ACCESS TO THE COURTS REQUIRES ADEQUATE LAW LIBRARIES AND

16  PERSON THAT ARE TRAINED IN THE LAW. THE DEFENDANT, PR ,PROVIDED

17  INDIVIDUAL THAT ARE NOT TRAINED IN THE LAW AND EVEN LIER LIKE

18  YOLANDA NAVARRO. THERE WAS NO PENALOGICAL INTREST TO THESE INJURIES

19  TO THE PLAINTIFF.  THERE MUST BE NO OFFICIAL INTERFERENCE WITH

20  THE PRESENTATION TO THE COURTS AS THE DEFENDANTS IN DELIBRATE

21  INDIFRENCE OF THE PLAINTIFF COMMITTED.

22        THE DEFENDANT, PR ,HAS A POLICY AND ADOPTED COSTUM OF

23  A LITANY OF RAMBLING AND EXCUSES NOT TO PROVIDE THE SERVICES THE

24  DEFENDANT, PR , IS PAID TO PROVIDE TO AND FOR THE PLAINTIFF, AND

25  A POLICY AND ADOPTED CUSTOM OF NOT PROVIDING SERVICES TO THE

26

27              PAGE HUNDRED NINETEEN

28  CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1   THE PLAINTIFF.

2        THE FEDERAL CONSTITUTION QUARANTEES A CRIMINAL DEFENDANT

3   WITH A MEANINGFUL ACCESS AND OPPORTUNITY TO PRESENT A COMPLETE

4   DEFENSE, WHETHER THIS RIGHT IS ROOTED DIRECTLY IN THE DUE PROCESS

5   CLAUSE OF THE FORTEENTH AMENDMENT OR IN THE COMPULSORY PROCESS

6   OR CONFRONTATION CLAUSES OF THE SIXTH AMENDMENT; THE OPPORTUNITY

7   TO BE HEARD IS AN ESSENTIAL COMPONENT OF PROCEDURAL FAIRNESS

8   DESPITE THE FACT THE DEFENDANT, PR , DENIED IT.

9        THE DEFENDANT, PR , HAS A POLICY OF AND ADOPTED CUSTOM

10  OF TAKING PRO PER RIGHTS INSTEAD OF PROVIDING THEM ONE BY ONE. IT

11  IS A TRAVESTY OF JUSTICE FOR PRO PER TO BE PROVIDED SERVICES

12  FROM AND ENTITY THAT THE SAN DIEGO COUNTY DISTRICT ATTORNEY'S

13  ARE ON THE BOARD. THE DEFENDANT,PR , HAS A POLICY OF GOING TO

14  COURT TO REMOVE PRO PER RIGHTS WITHOUT SERVING THE PLAINTIFF AND

15  OTHER PRO PER WITH NOTICE AND PROPER SERVICE OF THERE INTENTION

16  UNTIL ITS DONE. THE DEFENDANT, PR ,HAS A POLICY AND CUSTOM OF THE

17  REFUSAL OF INDIGENT MINORITIES THE USE OF TELEPHONE, ESPECIALLY

18  DURING TRIAL. THE DEFENDANT, PR , HAS THE CUSTOM AND POLICY OF

19  SO WHAT IF AN INDIGENT PRO PER CAN'T MAKE NECESSARY PHONE CALLS,

20  DUE TO THE RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION OF THE

21  DEFENDANTS, PR .

22        THE COST OF BEING A PRO PER, A FUNDAMENTAL CONSTITUTIONAL

23  RIGHTS, THE DENIAL OF WHICH CANNOT BE JUSTIFIED.

24                    PAGE  120

25

26

27

28  CIVIL RIGHTS COMPLAINT        CARREA V. SAN DIEGO COUNTY ET AL.

XVIII

THE SECOND CAUSE OF ACTION

THE VIOLATION OF 42 USCA 1983,

AGAINST THE DEFENDANTS, CP ,

DUE TO THE DEPRIVATION OF RIGHTS,

PRIVILEGES, CIVIL RIGHTS AND

CONSTITUTIONAL RIGHTS DUE TO

PRIVATE CONFLICT COUNSEL

THE DEFENDANT, PRIVATE CONFLICT COUNSEL(HEREINAFTER KNOWN AS CP)

HAS VIOLATED THE CONSTITUTIONAL AND CIVIL RIGHTS OF THE

PLAINTIFF, CHRISTOPHER CARREA JR..

        THE DEFENDANT, CP , WAS PERSONALLY INVOLVED IN THE

THE CIVIL AND CONSTITUTIONAL DEPRIVATION OF THE PLAINTIFF, CARREA

CHRISTOPHER JR., BEING PERSONALLY INFORMED OF THE ACTION OF THIS

CASE, ABOUT TO HAPPEN, IS HAPPENING, AND REFUSED TO PREVENT IT

FROM HAPPENING AND ENCOURAGED IT TO HAPPEN. THE DEFENDANT, CP ,

IS PERSONALLY INVOLVED, DUE TO DEFENDANT, CP ,INACTION AND CONTROL

OF THOSE, DEFENDANT, CP , SUPERVISE AND CONTROL, THOSE WHO

CONTINUE TO COMMITT CONSTITUTIONAL TORTS WEEK END AND WEEK OUT.

        THE DEFENDANT, CP ,ADOPTED POLICY AND CUSTOMS  IS TO

ALLOW IT TO CONTINUE.  THE DEFENDANT, CP ,HAS MORE THEN A CASUAL

CONNECTION TO THE DEPRIVATION OF THE CONSTITUTIONAL AND CIVIL

RIGHTS OF PLAINTIFF, CARREA CHRISTOPHER JR..

PAGE HUNDRED TWENTY ONE

CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1        THE DEFENDANT, CP ,IS MORE LIABLE THEN THOSE UNDER THE

2   SUPERVISION AND CONTROL OF DEFENDANT, CP, DUE TO THE FACT THE

3   DEFENDANT, CP,IS THE ONLY ONE THAT CAN ORDER THE DEPRIVATION OF

4   THE PLAINTIFF,CHRISTOPHER CARREA JR., CONSTITUTIONAL AND CIVIL

5   RIGHTS, BUT HAS FAILED TO AND REFUSE TO WITH THE FULL KNOWLEDGE

6   THOSE UNDER THE CONTROL AND SUPERVISION OF DEFENDANT, CP , HAS

7   VIOLATED THE CONSTITUTIONAL AND CIVIL RIGHTS OF THE PLAINTIFF,

8   CHRISTOPHER CARREA JR.. IT IS THE CUSTOM AND ADOPTED POLICY OF

9   DEFENDANT,CP ,TO ALLOW THE DEPRIVATION OF PLAINTIFF, CHRISTOPHER

10  CARREA JR., CONSTITUTIONAL AND CIVIL RIGHTS. THE DEFENDANT, CP ,

11  HAS SET IN MOTION A SERIES OF ACTS WHICH DEFENDANT, CP ,KNEW, KNOWS,

12  OR REASONABLY SHOULD KNOW WOULD CAUSE OTHERS TO SUBJECT THE

13  INFLICTION OF CONSTITUTIONAL TORTS AGAINST THE PLAINTIFF, CHRISTOPHER

14  CARREA JR..  IN SO DOING THE DEFENDANT, CP ,SHOULD BE HELD LIABLE

15  PURSUANT TO 42 USCA 1983,(SEE JOHNSON V. DUFFY, 588 F.2D 1435

16  1446-1447 (9TH CIR. 1978)

17

18        THE DEFENDANT, CP ,DENIED THE PLAINTIFF, CHRISTOPHER CARREA

19  JR., OF THE MEANINGFUL ACCESS TO THE COURTS. THE DEFENDANT, CP ,

20  DENIED THE PLAINTIFF THE FULL AND EQUAL BENIFITS OF ALL LAWS AND

21  PROCEEDING AS AFFORDED OTHER PARTIES IN A COURT PROCEEDING AS

22  AFFORDED OTHER PARTIES IN A COURT PROCEEDING DELIBRATELY IN THE

23  DELIBRATE INDIFRENCE, DENYING THE PLAINTIFF, CHRISTOPHER CARREA

24  JR., BENIFITS OTHER PARTIES WERE AFFORDED.

25

26                    PAGE HUNDRED TWENTY TWO

27

28  CIVIL RIGHTS COMPLAINT        CARREA V. SAN DIEGO COUNTY ET AL.

1  CONCERN FOR INDIGENT ACCUSED.  THE DEFENDANT,CP ,DENIED THE

2  PLAINTIFF, CHRISTOPHER CARREA JR., THE ASSISTANCE OF COUNSEL FOR

3  HIS DEFENCE. THE FACT THE PLAINTIFF CHOSES TO BE PRO PER DOES NOT

4  ELIMINATE THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION

5  WITHIN THE JURISDICTION OF THE UNITED STATES AND THE COST CANNOT

6  ELIMINATE THE RIGHT NOR THE DENIAL OF WHICH IS A VIOLATION OF 42

7  USCA 1983.

8          PURSUANT  TO THE FOURTEENTH AMENDMENT OF THE UNITED

9  STATES CONSTITUTION WHICH READS AS FOLLOW:

10              ALL PERSON BORN IN THE UNITED STATES, SHALL

11              NOT BE DENIED IN ANY STATE OF LIFE LIBERTY...

12              WITHOUT DUE PROCESS OF THE LAW: NOR DENY TO ANY

13              PERSON WITHIN ITS JURISDICTION THE EQUAL

14              PROTECTION OF THE LAWS.

15  THE DEFENDANT, CP,DENIED THE PLAINTIFF, CHRISTOPHER CARREA JR., A

16  PERSON BORN IN THE UNITED STATES, A UNITED STATES CITIZEN OF LIFE

17  AND LIBERTY WITHOUT THE DUE PROCESS OF THE LAW, WITHIN THE

18  JURISDICTION OF THE UNITED STATES. THE DEFENDANTS DENIED THE PLAINTIFF,

19  CHRISTOPHER CARREA JR., OF THE FULL AND EQUAL PROTECTION OF THE

20  LAWS. THE DEFENDANTS, CP,BELIEVE IF A CITIZEN IS INDIGENT AND

21  CANNOT AFFORD THE COMPULSORY PROCESS AND DUE PROCESS, DESPITE THE

22  DEFENDANTS, DESIRE NOT TO PROVIDE THE PLAINTIFF MOST BASIC

23  FUNDAMENTAL CONSTITUTIONAL RIGHT OF THE COURT, WHICH IS MEANINGFUL

24  ACCESS TO THE COURT, THEY MUST PROVIDE ACCESS TO THE COURT BUT

25  REFUSED TO DO SO.

26              PAGE HUNDRED TWENTY FIVE

27

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1      IT IS NOT A SECRET TO ANYONE THAT DEFENDANTS ARE MORE

2  THAN AWARE THAT DEFENDANT, CP ,REFUSED TO PROVIDE MEANINGFUL ACCESS

3  TO THE COURTS. PURSUANT TO 42 USCA 1983 WHICH STATES AS FOLLOW:

4

5      EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE,

6      ORDINANCE, REGULATION, CUSTOM OR USAGE OF ANY

7      TERRITORY ... CAUSES TO BE SUBJECTED ANY CITIZEN

8      OF THE UNITED STATES, WITHIN THE JURISDICTION

9      THEREOF TO THE DEPRIVATION OF RIGHTS, PRIVILEGES

10      ... SECURED BY THE CONSTITUTION AND LAWS, SHALL

11      BE LIABLE TO THE PARTY INJURED IN AN ACTION AT

12      LAW SUIT IN EQUITY ...

13

14  THE DEFENDANT,CP ,DUE TO THEIR ADOPTED POLICY AND CUSTOM OF REFUSING

15  TO PROVIDE THE PLAINTIFF, CHRISTOPHER CARREA JR., SUBJECTED THE

16  PLAINTIFF, TO THE DEPRIVATION OF HIS FUNDAMENTAL CONSTITIONAL

17  RIGHT OF MEANINGFUL ACCESS TO THE COURT, WHICH CAUSED THE INJURY

18  OF DEPRIVATION OF DUE PROCESS, EQUAL PROTECTION OF THE LAW AND

19  THE DENIAL OF THE COMPULSORY PROCESS TO OBTAIN WITNESSES IN THE

20  PLAINTIFF FAVOR.

21

22

23

24      THE, DEFENDANT,CP , CUSTOMS, POLICY AND ADOPTED POLICY IS THE

25  MOVING FORCE BEHIND ALL THE ACTS OF THIS CASE, THEREBY GIVING RISE

26

27          **PAGE HUNDRED TWENTY SIX**

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1    TO LIABILITY PURSUANT TO 42 USCA 1983. THE POLICY IS THE MOVING

2    FORCE BEHIND ALL THE ACTS OF THIS CASE. THERE IS AN AFIRMATIVE

3    LINK BETWEEN THE ADOPTED POLICY AND THE ACTS OF THIS CASE. THE

4    TERM "POLICY" GENERALLY IMPLIES A COURSE OF ACTION CONSIOUSLY

5    CHOSEN FROM AMONG VARIOUSE ALTERNATIVES.(SEE CITY OF OKLAHOMA V.

6    TUTTLE, 471 U.S. 808, 823, 105 S. CT. 2427)

7         PURSUANT TO THE DECISION OF THE NINTH CIRCUIT IN THE CASE

8    OF JETT V. PENNER, 439 F.3D 1091(2006), THE DEFENDANT,CP ,BEING

9    DELIBERATELY INDIFFRENT, IS SATISFIED BY SHOWING THE FOLLOWING :

10   (A)A PURPOSEFUL ACT OR FAILURE        THE DEFENDANT,CP ,ACTS AND

11   TO RESPOND TO A PRISONERS PAIN        ADOPTED POLICY OF THE DENIAL

12   OR POSSIBLE NEEDS.                    OF MEANINGFUL ACCESS TO THE

13                                         COURTS AND ALLOWED THE

14                                         PLAINTIFF TO BE BRUTALLY

15                                         BEATEN IN THE LAW LIBRARY

16   (B)HARM CAUSED BY THE                 HARM WAS INFLICTED UPON THE

17   INDIFFRENCE.                          PLAINTIFF, DUE TO A BRUTAL

18                                         BEATING AND THE DENIAL OF

19                                         THE PLAINTIFF LIBERTY, DUE

20                                         TO THE ADOPTED POLICY AND

21                                         CUSTOMS OF THE DEFENDANT, CP

22

23                        PAGE HUNDRED TWENTY SEVEN

24

25

26

27

28   CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1

2       THE DEFENDANT, CP , RACIAL ANIMUS AND DELIBRATE INDIFRENCE

3  IMPAIRED THE PLAINTIFF, CHRISTOPHER CARREA JR., FROM MEANINGFUL

4  ACCESS TO THE COURTS, THE EQUAL PROTECTION OF THE LAW, THE

5  COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR, TO BE

6  INFORMED OF THE NATURE AND CAUSE OF ACCUSATION, AND THE RIGHT TO

7  PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCES AND THE RIGHT

8  TO LIBERTY. THE DEFENDANT, CP , SUBJECTED THE PLAINTIFF TO THE

9  DEPRIVATION OF RIGHTS NO WHITE MAN WAS SUBJECTED TO.

10

11

12       THE COUNTY OF SAN DIEGO ADMINISTRATION, THROUGH THE

13  DEFENDANT, CP, PROVIDES ANCILLARY SERVICES TO THE PLAINTIFF,

14  CHRISTOPHER CARREA JR., BY ORDER OF THE COURT. THE DEFENDANT, CP ,

15  AGREED AND NOTIFIED THE PLAINTIFF AND THE COURT THE PLAINTIFF

16  WOULD BE TREATED JUST AS ANY OTHER ATTORNEY WOULD BE TREATED AS

17  TO ANCILLARY SERVICES TO THE COURT FROM THE COUNTY OF SAN DIEGO.

18  THE DEFENDANT, CP , INSTEAD OF PROVIDING LEGAL TOOLS, LEGAL

19  ASSISTANCE AND MEANINGFUL ACCESS TO THE COURTS, SPENDS MOST OF

20  THEIR TIME DENYING LEGAL TOOLS, LEGAL ASSISTANCE AND MEANINGFUL

21  ASSISTANCE TO THE COURTS AND THE ACCESS TO THE COURTS.

22       THE DEFENDANT, CP , DENIES TTHESE TOOLS LEGAL TOOLS AND

23  THOSE UNDER THE CONTROL AND SUPERVISION OF DEFENDANT, CP , ALSO IS

24  REQUIRED TO DENY MEANINGFUL ACCESS TO THE COURTS, WHICH IS A

25  REQUIRED POLICY OF DEFENDANT, CP , RATHER THEN A FORBIDDEN POLICY

            PAGE HUNDRED TWENTY EIGHT

26

27

28  CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

OF THE DEFENDANT, CP  , WHICH CAUSED A VIOLATION OF THE UNITED
STATES CONSTITUTION.(SEE BALISTERI V. PACIFICA POLICE DEPARTMENT,
901 F.2D 696, 699(9TH CIR. 1990) THE FIFTH AMEDMENT DOES FORBID
DISCRIMINATION THAT IS SO UNJUSTIFIABLE AS TO BE VIOLATIVE OF THE
DUE PROCESS AS THE DEFENDANT, CP  , HAS DONE IN THIS CASE.

   THE VIOLATION OF THE FIFTH AMENDMENT AND SIXTH
AMENDMET OF THE UNITED STATES CONSTITUTION, MEANINGFUL ACCESS TO
THE COURTS AS IN THIS CASE IS A VIOLATION OF THE FOURTEENTH
AMENDMENT OF THE UNITED STATES CONSTITUTION AND 42 USCA 1983
INTENTIONAL DISCRIMINATION AND RACIAL ANIMUS, THE EQUAL PROTECTION
CLAUSE OF THE UNITED STATES CONSTITUTION.

   THE DEFENDANT, CP  , HAS MORE THEN A CASUAL CONNECTION TO
THE DEPRIVATION OF THE PLAINTIFF, CARREA CHRISTOPHER JR.,
CONSTITUTIONAL RIGHTS AND THE INFLICTION OF RACIAL ANIMUS TO THE
PLAINTIFF OF THIS CASE. THE DEFENDANT, CP  , SET IN MOTION A SERIES
OF ACTS, AADOPTED POLICIES AND CUSTOMS WWHICH THE DEFENDANT, CP ,
KNEW OR SHOULD HAVE KNOWN WOULD HAVE CAUSED THE PLAINTIFF THE
CONSTITUTIONAL INJRIES HE SUFFERED. THE PERSONAL PARTICIPATION OF
A DEFENDANT IS NOT THE ONLY PREDICATE FOR THE LIABILITY OF THE
HARM TO PLAINTIFF, PURSUANT TO 42 USCA  1983 THE CIVIL RIGHTS ACT.

   PURSUANT TO 42 USCA 1983 , ANYONE WHO CAUSES ANY CITIZEN TO
BE SUBJECTED TO A CONSTITUTIONAL DEPRIVATION IS AS LIABLE AS ONE
THAT PERSONALLY PERTICIPATED. THE DEFENDANT, CP , NOT ONLY
PERSONALLY PARTICIPATED, BUT ALSO SET IN MOTION A SERIES OF ACTS
THAT CAUSED THE CONSTITUTIONAL TORTS. THE INACTION OF THE DEFENDANTS,

PAGE ONE HUNDRED TWENTY NINE

CIVIL RIGHTS COMPLAINT  CARREA V. SAN DIEGO COUNTY ET AL.

1    ALSO WAS CONSTITUTIONAL TORTS, COMMITTED BY THE DEFENDANTS, CP ,
2    DUE TO BOTH THE UNITED STATES CONSTITUTION AND THE STATE OF
3    CALIFORNIA CONSTITUTION, BY STATUTE, REGULATIONS AND IN THIS CASE
4    THE DEFENDANT, CP , WERE OBLIGATED BY CONTRACT TO PROVIDE ACTION.
5    THE FUNDAMENTAL CONSTITUTIONAL RIGHTS REQUIRED THE DEFENDANT, CP ,
6    TO ASSIST THE PLAINTIFF, CARREA CHRISTOPHER JR., AND PRO PER IN
7    THE PREPARATION AND FILING OF LEGAL DOCUMENTS, AND WITH ADEQUATE
8    LAW LIBRARY WITH INDIVIDUALS TRAINED IN THE LAW.
9            THE SERIES OF ACTION SET IN MOTION TO DEPRIVE THE
10   PLAINTIFF, CARREA CHRISTOPHER JR., OF HIS CONSTITUTIONAL RIGHTS
11   AND THE SPECIFIC FACTS OF EVIDENCE OF VIOLATION OF 42 USCA **1983**
12   ALSO INCLUDE THE FOLLOWING:
13           THE DEFENDANT, CP , IN VIOLATION OF THE FIFTH, SIXTH
14   AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND
15   THE STATE OF CALIFORNIA CONSTITUTIONAL ARTICLE ONE, SECTION
16   TWENTY FOUR WHICH STATES AS FOLLOW: IN ALL CRIMINAL CASES THE
17   DEFENDANT MUST HAVE EQUAL PROTECTION OF THE LAW AND DUE PROCESS OF
18   THE LAW COMMITTED THE FOLLOWING ACTS:
19           THE DEFENDANT, CP ,REFUSED TO SEND THE PLAINTIFF
20   DOCUMENTS TO TRIAL COURT, APPELLATE COURT AND THE STATE OF CALIF.
21   SUPREME COURT CORRECTLY. THE PLAINTIFF IN MOST INSTANCES HAD TO
22   INFORM THE DEFENDANT, CP , OVER AND OVER AGAIN HOW AND WHEN TO
23   SUBMITT THE DOCUMENTS. THE DEFENDANT, CP , IN SOME INSTANCES REFUSED
24   TO ASSIST THE PLAINTIFF, CARREA CHRISTOPHER JR., AT ALL.
25           **ONE HUNDRED THIRTY**
26
27
28   CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1    THE DEFENDANT, CP , WAS NOT ONLY INFORMED THROUGH THE

2  COURT IN WRITING THEY WERE TO PROVIDE THE PLAINTIFF, A LEGAL

3  RUNNER, BUT THE TRIAL COURT CALLED THEM TO INFORM THEM THE

4  PLAINTIFF WAS TO BE PROVIDED A LEGAL RUNNER VERBALLY ALSO. THE

5  DEFENDANT, CP , NEVER HAD A LEGAL RUNNER COME TO SEE THE PLAINTIFF

6  AS THE DEFENDANT, CP ,PROVIDED WHITE INDIVIDUALS IN THE SAME AND

7  SIMILIAR SITUATIONS.

8    THE DEFENDANT, CP ,ACCEPTED THE RESPONSIBILITY OF PROVIDING

9  SERVICES TO THE PLAINTIFF AS WELL AS THE ABILITY TO PROVIDE THE

10  PLAINTIFF WITH MEANS TO CALL DEFENDANT, CP ,AND A PRIVATE

11  INVESTIGATOR COLLECT. THE DEFENDANT, CP ,REFUSED TO PROVIDE THE

12  PLAINTIFF WITH THE MEANS TO CALL COLLECT BUT CONTINUED TO INFORM

13  THE PLAINTIFF AND THE COURT THE PLAINTIFF HAD THE ABILITY TO CALL

14  COLLECT OR ANY WAY DENYING THE PLAINTIFF MEANINGFUL ACCESS TO THE

15  COURTS FOR MONTHS AND LIED ABOUT IT.

16    THE DEFENDANT, CP ,ACCEPTED THE RESPONSIBILITY TO PROVIDE

17  THE PLAINTIFF WITH AN INCOMPETENT PRIVATE INVESTIGATOR AND AN

18  INVESTIGATOR THAT IS AN ADVOCATE OF THE PLAINTIFF. THE PRIVATE

19  INVESTIGATOR WERE INCOMPETENT AND REFUSED TO BE AN ADVOCATE OF THE

20  PLAINTIFF. THE INVESTIGATOR SPENT HIS TIME INFORMING THE PROSECUTOR

21  AND THE COURT HE WAS NOT AN ADVOCATE FOR THE PLAINTIFF AND IN FACT

22  INFORMED THE WITNESSES THEY DID NOT HAVE TO SHOW UP FOR TRIAL OR

23  PRELIMINARY HEARING IN BEHALF OF THE PLAINTIFF. WITNESSES SUCH AS

24  BARBRA BROWN. THE PRIVATE INVESTIGATOR WOULD LIE ABOUT THE TIME

25  SPENT WITH THE PLAINTIFF. THE INVESTIGATOR WOULD STATE HE WAS

26                    ONE HUNDRED THIRTY ONE

27

28  CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1    WITH THE PLAINTIFF FOR FIVE HOURS, BUT IN FACT ONLY SPENT FIVE

2    MINUTES WITH THE PLAINTIFF. WHEN THE DEFENDANTS, WAS INFORMED OF

3    THIS, THEY ALL RESPONDED SO WHAT TO THE MISAPROPRATION OF TAX

4    PAYER MONEY. THE PLAINTIFF INFORMED THE DEFENDANT, CP , OF THE

5    MULTIPLE PROBLEMS WITH THE INVESTIGATOR, BUT THE DEFENDANT, CP ,

6    REFUSED TO REMOVE THE INVESTIGATOR.

7          THE DEFENDANT, CP ,STATED THEY COULD NOT PROVIDE THE

8    PLAINTIFF, CARREA CHRISTOPHER JR.,WITH MEANINGFUL ACCESS TO COURTS

9    OR HIS CONSTITUTIONAL RIGHTS DUE TO THE COST. THE DEFENDANT, CP ,

10   REFUSED THE PLAINTIFF MEANS TO CONTACT WITNESSES IN HIS BEHALF

11   AND THE COMPULSORY PROCESS TO OBTAIN WITNESSES. THE COST CANNOT

12   JUSTIFY THE DENIAL OF THE PLAINTIFF PROTECTED CONSTITUTIONAL RIGHTS

13   AS THEY DID IN THIS CASE.(SEE BOUNDS V. SMITH, 97 S. CT. 817;

14   LEWIS V. CASEY,(1995)116 S.CT. 2174)THE FUNDAMENTAL CONSTITUTIONAL

15   RIGHTS OF ACCESS TO THE COURTS REQUIRES ADEQUATE LAW LIBRARIES AND

16   PERSON THAT ARE TRAINED IN THE LAW. THE DEFENDANT, CP ,PROVIDED

17   INDIVIDUAL THAT ARE NOT TRAINED IN THE LAW AND EVEN LIER LIKE

18   YOLANDA NAVARRO. THERE WAS NO PENALOGICAL INTREST TO THESE INJURIES

19   TO THE PLAINTIFF.  THERE MUST BE NO OFFICIAL INTERFERENCE WITH

20   THE PRESENTATION TO THE COURTS AS THE DEFENDANTS IN DELIBRATE

21   INDIFRENCE OF THE PLAINTIFF COMMITTED.

22          THE DEFENDANT, CP ,HAS A POLICY AND ADOPTED COSTUM OF

23   A LITANY OF RAMBLING AND EXCUSES NOT TO PROVIDE THE SERVICES THE

24   DEFENDANT, CP , IS PAID TO PROVIDE TO AND FOR THE PLAINTIFF, AND

25   A POLICY AND ADOPTED CUSTOM OF NOT PROVIDING SERVICES TO THE

26                    ONE HUNDRED THIRTY   TWO

27

28   CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1    THE PLAINTIFF.

2         THE FEDERAL CONSTITUTION QUARANTEES A CRIMINAL DEFENDANT

3    WITH A MEANINGFUL ACCESS AND OPPORTUNITY TO PRESENT A COMPLETE

4    DEFENSE, WHETHER THIS RIGHT IS ROOTED DIRECTLY IN THE DUE PROCESS

5    CLAUSE OF THE FORTEENTH AMENDMENT OR IN THE COMPULSORY PROCESS

6    OR CONFRONTATION CLAUSES OF THE SIXTH AMENDMENT; THE OPPORTUNITY

7    TO BE HEARD IS AN ESSENTIAL COMPONENT OF PROCEDURAL FAIRNESS

8    DESPITE THE FACT THE DEFENDANT, CP  , DENIED IT.

9         THE DEFENDANT, CP , HAS A POLICY OF AND ADOPTED CUSTOM

10   OF TAKING PRO PER RIGHTS INSTEAD OF PROVIDING THEM ONE BY ONE. IT

11   IS A TRAVESTY OF JUSTICE FOR PRO PER TO BE PROVIDED SERVICES

12   FROM AND ENTITY THAT THE SAN DIEGO COUNTY DISTRICT ATTORNEY'S

13   ARE ON THE BOARD. THE DEFENDANT, CP , HAS A POLICY OF GOING TO

14   COURT TO REMOVE PRO PER RIGHTS WITHOUT SERVING THE PLAINTIFF AND

15   OTHER PRO PER WITH NOTICE AND PROPER SERVICE OF THERE INTENTION

16   UNTIL ITS DONE. THE DEFENDANT, CP ,HAS A POLICY AND CUSTOM OF THE

17   REFUSAL OF INDIGENT MINORITIES THE USE OF TELEPHONE, ESPECIALLY

18   DURING TRIAL. THE DEFENDANT, CP  , HAS THE CUSTOM AND POLICY OF

19   SO WHAT IF AN INDIGENT PRO PER CAN'T MAKE NECESSARY PHONE CALLS,

20   DUE TO THE RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION OF THE

21   DEFENDANTS, CP  .

22         THE COST OF BEING A PRO PER, A FUNDAMENTAL CONSTITUTIONAL

23   RIGHTS, THE DENIAL OF WHICH CANNOT BE JUSTIFIED.

24

25              ONE HUNDRED THIRTY THREE

26

27

28   CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

XIX

THE SECOND CAUSE OF ACTION

THE VIOLATION OF 42 USCA 1983,

AGAINST THE DEFENDANTS, AM ,

DUE TO THE DEPRIVATION OF RIGHTS,

PRIVILEGES, CIVIL RIGHTS AND

CONSTITUTIONAL RIGHTS DUE TO

DEFENDANT, MICHAEL ANSELM

THE DEFENDANT, MICHAEL ANSELM,(HEREINAFTER KNOWN AS AM)

HAS VIOLATED THE CONSTITUTIONAL AND CIVIL RIGHTS OF THE

PLAINTIFF, CHRISTOPHER CARREA JR..

THE DEFENDANT, AM , WAS PERSONALLY INVOLVED IN THE

THE CIVIL AND CONSTITUTIONAL DEPRIVATION OF THE PLAINTIFF, CARREA

CHRISTOPHER JR., BEING PERSONALLY INFORMED OF THE ACTION OF THIS

CASE, ABOUT TO HAPPEN, IS HAPPENING, AND REFUSED TO PREVENT IT

FROM HAPPENING AND ENCOURAGED IT TO HAPPEN. THE DEFENDANT, AM ,

IS PERSONALLY INVOLVED, DUE TO DEFENDANT, AM ,INACTION AND CONTROL

OF THOSE, DEFENDANT, AM , SUPERVISE AND CONTROL, THOSE WHO

CONTINUE TO COMMITT CONSTITUTIONAL TORTS WEEK END AND WEEK OUT.

THE DEFENDANT, AM ,ADOPTED POLICY AND CUSTOMS  IS TO

ALLOW IT TO CONTINUE.  THE DEFENDANT, AM ,HAS MORE THEN A CASUAL

CONNECTION TO THE DEPRIVATION OF THE CONSTITUTIONAL AND CIVIL

RIGHTS OF PLAINTIFF, CARREA CHRISTOPHER JR..

PAGE ONE HUNDRED THIRTY FOUR

CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1    THE DEFENDANT,AM ,IS MORE LIABLE THEN THOSE UNDER THE

2    SUPERVISION AND CONTROL OF DEFENDANT,AM , DUE TO THE FACT THE

3    DEFENDANT, AM ,IS THE ONLY ONE THAT CAN ORDER THE DEPRIVATION OF

4    THE PLAINTIFF,CHRISTOPHER CARREA JR., CONSTITUTIONAL AND CIVIL

5    RIGHTS, BUT HAS FAILED TO AND REFUSE TO WITH THE FULL KNOWLEDGE

6    THOSE UNDER THE CONTROL AND SUPERVISION OF DEFENDANT,AM , HAS

7    VIOLATED THE CONSTITUTIONAL AND CIVIL RIGHTS OF THE PLAINTIFF,

8    CHRISTOPHER CARREA JR.. IT IS THE CUSTOM AND ADOPTED POLICY OF

9    DEFENDANT, AM ,TO ALLOW THE DEPRIVATION OF PLAINTIFF, CHRISTOPHER

10   CARREA JR., CONSTITUTIONAL AND CIVIL RIGHTS. THE DEFENDANT,AM ,

11   HAS SET IN MOTION A SERIES OF ACTS WHICH DEFENDANT,AM ,KNEW, KNOWS,

12   OR REASONABLY SHOULD KNOW WOULD CAUSE OTHERS TO SUBJECT THE

13   INFLICTION OF CONSTITUTIONAL TORTS AGAINST THE PLAINTIFF, CHRISTOPHER

14   CARREA JR..  IN SO DOING THE DEFENDANT,AM ,SHOULD BE HELD LIABLE

15   PURSUANT TO 42 USCA 1983,(SEE JOHNSON V. DUFFY, 588 F.2D 1435

16   1446-1447 (9TH CIR. 1978)

17

18   THE DEFENDANT,AM ,DENIED THE PLAINTIFF, CHRISTOPHER CARREA

19   JR., OF THE MEANINGFUL ACCESS TO THE COURTS. THE DEFENDANT,AM ,

20   DENIED THE PLAINTIFF THE FULL AND EQUAL BENIFITS OF ALL LAWS AND

21   PROCEEDING AS AFFORDED OTHER PARTIES IN A COURT PROCEEDING AS

22   AFFORDED OTHER PARTIES IN A COURT PROCEEDING DELIBRATELY IN THE

23   DELIBRATE INDIFRENCE, DENYING THE PLAINTIFF, CHRISTOPHER CARREA

24   JR., BENIFITS OTHER PARTIES WERE AFFORDED.

25                    ONE HUNDRED THIRTY FIVE

26

27

28   CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1    THE DEFENDANT, AM ,DEPRIVED THE PLAINTIFF, CHRISTOPHER

2  CARREA JR., OF THE MEANINGFUL ACCESS TO THE COURTS THE MOST

3  FUNDAMENTAL CONSTITUTIONAL RIGHT, IN VIOLATION OF THE UNITED STATES

4  CONSTITUTION FIRST, FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENT

5  RIGHTS. THIS COURT MUST REMEDY PAST OR IMMINENT OFFICIAL

6  INTERFERENCE AND VIOLATION OF MEANINGFUL ACCESS TO THE COURTS. THE

7  DEFENDANT, AM  ,DENIAL OF MEANINGFUL ACCESS TO COURT CAUSES THE

8  INJURY OF THE PLAINTIFF OF MEANINGFUL ACCESS TO THE COURTS, THE

9  DEPRIVATION OF LIFE, LIBERTY, PROPERTY AND THE INJURY OF A CONVICTION.

10    PURSUANT TO THE FIRST AMENDMENT OF THE UNITED STATES

11  CONSTITUTION, WHICH READS AS FOLLOW:

12    CONGRESS SHALL MAKE NO LAW...

13    PROHIBITING THE RIGHT TO PETITION

14    THE GOVERNMENT FOR REDRESS OF

15    GRIEVANCES

16  THE DEFENDANTS, AM ,DEPRIVED THE PLAINTIFF, CHRISTOPHER CARREA JR.,

17  OF THE FULL AND EQUAL BENIFIT OF REDRESS AND THE ABILITY TO

18  PETITION THE GOVERNMENT.

19    PURSUANT TO THE FOURTH AMENDMENT OF THE UNITED STATES

20  CONSTITUTION, WHICH READS AS FOLLOW:

21    THE RIGHT OF THE PEOPLE TO BE

22    SECURE AGAINST UNREASONABLE

23    ... SEIZURE, SHALL NOT BE

24    VIOLATED ...

25

26    ONE HUNDRED THIRTY SIX

27

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1  THE DEFENDANT,AM  ,OMMISSION OF ACTS CAUSES AND CAUSED AN UNREASONABLE

2  SEIZURE AND CONVICTION OF THE PLAINTIFF, CHRISTOPHER CARREA JR..

3        PURSUANT TO THE FIFTH AMENDMENT OF THE UNITED STATES

4  CONSTITUTION, WHICH READS AS FOLLOW:.

5              NO PERSON ... SHALL BE DEPRIVED

6              OF LIFE, LIBERTY ... WITHOUT

7              DUE PROCESS OF LAW

8  THE DEFENDANT, AM  ,DEPRIVED THE PLAINTIFF,  CHRISTOPHER CARREA JR.,

9  OF THE DUE PROCESS OF THE LAW. THE FACT THE DEFENDANT,AM   , DID

10 DEPRIVE THE PLAINTIFF, CHRISTOPHER CARREA JR., OF DUE PROCESS, THE

11 FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION STATES THERE

12 MUST BE JUST COMPENSATION.

13       PURSUANT TO THE SIXTH AMENDMENT OF THE UNITED STATES

14 CONSTITUTION, WHICH READS AS FOLLOW:

15             IN ALL PROSECUTION, THE ACCUSED SHALL BE

16             INFORMED OF THE NATURE AND CAUSE OF THE

17             ACCUSATION; TO HAVE COMPULSORY PROCESS FOR

18             OBTAINING WITNESSES IN HIS FAVOR, AND TO

19             HAVE THE ASSISTANCE OF COUNSEL FOR HIS

20             DEFENCE

21 THE DEFENDANT,AM  ,DEPRIVED THE PLAINTIFF OF BEING INFORMED OF THE

22 NATURE AND CAUSE OF THE ACCUSATION, BY DENYING THE PLAINTIFF LEGAL

23 MATERIAL TO BE INFORMED OF THE NATURE AND ACCUSATION. THE DEFENDANT,

24  AM,,DEPRIVED THE PLAINTIFF OF THE COMPULSORY PROCESS FOR OBTAINING

25 WITNESSES IN HIS FAVOR, DUE TO THE DEFENDANT,AM ,POSITION OF NONE

26                ONE HUNDRED THIRTY SEVEN

27

28 CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1   CONCERN FOR INDIGENT ACCUSED.  THE DEFENDANT,AM ,DENIED THE

2   PLAINTIFF, CHRISTOPHER CARREA JR., THE ASSISTANCE OF COUNSEL FOR

3   HIS DEFENCE. THE FACT THE PLAINTIFF CHOSES TO BE PRO PER DOES NOT

4   ELIMINATE THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION

5   WITHIN THE JURISDICTION OF THE UNITED STATES AND THE COST CANNOT

6   ELIMINATE THE RIGHT NOR THE DENIAL OF WHICH IS A VIOLATION OF 42

7   USCA 1983.

8            PURSUANT TO THE FOURTEENTH AMENDMENT OF THE UNITED

9   STATES CONSTITUTION WHICH READS AS FOLLOW:

10               ALL PERSON BORN IN THE UNITED STATES, SHALL

11               NOT BE DENIED IN ANY STATE OF LIFE LIBERTY...

12               WITHOUT DUE PROCESS OF THE LAW: NOR DENY TO ANY

13               PERSON WITHIN ITS JURISDICTION THE EQUAL

14               PROTECTION OF THE LAWS.

15  THE DEFENDANT, AM ,DENIED THE PLAINTIFF, CHRISTOPHER CARREA JR., A

16  PERSON BORN IN THE UNITED STATES, A UNITED STATES CITIZEN OF LIFE

17  AND LIBERTY WITHOUT THE DUE PROCESS OF THE LAW, WITHIN THE

18  JURISDICTION OF THE UNITED STATES. THE DEFENDANTS DENIED THE PLAINTIFF,

19  CHRISTOPHER CARREA JR., OF THE FULL AND EQUAL PROTECTION OF THE

20  LAWS. THE DEFENDANTS,AM ,BELIEVE IF A CITIZEN IS INDIGENT AND

21  CANNOT AFFORD THE COMPULSORY PROCESS AND DUE PROCESS, DESPITE THE

22  DEFENDANTS, DESIRE NOT TO PROVIDE THE PLAINTIFF MOST BASIC

23  FUNDAMENTAL CONSTITUTIONAL RIGHT OF THE COURT, WHICH IS MEANINGFUL

24  ACCESS TO THE COURT, THEY MUST PROVIDE ACCESS TO THE COURT BUT

25  REFUSED TO DO SO.

26               ONE HUNDRED THIRTY EIGHT

27

28  CIVIL RIGHTS COMPLAINT      CARREA V. SAN DIEGO COUNTY ET AL.

1    IT IS NOT A SECRET TO ANYONE THAT DEFENDANTS ARE MORE

2  THAN AWARE THAT DEFENDANT, AM ,REFUSED TO PROVIDE MEANINGFUL ACCESS

3  TO THE COURTS. PURSUANT TO 42 USCA 1983 WHICH STATES AS FOLLOW:

4

5        EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE,

6        ORDINANCE, REGULATION, CUSTOM OR USAGE OF ANY

7        TERRITORY ... CAUSES TO BE SUBJECTED ANY CITIZEN

8        OF THE UNITED STATES, WITHIN THE JURISDICTION

9        THEREOF TO THE DEPRIVATION OF RIGHTS, PRIVILEGES

10        ... SECURED BY THE CONSTITUTION AND LAWS, SHALL

11        BE LIABLE TO THE PARTY INJURED IN AN ACTION AT

12        LAW SUIT IN EQUITY ...

13

14  THE DEFENDANT,AM ,DUE TO THEIR ADOPTED POLICY AND CUSTOM OF REFUSING

15  TO PROVIDE THE PLAINTIFF, CHRISTOPHER CARREA JR., SUBJECTED THE

16  PLAINTIFF, TO THE DEPRIVATION OF HIS FUNDAMENTAL CONSTITIONAL

17  RIGHT OF MEANINGFUL ACCESS TO THE COURT, WHICH CAUSED THE INJURY

18  OF DEPRIVATION OF DUE PROCESS, EQUAL PROTECTION OF THE LAW AND

19  THE DENIAL OF THE COMPULSORY PROCESS TO OBTAIN WITNESSES IN THE

20  PLAINTIFF FAVOR.

21

22

23

24      THE, DEFENDANT,AM , CUSTOMS, POLICY AND ADOPTED POLICY IS THE

25  MOVING FORCE BEHIND ALL THE ACTS OF THIS CASE, THEREBY GIVING RISE

26                  ONE HUNDRED THIRTY NINE

27

28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1  TO LIABILITY PURSUANT TO 42 USCA 1983. THE POLICY IS THE MOVING

2  FORCE BEHIND ALL THE ACTS OF THIS CASE. THERE IS AN AFIRMATIVE

3  LINK BETWEEN THE ADOPTED POLICY AND THE ACTS OF THIS CASE. THE

4  TERM "POLICY" GENERALLY IMPLIES A COURSE OF ACTION CONSIOUSLY

5  CHOSEN FROM AMONG VARIOUSE ALTERNATIVES.(SEE CITY OF OKLAHOMA V.

6  TUTTLE, 471 U.S. 808, 823, 105 S. CT. 2427)

7          PURSUANT TO THE DECISION OF THE NINTH CIRCUIT IN THE CASE

8  OF JETT V. PENNER, 439 F.3D 1091(2006), THE DEFENDANT,AM ,BEING

9  DELIBRATELY INDIFFRENT, IS SATISFIED BY SHOWING THE FOLLOWING :

10 (A)A PURPOSEFUL ACT OR FAILURE        THE DEFENDANT, AM,ACTS AND

11 TO RESPOND TO A PRISONERS PAIN        ADOPTED POLICY OF THE DENIAL

12 OR POSSIBLE NEEDS.                    OF MEANINGFUL ACCESS TO THE

13                                       COURTS AND ALLOWED THE

14                                       PLAINTIFF TO BE BRUTALLY

15                                       BEATEN IN THE LAW LIBRARY

16 (B)HARM CAUSED BY THE                 HARM WAS INFLICTED UPON THE

17 INDIFFRENCE.                          PLAINTIFF, DUE TO A BRUTAL

18                                       BEATING AND THE DENIAL OF

19                                       THE PLAINTIFF LIBERTY, DUE

20                                       TO THE ADOPTED POLICY AND

21                                       CUSTOMS OF THE DEFENDANT,AM.

22

23

24          ONE HUNDRED FORTY

25

26

27

28 CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1              THE SPECIFIC FACTS AND ACTS OF EVIDENCE OF VIOLATION

2 OF 42 USCA 1981, INCLUDS THE FOLLOWING:

3

4              THE DEFENDANT, AM REFUSED TO BE AN ADVOCATE OF THE

5 PLAINTIFF, CARREA CHRISTOPHER JR.. THE DEFENDANT, AM, ACCEPTED

6 THE RESPONSIBILITY TO PROVIDE INVESTIATIVE SERVICES FOR THE

7 PLAINTIFF, BUT REFUSED TO PROVIDE INVESTIATIVE SERVICES FOR THE

8 PLAINTIFF WHICH DENIED THE PLAINTIFF OF MEANINGFUL ACCESS TO THE

9 COURTS AND EQUAL PROTECTION OF THE LAW AS WELL AS THE DUE PROCESS

10 CLAUSE.

11              THE DEFENDANT, INFORMED THE PLAINTIFF, HE ONL HAD TO

12 SPEND FIVE MINUTES WITH THE PLAINTIFF EACH TIME HE CAME TO VISIT

13 THE PLAINTIFF BUT BILLED THE PRIVATE CONFLICT COUNSEL AND THE

14 COUNTY OF SAN DIEO FOR FIVE HOURS. THE DEFENDANT, AM, TOLD THE

15 PLAINTIFF HE HAD TO SIGN THAT HE SEEN THE PLAINTIFF, BUT FAILED

16 TO INFORM THE PLAINTIFF HE WAS SIGNIN FOR THE DEFENDANT, AM,

17 HAVING SPENDING FIVE HOURS.

18              THE DEFENDANT, AM, WAS ASK TO SUBPENA, BARBRA BROWN,

19 FOR THE PRELIMANARY HEARING, BUT HE REFUSED AND THEN TOLD BARBARA

20 BROWN, SHE DID NOT HAVE TO COME TO THE PRELIMINARY HEARING INSTEAD

21 OF SUBPENA THE WITNESS FOR THE PRELIMINARY HEARING AND FAILED HIM

22 SELF TO SHOW UP TO THE PRELIMINARY HEARING TO PROCEED WITH THE

23 FOUNDATION FOR INVESTIGATION.

24              THE DEFENDANT, ARGUED OVER AND OVER WITH THE PLAINTIFF

25 ABOUT DOING HIS JOB AND MISSED APPOINTMENTS WITH THE PLAINTIFF,

26                 ONE HUNDRED FORTY ONE

27

28 CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1  THE DEFENDANT, AM, STATED FOR THE RECORD THAT HE WOULD ASSIST THE

2  PLAINTIFF, BUT FAILED TO DO SO. THE DEFENDANT, AM, STATED HE WOULD

3  BE AT THE PLAINTIFF PRELIMINARY HEARING AND FAILED TO DO SO. THE

4  DEFENDANT, AM, STATED HE WOULD BE AT THE PLAINTIFF TRIAL BUT FAILED

5  TO BE AT THE PLAINTIFF TRIAL THE FIRST DAY, TO SUBPENA THE PLAINTIFF

6  WITNESSES, WHICH THE PLAINTIFF LOST AS WITNESSES DUE TO HIS BREACH

7  OF DUTY.(DEFENDANT, AM) THE DEFENDANT, AM, CAME TO THE TRIAL ONLY

8  FIFTEEN MINUTES THREE TIMES IN BREACH OF DUTY AND RACIAL ANIMUS, IN

9  VIOLATION OF 42 USCA 1983

10      THE DEFENDANT, AM, STATED ON COURT RECORD THAT HE INFORMED

11  THE PROSECUTOR THAT HE WOULD TESTIFY IN THE PROSECUTION BEHALF AND

12  NOT THE PLAINTIFF BEHALF, DUE TO INTENTIONAL DISCRIMINATION AND

13  RACIAL ANIMUS OF THE DEFENDANT, AM. THE DEFENDANT, AM, INFORMED THE

14  PLAINTIFF HE DID NOT LIKE HIM AND DID NOT WANT HIM TO WIN. THE

15  PLAINTIFF INFORMED HIS SUPERIOR BUT THEY KEPT THE DEFENDANT, AM, ON

16  THE PLAINTIFF CASE DESPITE HIS RACIAL ANIMUS AND INTENTIONAL

17  DISCRIMINATION.

18      THE DEFENDANT, AM, TOLD THE COURT HE WOULD MAKE WHAT EVER

19  CALLS THE PLAINTIFF NEEDED, BUT WAS NEVER AROUND TO MAKE PHONE

20  CALLS AND REFUSED TO MAKE PHONE  CALLS. THE PLAINTIFF COULD NOT

21  CALL THE DEFENDANT, AM, DUE TO THE DEFENDANT, AM, NOT PROVIDING

22  A PHONE NUMBER FOR THE PLAINTIFF TO CALL , DUE TO HIS RACIAL

23  ANIMUS AND INTENTIONAL DISCRIMINATION BY THE DEFENDANT, AM. THE

24  COURT ALSO TRIED TO GET IN TOUCH WITH THE DEFENDANT, AM, TO CALL

25  THE PLAINTIFF WITNESSES BACK  BUT COULD NOT DUE TO DEFENDANT, AM,

26  RACIAL ANIMUS.

27  ONE HUNDRED FORTY TWO

28  CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1    pursuant to rule 98) OF THE FEDERAL COURT
2  WHICH STATES AS FOLLOW:
3    RULE (8)(A) A PLEADING WHICH SETS FORTH A CLAIM
4    FOR RELIEF, WHETHER AN ORIGINIAL CLAIM, COUNTER
5    CLAIM, CROSS-CLAIM OR THIRD PARTY CLAIM SHALL
6    CONTAIN(1) A SHORT AND PLAIN STATMENT...........
7
8    THE COST OF BEING A PRO PER CANNOT JUSTIFY THE DENIAL OF
9  THAT CONSTITUTIONAL RIGHT BY THEDEFENDANT, AM. THE FUNDAMENTAL
10  CONSTITUTIONAL RIGHT OF THE ACCESS TO THE COURTS, REQUIRE AN
11  INVESTIGATOR TRAINED IN THE LAW AS WELL AS INVESTIGATION, BOTH
12  OF WHICH THE DEFENDANT, AM, DENIED THE PLAINTIFF CARREA CHRISTOPHER
13  .(SEE BOUNDS VS. SMITH, 97 S.CT. 817; LEWIS VS. CASEY(1995) 116
14  S.CT. 2174)
15    THERE MUST NOT BE OFFICIAL INTERFERENCE BY THE DEFENDANT,AM,
16  WITH THE ABILITY OF THE PLAINTIFF AND PRO PER WITH THE PRESENTATION
17  OF CASES TO COURT AS THE DEFENDANT, AM,DUE TO HIS RACIAL ANIMUS AND
18  INTENTIONAL DISCRIMINATION. THE DEFENDANT, AM, IN THIS CASE HINDERED
19  THE PLAINTIFF, IN HIS PRESENTATION TO THE COURT AND REFUSED TO HELP
20  THE PLAINTIFF WITH PRO PER SERVICES DESPITE THE FACT HE INFORMED THE
21  COURT HE WOULD.
22    THE DEFENANT, AM, HAS A POLICY OF A LITANY OF RAMBLING AND
23  EXCUSES NOT TO PROVIDE THE SERVICES THE DEFENDANT, AM, IS PAID TO
24  PROVIDE THE PLAINTIFF, CARREA CHRISTOPHER JR.. THE DEFENDANT, AM,
25  HAS AN ADOPTED POLICY AND CUSTOM NOT TO PROVIDE INVESTIGATION SERVICES.
26          ONE HUNDRED FORTY THREE
27
28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

**XX**

THE SECOND CAUSE OF ACTION

THE VIOLATION OF 42 USCA 1983,

AGAINST THE DEFENDANTS, LV  ,

DUE TO THE DEPRIVATION OF RIGHTS,

PRIVILEGES, CIVIL RIGHTS AND

CONSTITUTIONAL RIGHTS DUE TO

DEFENDANT, SAN DIEGO COUNTY LAW

REVIEW BOARD.

THE DEFENDANT, S.D. COUNTY LAW REVIEW BOARD(HEREINAFTER KNOWN AS LV)

HAS VIOLATED THE CONSTITUTIONAL AND CIVIL RIGHTS OF THE

PLAINTIFF, CHRISTOPHER CARREA JR..

    THE DEFENDANT, LV , WAS PERSONALLY INVOLVED IN THE

THE CIVIL AND CONSTITUTIONAL DEPRIVATION OF THE PLAINTIFF, CARREA

CHRISTOPHER JR., BEING PERSONALLY INFORMED OF THE ACTION OF THIS

CASE, ABOUT TO HAPPEN, IS HAPPENING, AND REFUSED TO PREVENT IT

FROM HAPPENING AND ENCOURAGED IT TO HAPPEN. THE DEFENDANT, LV ,

IS PERSONALLY INVOLVED, DUE TO DEFENDANT,LV ,INACTION AND CONTROL

OF THOSE, DEFENDANT,LV  , SUPERVISE AND CONTROL, THOSE WHO

CONTINUE TO COMMITT CONSTITUTIONAL TORTS WEEK END AND WEEK OUT.

    THE DEFENDANT,LV  ,ADOPTED POLICY AND CUSTOMS  IS TO

ALLOW IT TO CONTINUE.  THE DEFENDANT,LV ,HAS MORE THEN A CASUAL

CONNECTION TO THE DEPRIVATION OF THE CONSTITUTIONAL AND CIVIL

RIGHTS OF PLAINTIFF, CARREA CHRISTOPHER JR..

                    ONE HUNDRED FORTY FOUR

CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1    THE DEFENDANT, LV ,IS MORE LIABLE THEN THOSE UNDER THE

2  SUPERVISION AND CONTROL OF DEFENDANT,LV , DUE TO THE FACT THE

3  DEFENDANT, LV ,IS THE ONLY ONE THAT CAN ORDER THE DEPRIVATION OF

4  THE PLAINTIFF,CHRISTOPHER CARREA JR., CONSTITUTIONAL AND CIVIL

5  RIGHTS, BUT HAS FAILED TO AND REFUSE TO WITH THE FULL KNOWLEDGE

6  THOSE UNDER THE CONTROL AND SUPERVISION OF DEFENDANT, LV, HAS

7  VIOLATED THE CONSTITUTIONAL AND CIVIL RIGHTS OF THE PLAINTIFF,

8  CHRISTOPHER CARREA JR.. IT IS THE CUSTOM AND ADOPTED POLICY OF

9  DEFENDANT, LV ,TO ALLOW THE DEPRIVATION OF PLAINTIFF, CHRISTOPHER

10 CARREA JR., CONSTITUTIONAL AND CIVIL RIGHTS. THE DEFENDANT,LV ,

11 HAS SET IN MOTION A SERIES OF ACTS WHICH DEFENDANT,LV ,KNEW, KNOWS,

12 OR REASONABLY SHOULD KNOW WOULD CAUSE OTHERS TO SUBJECT THE

13 INFLICTION OF CONSTITUTIONAL TORTS AGAINST THE PLAINTIFF, CHRISTOPHER

14 CARREA JR..  IN SO DOING THE DEFENDANT,LV ,SHOULD BE HELD LIABLE

15 PURSUANT TO 42 USCA 1983,(SEE JOHNSON V. DUFFY, 588 F.2D 1435

16 1446-1447 (9TH CIR. 1978)

17

18    THE DEFENDANT, LV,DENIED THE PLAINTIFF, CHRISTOPHER CARREA

19 JR., OF THE MEANINGFUL ACCESS TO THE COURTS. THE DEFENDANT,LV ,

20 DENIED THE PLAINTIFF THE FULL AND EQUAL BENIFITS OF ALL LAWS AND

21 PROCEEDING AS AFFORDED OTHER PARTIES IN A COURT PROCEEDING AS

22 AFFORDED OTHER PARTIES IN A COURT PROCEEDING DELIBRATELY IN THE

23 DELIBRATE INDIFRENCE, DENYING THE PLAINTIFF, CHRISTOPHER CARREA

24 JR., BENIFITS OTHER PARTIES WERE AFFORDED.

**ONE HUNDRED FORTY FIVE**

25

26

27

28 CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1  RESPONSE OF THE DEFENDAANT, LV, TO ALLOW THE RACIAL ANIMUS TO
2  HAPPEN TO THE PLINTIFF, CARREA CHRISTOPHER JR.,     THE DEFENDANT,
3  LV, WAS A FULL PARTICIPANT IN THE INFLICTION OF CRUEL AND UNUSUAL
4  PUNISHMENT OF THE PLINTIFF AND THE DEPRIVATION OF THE PLAINTIFF,
5  CARREA CHRISTOPHER JR., CONSTITUTIONAL RIGHTS. THE DEFENDANT, LV,
6  ALLOWED THOSE IN THE CONTROL AND SUPERVISIO AND REVIEW OF THE
7  DEFENDANT, LV, TO COMMITT CRUEL AND UNUSUAL PUNISHMENT AND
8  CONSTITUTIONAL TORTS AGAINST THE PLAINTIFF, CARREA CHRISTOPHER JR.,
9  IN RACIAL ANIMUS. THE DEFENDANT, LV, HAS MORE TTHEN A CASUAL
10 CONNECTION TO THE DEPRIVATION OF THE PLAINTIFF CONSTITUTIONAL
11 RIGHTS.

12      THE DEFENDANTS, LV, SET IN MOTION ASERIES OF ACTS, ADOPTED
13 POLICIES AND CUSTOM, WHICH THE DEFENDANTS, LV, KNOWS OR REASONABLY
14 SHOULD KNOW WOULD CAUSE AND CONTIUE TO CAUSE THE PLAINTIFF AND
15 OTHERS SIMILARILY SITUATED CONSTITUTIONAL INJURY AND TORTS. THE
16 PERSONAL PARTICIPATION IS NOT THE ONLY PREDICATE FOR LIABILITY TO
17 42 USCA 1983 THE CIVIL RIGHTS ACT.

18      PURSUANT TO 42 USCA 1983 THE CIVIL RIGHTS ACT, STATES,
19 ANYONE WHO CAUSES ANY CITIZEN TO BE SUBJECTED TO A CONSTITUTIONAL
20 DEPRIVATION IS AS LIABLE AS ONE THAT PERSONALLY PARTICIPATED, BUT
21 ALSO CAUSED THE CONSTITUTIONAL TORTS. THE INACTION OF THE
22 DEFENDANT, LV, ALSO WAS CONSTITUTIONAL TORT, DUE TO THE DEFENDANT,
23 LV, OBLIGATION , BY STATUTE, REGULATION, STATE OF CALIFORNIA
24 CONSTITUTION, UNITED STATES CONSTITUTION AND IN THIS CASE BY DUTY
25 AND CONTRACT.

26              **ONE HUNDRED FORTY SIX**

27

28 CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1   THE SPECIFIC FACTS OF EVIDENCE OF VIOLATION OF 42 USCA
2   1983 ALSO INCLUDE THE FOLLOWING:
3   THE DEFENDANT, LV, HAS CONTRACTED THE REVIEW OF THE
4   COUNTY OF SAN DIEGO SHERIFF DEPARTMENT TO ELIMINATE THE BRUTAL
5   BEATING OF CITIZENS OF THE COUTY OF SAN DIEGO, DUE TO THE PRIOR
6   HISTORY OF THE SAN DIEGO COUNTY SHERIFF DEPARTMENT BRUTALLY BEATING
7   INMATES AND OTHERS IN THERE CUSTODY. THE DEFENDANTS, LV, UNDER THE
8   OBLIGATION HAS BREACHED THEIR DUTY AND THEIR CONTRCT IN THAT THEY
9   HAVE NEVER FOUND THE SAN DIEGO COUNTY SHERIFF DEPRTMENT WRONG,
10  WHEN A BLACK AS THE PLINTIFF WAS BEATEN BY THE SHERIFF DEPARTMENT.
11  THE DEFENDANT, LV, AFTER INVESTIGATING THE BRUTAL
12  BEATING OF THE PLAINTIFF BY THE SAN DIEGO SHERIFF DEPARTMENT, STATED
13  THE SAN DIEGO SHERIFF DEPARTMENT DID RIGHT, DESPITE THE FACT THE
14  ONLY REASON GIVEN FOR THE BRUTAL BEATING WAS THE PLAINTIFF ASK TO
15  SPEACK TO A LT.
16  THE DEFENDANT, LV, OMMISSION OF ACTS AND THE JUSTIFICATION
17  OF THE CRUEL AND UNUSUAL PUNISHMENT, WAS AND IS A CONSTITUTIONAL
18  TORT, RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION.
19
20  PURSUANT TO RULE (8) OF THE FEDERAL COURT WHICH STATES
21  AS FOLLOW:
22  RULE(8)(A) A PLEDING WHICH SETS FORTH A CLAIM
23  FOR RELIEF, WHETHER AN ORIGINAL CLAIM, COUTER
24  CLAIM, CROSS-CLAIM OR THIRD PARTY CLIM, SHALL
25  CONTAIN A SHORT AND PLAIN STATMENT...
26  ONE HUNDRED FORTY SEVEN
27
28  CIVIL RIGHTS COMPLAINT    CARREA V. SAN DIEGO COUNTY ET AL.

1                                THE POLICY IS THE MOVING

2 FORCE BEHIND ALL THE ACTS OF THIS CASE. THERE IS AN AFIRMATIVE

3 LINK BETWEEN THE ADOPTED POLICY AND THE ACTS OF THIS CASE. THE

4 TERM "POLICY" GENERALLY IMPLIES A COURSE OF ACTION CONSIOUSLY

5 CHOSEN FROM AMONG VARIOUSE ALTERNATIVES.(SEE CITY OF OKLAHOMA V.

6 TUTTLE, 471 U.S. 808, 823, 105 S. CT. 2427)

7         PURSUANT TO THE DECISION OF THE NINTH CIRCUIT IN THE CASE

8 OF JETT V. PENNER, 439 F.3D 1091(2006), THE DEFENDANT,   ,BEING

9 DELIBRATELY INDIFFRENT, IS SATISFIED BY SHOWING THE FOLLOWING :

10 (A)A PURPOSEFUL ACT OR FAILURE      THE DEFENDANT,LV ,ACTS AND

11 TO RESPOND TO A PRISONERS PAIN     ADOPTED POLICY OF THE DENIAL

12 OR POSSIBLE NEEDS.                  OF MEANINGFUL ACCESS TO THE

13                                  COURTS AND ALLOWED THE

14                                  PLAINTIFF TO BE BRUTALLY

15                                  BEATEN IN THE LAW LIBRARY

16 (B)HARM CAUSED BY THE          HARM WAS INFLICTED UPON THE

17 INDIFFRENCE.                        PLAINTIFF, DUE TO A BRUTAL

18                                  BEATING AND THE DENIAL OF

19                                  THE PLAINTIFF LIBERTY, DUE

20                                  TO THE ADOPTED POLICY AND

21                                  CUSTOMS OF THE DEFENDANT, LV

22

23               ONE HUNDRED FORTY EIGHT

24

25

26

27

28 CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

1  WHEREFORE THE PLAINTIFF PRAYS FOR THE FOLLOWING FROM

2  EACH DEFENDANT;

3          1.   FOR GENERAL DAMAGES IN THE SUM OF $100,00,000.00

4          2.   FOR SPECIFIC DAMAGES IN THE SUM OF$100,00,000.00

5          3.   FOR PUNATIVE DAMAGES IN THE SUM OF $200,000,00.00

6

7  DATED:AUGUST 1, 2008

8                          RESPECTFULLY SUBMITTED,

9

10                     BY:_____

11                          CHRISTOPHER CARREA JR.

12

13

14

15  THE PLAINTIFF DEMANDS A JURY TRIAL.

16

17

18  DATED:AUGUST 1, 2008

19

20                          RESPECTFULLY SUBMITTED,

21

22

23

24                     BY:_____

25                          CARREA CHRISTOPHER JR.

26

27          PAGE ONE HUNDRED FIFTY

28  CIVIL RIGHTS COMPLAINT     CARREA V. SAN DIEGO COUNTY ET AL.

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT,

CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself □)
CARREA CHRISTOPHER JR
398 SOUTH MEADOWBROOK DRIVE #C
SAN DIEGO, CALIFORNIA
92114

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
CARREA CHRISTOPHER JR
398 SOUTH MEADOWBROOK DRIVE #C
SAN DIEGO, CA. 92114

**DEFENDANTS** SAN DIEGO COUNTY, ET AL

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff   X□ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant   □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X□X | X□X | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

X□ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify):   □ 6 Multi-District Litigation   □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** X□ Yes □ No (Check 'Yes' only if demanded in complaint.)   X□X **MONEY DEMANDED IN COMPLAINT:** $ 200,000,000.00

**CLASS ACTION under F.R.C.P. 23:** □ Yes X□ No

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
DELIBRATE INDIFRENCE, RACIAL ANIMUS AND INTENTIONAL DISCRIMINATION

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | □ 530 General | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 535 Death Penalty | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| □ 490 Cable/Sat TV | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | □ 160 Stockholders' Suits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities /Exchange | □ 190 Other Contract | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 195 Contract Product Liability | □ 365 Personal Injury-Product Liability | □ 443 Housing/Accommodations | | SOCIAL SECURITY |
| □ 890 Other Statutory Actions | □ 196 Franchise | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | REAL PROPERTY | | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | □ 210 Land Condemnation | | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | □ 220 Foreclosure | | X□ 440 Other Civil Rights | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 230 Rent Lease & Ejectment | | | □ 690 Other | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| □ 900 Appeal of Fee Determination Under Equal Access to Justice | □ 245 Tort Product Liability | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 290 All Other Real Property | | | | □ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? X□ No   □ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number:

CIVIL COVER SHEET

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT,
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☒ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Appear to arise from the same or substantially identical transactions, happenings, or events;
                                ☐ B. Involve the same or substantially the same parties or property;
                                ☐ C. Involve the same patent, trademark or copyright;
                                ☐ D. Call for determination of the same or substantially identical questions of law, or
                                ☐ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.




List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.




List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.




Date AUGUST 1, 2008

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CIVIL COVER SHEET

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

**Christopher Carrea Jr.**

**DEFENDANTS**

**San Diego County, et al**

**FILED**
AUG - 1 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ R.V. ___ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Christopher Carrea Jr.
398 South Meadowbrook Drive #C
San Diego, CA 92114

ATTORNEYS (IF KNOWN)

'08 CV 1415 H AJB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $   Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**  JUDGE   Docket Number

DATE  8/1/2008   SIGNATURE OF ATTORNEY OF RECORD  R. Miller

