UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CARREA, JR, <br><br> Plaintiff, <br><br> vs. <br><br> SAN DIEGO COUNTY; WALT EKARD, San Diego County Chief Administrative Officer; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; WILLIAM KOLENDER, San Diego County Sheriff; SAN DIEGO COUNTY LAW REVIEW BOARD; SAN DIEGO PRIVATE CONFLICT COUNSEL; PATRICIA ROBINSON; MICHAEL ANSELM <br><br> Defendants. | CASE NO. 08-CV-1415-H (AJB) <br><br> ORDER: <br><br> (1) DISMISSING COMPLAINT, WITH LEAVE TO AMEND; AND <br><br> (2) DENYING WITHOUT PREJUDICE MOTION TO PROCEED IN FORMA PAUPERIS |

On August 1, 2008, pro se plaintiff Christopher Carrea, Jr. ("Plaintiff") submitted a civil complaint against San Diego County, et al., and a motion to proceed in forma pauperis ("IFP"). Plaintiff is not currently in custody, though his allegations relate to events while he was incarcerated. For the reasons discussed below, the Court dismisses the complaint for failure to state a claim, with leave to amend. The Court denies the motion to proceed in forma pauperis without prejudice.

### Discussion

### I.  Sua Sponte Screening of IFP Complaint

####   A.  Standards for Sua Sponte Dismissal

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss an IFP complaint sua sponte if the complaint is frivolous, malicious, or fails to state a claim. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (discussing similar provision of 28 U.S.C. § 1915A); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a claim either where the claim lacks a cognizable legal theory, or where plaintiff has not alleged facts sufficient to support the claim. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007).

####   B.  Claims Regarding Access to the Courts

Plaintiff alleges that Defendants violated 42 U.S.C. §§ 1981 and 1983 by denying him access to the courts and related services, such as the prison law library, for reasons including racial prejudice and his status as an inmate representing himself. "Prisoners have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." O'Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996); accord Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). In Bounds v. Smith, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing

prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." To establish a violation of this right, however, a prisoner must allege facts sufficient to show that: (1) "a nonfrivolous legal claim had been frustrated or was being impeded;" (2) the frustrated claim is one that attacks the prisoner's sentence, directly or collaterally, or challenges conditions of confinement; and (3) the prisoner has suffered an actual injury, meaning "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis v. Casey, 518 U.S. 343, 348-55 (1996).

Plaintiff offers no allegations describing what, if any, claim was frustrated or impeded by the alleged actions. He also offers no specific allegations of actual prejudice to contemplated or existing litigation. Therefore, the Court concludes that Petitioner fails to state a claim for denial of access to the courts while incarcerated. The Court will provide an opportunity to amend the complaint.

### C.     Duplicative Claims

A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992). An IFP complaint may be considered frivolous if it "merely repeats pending or previously litigated claims." Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)).

While still incarcerated, Plaintiff brought Case No. 07-CV-0809, where he alleged that several of the same named defendants violated his right of access to the Courts. At least to some extent, therefore, Plaintiff's claim duplicates these allegations. The Court dismissed that case on August 15, 2007, because Plaintiff never submitted information needed to evaluate his IFP motion, including his prisoner trust account statement.

/ / /

/ / /

1    Plaintiff's complaint also refers to alleged beatings by a sheriff's deputy named Grimm. (E.g. Complaint at 13, 32, 64, 106.)  First, the Court notes that there is no indication that Plaintiff seeks to recover for a physical injury.  Rather, his current complaint seeks recovery for alleged violations of his right of access to the courts. Nevertheless, if he is seeking redress for injuries caused by Deputy Grimm's actions, then his allegations repeat previously dismissed claims.  Plaintiff brought allegations regarding Deputy Grimm in Case No. 04-CV-1700.  The Court dismissed that case on April 13, 2005, after providing Plaintiff several opportunities to either submit a sufficient IFP motion or pay the required filing fee.[1]

## II.   Motion to Proceed IFP

Since the Court has dismissed the complaint on its initial screening, the Court declines to grant leave to proceed IFP at this time.  The Court denies the motion to proceed IFP without prejudice.

## III.   Request to File Excess Pages

Plaintiff filed an application for leave to submit his 150 page complaint.  The Federal Rules do not impose a specific length limit on the complaint, though there are length restrictions on other types of filings.  Nevertheless, the Court notes that the current complaint often repeats allegations and is longer than needed to convey Plaintiff's allegations.  When filing any amended complaint, Plaintiff should file "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

/ / /

/ / /

/ / /

/ / /

---

[1] Plaintiff filed several civil rights cases in this court while in custody, including: 03-CV-1151 (sua sponte dismissal for failure to state a claim), 03-CV-1956 (sua sponte dismissal for failure to state a claim), 04-CV-1700 (dismissed for failure to pay fee or obtain leave to proceed IFP), 07-CV-0440 (IFP status revoked under "three strikes rule," 28 U.S.C. § 1915(g), and case dismissed for failure to pay fee), 07-CV-0809 (dismissed for failure to pay fee or obtain leave to proceed IFP). Since it appears that Plaintiff is no longer in custody, the "three strikes" rule for prisoners no longer applies.

**Conclusion**

The Court dismisses the complaint with leave to amend and denies the motion to proceed IFP without prejudice. Plaintiff may submit an amended complaint, consistent with this order, within **30 days** of the date this order is filed. Plaintiff may also submit a new request to proceed IFP.

IT IS SO ORDERED.

DATED: August 25, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.